IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MOTOROLA, INC., a Delaware corporation,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-CV-960-SLR |

## ANSWER

For its Answer to the Complaint filed by J-Squared Technologies, Inc. ("JSC") and J-Squared Technologies (Oregon), Inc. ("JSO"), Motorola, Inc. ("Motorola") admits, denies and alleges as follows:

　　1.　　Motorola admits that JSC's and JSO's Complaint seeks the relief set forth in paragraph 1 of the Complaint. Motorola denies that it has acted illegally or improperly.

　　2.　　Motorola admits paragraph 2 of the Complaint.

　　3.　　Motorola admits paragraph 3 of the Complaint.

　　4.　　Motorola admits paragraph 4 of the Complaint.

　　5.　　Motorola admits paragraph 5 of the Complaint.

　　6.　　Motorola admits that the Court has personal jurisdiction over Motorola. Motorola does not admit that it regularly conducts business in Delaware.

　　7.　　Motorola admits that the Court has venue over Motorola in this case.

8. Motorola admits paragraph 8 of the Complaint, except to the extent that Motorola does not know how many or which manufacturers JSC represents throughout Canada.

9. Motorola admits paragraph 9 of the Complaint, except that Motorola does not know how many or which manufacturers JSO represents throughout the United States.

10. Motorola admits that JST and JSO are affiliated companies which sometimes collaborate, but is without sufficient information or belief to admit the precise relationship between the companies.

11. Motorola admits paragraph 11 of the Complaint.

12. Motorola admits that its decision to contract with independent representatives was based, only in part, on allowing Motorola not to hire or install additional personnel to serve as a sales force. Motorola denies the remainder of paragraph 12.

13. Motorola denies paragraph 13 of the Complaint.

14. Motorola denies paragraph 14 of the Complaint and further alleges that JSC and JSO lack a good-faith basis for making the allegations within that paragraph.

15. Motorola admits paragraph 15 of the Complaint consistent with Motorola's admission of paragraph 12. Motorola denies that it intended to "induce" JSC or JSO to do anything other than honor the contracts they executed.

16. Motorola denies that it promised JSC and JSO any long-term relationship and any such promise would be inconsistent with the parties' agreements.

Motorola is without information or belief as to the amount of resources JSC or JSO devoted as a result of their agreements with Motorola.

17. Motorola admits that it was aware that JSC and JSO were devoting resources in an attempt to honor their commitments under the parties' agreements. Motorola denies that it "approved" of any particular resource expenditure as those decisions were solely made by JSC and JSO.

18. Motorola denies paragraph 18 of the Complaint.

19. Motorola admits paragraph 19 of the Complaint.

20. Motorola denies paragraph 20 of the Complaint, and JSC lacks a good-faith basis for making the allegations given the specifically bargained for amendments to Motorola's draft agreements that appear in JSC's contract.

21. Motorola denies paragraph 21 of the Complaint.

22. Motorola admits paragraph 22 of the Complaint.

23. Motorola admits paragraph 23 of the Complaint, except that JSC has mischaracterized the provision's language, which states that the Agreement could "be renewed only upon the written Agreement of both parties."

24. Motorola denies paragraph 24 of the Complaint. The Agreement, by its terms, expired in December 2003 and was not renewed in writing as it had to be, if at all, or even orally.

25. Motorola denies paragraph 25 of the Complaint.

26. Motorola denies paragraph 26 of the Complaint. The parties' Agreement explicitly stated that the Agreement would expire after one year. Motorola thus had no obligation to say so via any separate notice.

27. Motorola denies paragraph 27 of the Complaint.

28. Motorola admits paragraph 28 of the Complaint, except for the allegation that the Agreement mentioned is "materially identical" with the JSC agreement. The differences in the agreements might be material for some purposes.

29. Motorola admits paragraph 29 of the Complaint, except that JSO has mischaracterized the provision's language, which states that the Agreement could "be renewed only upon the written Agreement of both parties."

30. Motorola admits paragraph 30 of the Complaint.

31. Motorola admits paragraph 31 of the Complaint.

32. Motorola denies paragraph 32 of the Complaint. The JSC Agreement simply expired according to its terms. The JSO Agreement was terminated because JSO had failed to meet the minimum performance standards required by the Agreement or to cure its deficiencies within 30 days after notice.

33. Motorola denies paragraph 33 of the Complaint. Motorola intended to terminate agreements with representatives only if those representatives had failed to meet the agreement's minimum performance standards.

34. Motorola denies paragraph 34 of the Complaint.

35. Motorola denies paragraph 35 of the Complaint.

36. Motorola denies paragraph 36 of the Complaint.

37. Motorola denies paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint merely incorporates by reference prior paragraphs.

39. Motorola admits paragraph 39 of the Complaint.

40. Motorola denies paragraph 40 of the Complaint. Motorola admits that the parties did have discussions in December 2003 about potential sales and Motorola paid JSC for any sales that occurred then, but not because Motorola had agreed to waive its contractual rights or to somehow renew the parties' contract for another year.

41. Motorola admits paragraph 41 of the Complaint, except the use of the word "purport" is misleading.

42. Motorola denies paragraph 42 of the Complaint.

43. Motorola denies paragraph 43 of the Complaint.

44. Motorola denies paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint merely incorporates by reference prior paragraphs.

46. Motorola denies paragraph 46 of the Complaint. Motorola admits that it had hoped the representative program and its relationship with JSC would be long term and mutually beneficial, but Motorola made no representations that that would be the case.

47. Motorola denies paragraph 47 of the Complaint.

48. Motorola denies paragraph 48 of the Complaint.

49. Motorola denies paragraph 49 of the Complaint.

50. Motorola denies paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint merely incorporates by reference prior paragraphs of the Complaint.

52. Motorola denies paragraph 52 of the Complaint.

53. Motorola denies paragraph 53 of the Complaint.

WP3:1107973.1                                                                                         063528.1001

54. Motorola denies paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint merely incorporates by reference prior paragraphs of the Complaint.

56. Motorola admits paragraph 56 of the Complaint to the extent it alleges that the parties' agreements contained implied covenants of good faith and fair dealing. Motorola denies the remainder of paragraph 56 of the Complaint.

57. Motorola denies paragraph 57 of the Complaint.

58. Motorola denies paragraph 58 of the Complaint.

59. Motorola denies paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint merely incorporates by reference prior paragraphs of the Complaint.

61.-65 Paragraphs 61-65 of the Complaint are allegations to support a claim under the Arizona Consumer Fraud Act, a claim which the Court has dismissed.

66. Paragraph 66 of the Complaint merely incorporates by reference prior paragraphs of the Complaint.

67. Motorola admits paragraph 67 of the Complaint.

68. Motorola admits paragraph 68 of the Complaint, except the use of the term "purported" is misleading.

69. Motorola denies paragraph 69 of the Complaint.

70. Motorola denies paragraph 70 of the Complaint.

71. Motorola denies paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint merely incorporates by reference prior paragraphs of the Complaint.

6

73. Motorola denies paragraph 73 of the Complaint.

74. Motorola denies paragraph 74 of the Complaint.

75. Motorola denies paragraph 75 of the Complaint.

76. Motorola denies paragraph 76 of the Complaint.

77. Motorola denies paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint merely incorporates by reference prior paragraphs of the Complaint.

79. Motorola denies paragraph 79 of the Complaint.

80. Motorola denies paragraph 80 of the Complaint.

81. Motorola denies paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint merely incorporates by reference prior paragraphs of the Complaint.

83. Motorola admits paragraph 83 of the Complaint to the extent it alleges that the parties' agreements contained implied covenants of good faith and fair dealing. Motorola denies the remainder of paragraph 83 of the Complaint.

84. Motorola denies paragraph 84 of the Complaint.

85. Motorola denies paragraph 85 of the Complaint.

86. Motorola denies paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint merely incorporates by reference prior paragraphs of the Complaint.

88.-91. Paragraphs 88-91 of the Complaint are allegations to support a claim under the Arizona Consumer Fraud Act, a claim which the Court has dismissed.

92. Except to the extent expressly admitted, Motorola denies all the Complaint's allegations, insinuations and claims. Motorola has not responded to the unnumbered paragraphs setting forth plaintiffs' prayer for relief, but Motorola denies that plaintiffs are entitled to any relief.

93. For affirmative defenses, Motorola alleges estoppel, waiver, statute of frauds, comparative fault, contributory negligence, failure of consideration, and offset.

94. To the extent the Court believes appropriate, Motorola requests an award of its fees and costs under Arizona law (including A.R.S. § 12-341.01) and the parties' contracts.

WHEREFORE Motorola requests that the remainder of Plaintiffs' claims be dismissed, with prejudice, with a judgment stating that Plaintiffs take nothing and that Motorola be awarded its fees and costs.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser

William W. Bowser, Esquire (Bar I.D. 2239)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601
Facsimile: (302) 576-3282
Email: wbowser@ycst.com

OF COUNSEL:
Randy Papetti
Richard A. Halloran
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311

Attorneys for Defendant

DATED:   April 29, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br>　　　　　　　Plaintiffs,<br>　　v.<br>MOTOROLA, INC., a Delaware corporation,<br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-CV-960-SLR<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

I, William W. Bowser, Esquire, hereby certify that on this 29th day of April 2005, I electronically filed a true and correct copy of the foregoing **Answer** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record, and I further certify that I caused the same to be hand delivered to the following counsel of record:

> David Allan Felice
> Cozen & O'Connor
> Chase Manhattan Centre
> 1201 North Market, Suite 1400
> Wilmington, DE 19801

I further certify that on this 29th day of April 2005, I mailed by United States Postal Service the **Answer** to the following non-registered participant:

> Kevin F. Barry
> Cozen & O'Connor
> 1900 Market Street
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
---
William W. Bowser, Esquire (Bar I.D. 2239)
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601
Facsimile: (302) 576-3282
Email: wbowser@ycst.com