**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., )<br>a Canadian corporation, and )<br>)<br>J-SQUARED TECHNOLOGIES (OREGON) )<br>INC., )<br>an Oregon corporation, )<br>)<br>      Plaintiffs, )<br>)<br>  v. )<br>)<br>MOTOROLA, INC., )<br>a Delaware corporation )<br>)<br>      Defendant. ) | C.A. No. 04-960-SLR<br><br>JURY TRIAL DEMANDED |

**O R D E R**

At Wilmington this       day of             , 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by June 24, 2005 the information required by Fed R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

    (a)  Discovery will be needed on the following subjects:

  (i) The analysis of the Manufacturer's Representative Agreements ("MRAs") conducted by Defendant's employees;

  (ii) The substance of the discussions and negotiations between Plaintiffs' employees and Defendant's employees relating to the MRAs;

  (iii) The administration and oversight of the MRAs and the commissions paid pursuant thereto;

  (iv) The evaluation of Plaintiffs' performance under the MRAs;

  (v) The decision not to renew/terminate the MRAs;

  (vi) The representations made by Defendant's employees to manufacturer's representatives regarding the MRAs;

  (vii) Defendant's actions related to other Manufacturer's Representatives and the decision by Defendant to end its independent sales program; and

  (viii) The value Defendant placed on its Embedded Communications Computing Group both before and after Defendant's decision to end the use of the independent sales program.

(b) All discovery shall be commenced in time to be completed by December 1, 2005.

WILM1\30612\1 153371.000

(c) Maximum of 25 interrogatories by each party to any other party.

(d) Maximum of 15 requests for admission by each party to any other party.

(e) Maximum of 12 depositions by plaintiffs and 12 depositions by defendant.

(f) Each deposition is limited to a maximum of 16 testifying hours unless extended by agreement of the parties.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by February 1, 2006.  Rebuttal expert reports (including expert reports on which the party does not have the burden of proof) due by March 17, 2006.

(h) **Discovery Disputes**.  Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. during the course of discovery, each party is limited to **two (2)** Rule 37 motions.  The court shall make itself available, however, to resolve through telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

   3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification**.  All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before September 2, 2005.

4.   **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.   **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief on or before May 1, 2006.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6.   **Applications by Motion.**  Any application to the court shall be by written motion filed with the clerk.  Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers.  **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7.   **Motions in Limine.**  All motions in limine shall be filed on or before **[three weeks before pretrial conference]**.  All responses to said motions shall be filed on or before **[one week before pretrial conference]**.  There shall be no reply papers submitted.

8.   **Pretrial Conference.**  A pretrial conference will be held on _____ at _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

4

9.   **Trial.**  This matter is scheduled for a 8 day jury trial commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Chief Judge Sue L. Robinson