IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC.; and J-SQUARED TECHNOLOGIES (OREGON), INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOTOROLA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 04-CV-960-SLR ) ) ) ) |

## STIPULATED PROTECTIVE ORDER

Recognizing that certain of the materials sought and secured during the course of discovery in this action may contain or relate to confidential data, proprietary or nonpublic commercial information, and other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis, the parties hereto, by and through their undersigned counsel, hereby stipulate and agree to be bound by the terms of this Stipulated Protective Order.

Pursuant to stipulation of the parties, and for the reasons set forth in the parties' stipulation, the Court finds good cause to enter the following protective order:

1. Plaintiffs shall not share any documents produced to them by Motorola, and Motorola shall not share any documents produced to it by Plaintiffs, with any person not a party to this litigation except for any person from whom testimony is taken or to be taken in this action, provided that such person only be shown copies of documents during his/her testimony or in the actual course of preparation therefor or as part of the investigation of the claims or defenses, and provided that if such person is affiliated with any past or present manufacturer's representative of Motorola, the person shall treat the documents as if they were marked CONFIDENTIAL as set out in paragraphs 7 through 11 below.

2.  Disclosure of any and all CONFIDENTIAL information, whether provided through documentation, deposition or other discovery method, shall be restricted to the following persons:

   a. Counsel for the parties and professional personnel, clerical, secretarial and other support employees of such counsel;

   b. Specifically named parties to this litigation, including employees;

   c. Experts retained as either consultants or witnesses to assist counsel for any party to this litigation;

   d. Any person from whom testimony is taken or to be taken in this action, provided that such person only be shown copies of material marked CONFIDENTIAL during his/her testimony or in the actual course of preparation therefor. Materials may also be disclosed to counsel for any such person under the same conditions;

   e. Independent vendors retained to copy CONFIDENTIAL information; and

   f. The Court and its employees, the triers of fact, court reporters transcribing testimony and notarizing officers.

3.  A party may designate documents as CONFIDENTIAL by marking on the cover page of the document the word "CONFIDENTIAL" or a similar word or phrase. A party shall not designate as CONFIDENTIAL any document that is generally available to the public.

4. A party may designate a document or information within a document as CONFIDENTIAL only upon a good faith belief that the information falls within the scope of information subject to a protective order under the Federal Rules of Civil Procedure, including but not limited to trade secrets and sensitive business or commercial information of a nonpublic nature.

5. If a party objects to a CONFIDENTIAL designation it must, within thirty (30) days of becoming apprised of such designation, so advise the designating party by stating its objection in writing and with particularity, except the right to object shall not be waived if a party can show good cause for failing to object within the stated time period.

6. Upon receipt of any objection to a designation of CONFIDENTIAL, the parties shall confer in good faith to resolve the objection. If such objections cannot be resolved, the party opposing the designation of CONFIDENTIAL may raise the issue by motion with the Court. In the event of an objection to a CONFIDENTIAL designation, the material shall be treated as CONFIDENTIAL until the Court rules to the contrary.

7. Any information, writing or other material that has been marked or otherwise designated as CONFIDENTIAL, which is identified as an exhibit in connection with testimony given in this litigation, or used or submitted to the Court in connection with any filing or proceeding in this litigation, must be filed under seal with the Clerk of the Court.

8. Once information or material has been marked as CONFIDENTIAL, such information or material shall not be disclosed or discussed with anyone except as provided in this Order or further order of the Court.

9. No party, individual or entity given access to information protected by this Order shall for himself, herself, or itself make more copies of any CONFIDENTIAL information or material than are reasonably necessary for the conduct of this litigation or disburse any such information or material for use outside of this litigation.

10. All CONFIDENTIAL information or material, and all copies thereof, shall be returned to the producing party or destroyed upon the conclusion of this litigation or at such earlier time as the Court may require. Notwithstanding this, counsel may retain a copy of CONFIDENTIAL information for its file provided that all such materials are clearly identified as CONFIDENTIAL as set out in paragraph 3 above.

11. Upon disclosing any CONFIDENTIAL information to any individual identified in paragraph 2(b)-(d) above, a party shall provide said individual with a copy of this Order and a copy of the Confidentiality Agreement attached hereto as Exhibit A. Said individuals shall sign the Confidentiality Agreement, a copy of which shall be provided to the other party within fifteen (15) days for disclosed witnesses and within fifteen (15) days of disclosure for other witnesses.

12. The inadvertent, unintentional, or *in camera* disclosure of CONFIDENTIAL information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

13. Any inadvertent disclosure shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error, and shall be corrected as soon as reasonably possible after the party becomes aware of the error. The responsible party shall also promptly take all reasonable measures to

ensure that no further or greater unauthorized disclosure of the information or materials is made by anyone, and each party will cooperate in that effort.

14. Either party may apply to the Court for further or additional protective orders. Both parties may agree, subject to the approval of the Court, to modify the terms of this Stipulated Protective Order.

15. The Court shall retain jurisdiction to determine any issues arising from the terms of this Stipulated Protective Order.

16. Pending approval of this Order, the parties agree to be bound by the terms of the Stipulated Protective Order.

17. The provisions of this Order shall continue to be binding after the termination of this action.

**AGREED TO AND REQUEST ENTRY BY THE COURT:**

COZEN O'CONNOR

*David A. Felice*

Sean J. Bellew (Bar I.D. 4072)
David A. Felice (Bar I.D. 4090)
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, Delaware 19801
(302) 295-2000
sbellew@cozen.com; dfelice@cozen.com
Attorneys for Plaintiff

YOUNG CONAWAY STARGATT & TAYLOR, LLP

William W. Bowser, Esquire (Bar I.D. 2239)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601
Facsimile: (302) 576-3282
Email: wbowser@ycst.com

OF COUNSEL:
Randy Papetti
Richard A. Halloran
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

IT IS SO ORDERED this _____ day of _____, 2005.

_____
Chief Judge Sue L. Robinson

# EXHIBIT A

## UNDERSTANDING AND AGREEMENT REGARDING "CONFIDENTIAL" DISCOVERY INFORMATION

I hereby state that I have read and received a copy of the Protective Order (the "Order") in J-Squared Technologies, Inc. v. Motorola, Inc. C.A. No. 04-CV-960-SLR, which is pending before the United States District Court, District of Delaware (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

_____
Name

_____
Signature

_____
Date