# *Exhibit A*

# United States District Court
### Eastern District of New York

J-SQUARED TECHNOLOGIES, INC.,
a Canadian Corporation, and
J-SQUARED TECHNOLOGIES (OREGON) INC.,
an Oregon corporation,

    v.

MOTOROLA, INC., a Delaware Corporation.

Case Number: 04-960-SLR
(pending in the United States District Court for the District of Delaware)

## SUBPOENA IN A CIVIL CASE

TO:   Arrow Electronics, Inc.
       50 Marcus Drive
       Melville, NY 11747

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A.**

| PLACE<br>Cozen O'Connor    or    Cozen O'Connor<br>1055 Franklin Ave., Suite 302     909 Third Avenue, 17th Floor<br>Garden City, NY 11530     New York, NY 10022 | DATE AND TIME<br>February 8, 2006 at 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brian A. Bloom, Cozen O'Connor, 909 Third Ave., 17th Floor, New York, NY 10022, (212) 509-9400, Attorneys for Plaintiffs

02/02/2006  11:12  2120000000         LEGAL SERVICES                    PAGE 06

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE: |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____             _____
              Date                                                                    Signature of Server

                                                                              _____
                                                                              Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of any unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

**Definitions:**

A. The terms "you" and "your" refer to Arrow Electronics, Inc., its predecessors in interest, subsidiaries, parent companies, unincorporated divisions, agents, employees and assigns.

B. The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and include, without limitation, all papers of any kind, all graphically recorded items, and all electronically or magnetically recorded items such as video tapes, audio tapes, and computer or word processing records and any other items, if anything, that can be requested pursuant to Fed.R.Civ.P. 34. The term "documents" includes originals, drafts and all documents that differ in any respect from another version of the same document.

C. The term "communications" refers to all conversations, correspondence, or contact between two or more persons, whether in person, in writing, by phone, or by any other means.

D. The term "point of sale" shall mean any and all revenues generated from Motorola, Inc. and its incorporated and unincorporated operating divisions, including Motorola Computer Group, wherein you were paid a fee for acting as a distributor for Motorola's product.

**Documents to be Produced:**

1. All documents concerning the point of sale numbers for J-Squared Technologies, Inc. from December 1, 2002 through August 26, 2004.

2. All documents concerning the point of sale numbers for J-Squared Technologies (Oregon), Inc. from December 1, 2002 through August 26, 2004.

3. All documents concerning the point of sale numbers for G.L. Williams Associates, Inc. from December 1, 2002 through August 26, 2004.

4. All documents concerning the point of sale numbers for RT Technology from December 1, 2002 through August 26, 2004.

5. All documents concerning the point of sale numbers for West Coast Reps, Inc. from December 1, 2002 through August 26, 2004.

6. All communications between and amongst You and Motorola, Inc. (including any and all subsidiary/operating divisions, and its employees/agents) concerning the termination of any or all of its manufacturer representatives, including, but not limited to J-Squared Technologies, Inc., J-Squared Technologies (Oregon), Inc., G.L. Williams Associates, Inc., RT Technology and/or West Coast Reps, Inc.

7. Documents identifying the amount of commission or other consideration You received on Motorola products for the period January 2003 through December 2005.

8.  Purchase orders, requisition forms, reports or any other documents identifying Motorola products obtained by Motorola's manufacturer representatives, by month, for the period January 2003 through December 2005.

WILM1\33411\1 00005.0001.000153771.000

**UNITED STATES DISTRICT COURT**
**COUNTY OF**
Attorneys:   Cozen, O'connor, P.C.   PH: 212-453-3830
Address:   909 3RD AVE, 17TH FLOOR  NEW YORK  NY 10022   File No.:

INDEX # :   04-960-SLR
Date Filed:
DISTRICT: EASTERN DISTRICT OF NEW YORK

*J-SQUARED TECHNOLOGIES INC., ET ANO*

vs

*MOTOROLA INC. ETC.*

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

STATE OF __New York__, COUNTY OF __Suffolk__ SS.:   **AFFIDAVIT OF SERVICE**

__Carla Ellis__, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age. On __January 31, 2005__ at __2:20 PM__
at __50 MARCUS DRIVE, MELVILLE, NY 11747__, deponent served the within
__SUBPOENA IN A CIVIL CASE__

on: __ARROW ELECTRONICS INC.__, __Witness__ therein named.

**#1 INDIVIDUAL** [ ]  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2 CORPORATION** [X]  By delivering thereat a true copy of each to __Alan Chan (Attorney)__ and that deponent knew the person so served to be the __Authorized agent__ of the corporation, and authorized to to accept service on behalf of the corporation.

**#3 SUITABLE AGE PERSON** [ ]  By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business   [ ] dwelling house (usual place of abode) within the state.

**#4 AFFIXING TO DOOR** [ ]  By affixing a true copy of each to the door of said premises, which is recipient's:   [ ] actual place of business   [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called
thereat on the ____ day of ____ at ____
on the ____ day of ____ at ____
on the ____ day of ____ at ____
on the ____ day of ____ at ____

**#5 MAIL COPY** [ ]  On ____, deponent completed service under the last two sections by depositing a copy of the ____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of ____.
[ ] and by Certified Mail # ____.

**#6 NON-SRVC** [ ]  After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following:   [ ] Unknown at Address   [ ] Evading   [ ] Moved left no forwarding   [ ] Address does not exist   [ ] Other: ____

**#7 DESCRIPTION** [X] (use with #1,2 or 3)  A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex: __Male__   Color of skin: __white__   Color of hair: __black__   Age: __43__   Height: __5'8__
Weight: __165__   Other Features: __glasses__

**#8 WIT. FEES** [X]  $18.00 the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#9 MILITARY SRVC** [ ]  Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or of the State of ____ and was informed that recipient was not. Recipient wore ordinary civilian clothes and no military uniform.

**#10 OTHER** [ ]  ____

Sworn to before me on __2-1-06__

JOHN F. TREZZA
NOTARY PUBLIC, State of New York
No. 4858651
Qualified in Suffolk County
Commission Expires May 5, 2006

_John F. Trezza_ (signature)

_Carla Ellis_ (signature)
Please Print Name Below Signature
__Carla Ellis__

Invoice_Work Order # 06002627

SPS-401 B'WAY- STE.1201, NY, NY 10013, PH 212-226-3322, FAX 212-431-9485 WWW.SAV-ONPROCESS.COM