# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and | ) ) ) | |
| J-SQUARED TECHNOLOGIES (OREGON) INC., an Oregon corporation, | ) ) ) ) | C.A. No. 04-960-SLR |
| Plaintiffs, | ) ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| MOTOROLA, INC., a Delaware corporation | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF J-SQUARED TECHNOLOGIES, INC.'S
## FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff J-Squared Technologies, Inc. ("Plaintiff" or "JST") requests that Defendant Motorola, Inc. ("Defendant" or "Motorola") respond to the following interrogatories, separately and under oath, within thirty (30) days after service.

### DEFINITIONS

1.      The terms "you," "your" and "Defendant" refer collectively and individually, where applicable, to Defendant Motorola, Inc., its subsidiaries, unincorporated divisions, agents, employees and assigns in the above-captioned action, and to any other person or entity that is acting or has ever acted for it, or on behalf of it (including counsel), or any person or entity on whose behalf it has acted.

2.     The terms "JST" or "Plaintiff" refer to the Plaintiff in this matter J-Squared Technologies, Inc., its subsidiaries, unincorporated divisions, agents, employees and assigns.

3.     The term "person" means any natural person and any corporation, business entity, association, government body or agency or other business enterprise or legal entity, and means both singular and plural.

4.     The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and includes, without limitation, all papers of any kind, all graphically recorded items, and all electronically or magnetically recorded items such as video tapes, audio tapes and computer or word processor records and any other items, if anything, that can be requested pursuant to the Federal Rules of Civil Procedure. The term "documents" includes originals, drafts and all documents that differ in any respect from another version of that same document.

5.     The term "identify" when applied to persons shall mean state current or last know business address and telephone numbers.

6.     The term "or" shall be construed either in the disjunctive or in the conjunctive whenever appropriate in order to bring within the scope of those interrogatories information that might otherwise be considered to be beyond their scope.

7.     The word "all" shall mean both "any" and "all" as appropriate in order to bring within the scope of these interrogatories information that might otherwise be beyond their scope.

8.     The term "Complaint" shall refer to the complaint in this action as filed on August 20, 2004.

9.     The phrases "Motorola Embedded Communication Computing Group" or "MECCG" shall refer to the Motorola division headquartered in Tempe, Arizona, previously known as Motorola Computer Group.

2

10.     The phrase "manufacturer representatives" shall refer JST and any and all other companies or individuals who sought to sell or otherwise advance the products and interests of Motorola and/or MECCG to customers in North America and abroad.

11.     The phrases "manufacturer's representative agreement" or "MRAs" shall refer to those agreements by and between Motorola and its manufacturer representatives to sell or otherwise advance the products and interests of MECCG.

## INSTRUCTIONS

1.     You are instructed to provide information and identify documents in your custody, possession or control and in the custody, possession or control of your counsel. The term "document" further means any document now or at any time in the possession, custody or control of the person to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

2.     If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document requested to be produced or identified, set forth with respect to the document the date, title, identity of the author, subject mater and each and every fact or basis on which you claim your privilege, with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

3.     These interrogatories shall be deemed to be continuing, and Defendant is requested to provide any additional responsive information obtained or discovered subsequent to the date on which response is made.

3

4.    If any interrogatory is objected to on grounds of overbreadth, you are instructed to respond to the interrogatory as narrowed to conform to your objection within the thirty (30) day period allowed for a response.

5.    Unless otherwise noted, the time period for these interrogatories is January 1, 2001 through the present.

INTERROGATORIES

1.    Identify the person(s) answering these interrogatories by stating their name(s), position with Motorola (if applicable) and addresses.

**ANSWER:**


2.    Identify and describe all grounds for your purported decision not to renew JST's MRA.

**ANSWER:**


3.    Identify and describe all grounds for your decision to terminate or not renew all or substantially all of the MRAs with Motorola's manufacturer representatives in February 2004.

**ANSWER:**

4.    Identify and describe all representations as to the durational aspects of the MRAs you made to any or all manufacturer representatives at the meeting in Boston, Massachusetts in September 2003.

**ANSWER:**


5.    Identify and describe all representations as to the profitability (return on investment) of the MRAs you made to any or all manufacturer representatives at the meeting in Boston, Massachusetts in September 2003.

**ANSWER:**


6.    Identify and describe all representations you made to the any or all manufacturer representatives at the meeting in Boston, Massachusetts in September 2003 as to the integration of the manufacturer representatives into the MECCG business model through the MRAs.

**ANSWER:**


7.    Identify and describe all representations you made to any or all manufacturer representatives during the December 2003 meeting referenced at paragraph 40 of your Answer to Plaintiffs' Complaint.

**ANSWER:**

5

8.     Identify and describe any and all conclusions drawn from your "evaluation" and/or "analysis" of JST's performance under its MRA as you described in the Declaration of Julie Blair at paragraphs 9 and 11.

**ANSWER:**


9.     Identify, quantify and substantiate the value of MECCG in the two quarters immediately preceding the termination or non-renewal of the MRAs and the two quarters immediately following the termination or non-renewal of the MRAs.

**ANSWER:**


10.     Identify and describe the job functions of all Motorola employees who worked with or for MECCG in any capacity such that they would establish, evaluate or discharge the manufacturer representatives' performance obligations under the MRAs.

**ANSWER:**


11.     Identify all manufacturer representatives that worked with or for MECCG in North America from 2001 until Motorola decided to terminate or not renew the MRAs.

**ANSWER:**

6

12.    State any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of contributory negligence.

**ANSWER:**

13.    State any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of failure of consideration.

**ANSWER:**

14.    State any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of comparative fault.

**ANSWER:**

15.    State any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of estoppel.

**ANSWER:**

7

16.    State any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of waiver.

**ANSWER:**

17.    State any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of offset.

**ANSWER:**

18.    Identify by name and address each fact witness you intend to call at the time of trial and for each witness state the substance of his or her expected testimony.

**ANSWER:**

19.    Identify each document or exhibit you intend to use or introduce into evidence at trial.

**ANSWER:**

8

20.    Identify each person whom you expect to call as an expert at trial, and as to each person set forth in detail the person's qualifications as an expert, the substance of the facts and opinions to which the person is expected to testify and all other requirements as set forth in Federal Rule of Civil Procedure 26.

**ANSWER:**


Dated:  July 7, 2005

---

Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, DE 19801
302-295-2000 (voice)
302-295-2013 (facsimile)
*Attorneys for Plaintiffs*

WILM1\30702\1 153371.000

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on July 7, 2005, true and correct copies of the

foregoing were caused to be served upon counsel of record at the following address as indicated:

**Via Hand Delivery**
William W. Bowser
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**Via Facsimile**
Randy Papetti
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, AZ 85004



David A. Felice (#4090)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., <br> a Canadian corporation, and | ) <br> ) <br> ) | |
| J-SQUARED TECHNOLOGIES (OREGON) <br> INC., <br> an Oregon corporation, | ) <br> ) <br> ) <br> ) | C.A. No. 04-960-SLR |
| Plaintiffs, | ) <br> ) <br> ) | JURY TRIAL DEMANDED |
| v. | ) <br> ) | |
| MOTOROLA, INC., <br> a Delaware corporation | ) <br> ) <br> ) | |
| Defendant. | ) | |

## PLAINTIFF J-SQUARED TECHNOLOGIES (OREGON), INC.'S
## FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff J-Squared Technologies

(Oregon), Inc. ("Plaintiff" or "JSO") requests that Defendant Motorola, Inc. ("Defendant" or

"Motorola") respond to the following interrogatories, separately and under oath, within thirty

(30) days after service.

### DEFINITIONS

1.      The terms "you," "your" and "Defendant" refer collectively and individually,

where applicable, to Defendant Motorola, Inc., its subsidiaries, unincorporated divisions, agents,

employees and assigns in the above-captioned action, and to any other person or entity that is

acting or has ever acted for it, or on behalf of it (including counsel), or any person or entity on

whose behalf it has acted.

2.      The terms "JSO" or "Plaintiff" refer to the Plaintiff in this matter J-Squared

Technologies (Oregon), Inc., its subsidiaries, unincorporated divisions, agents, employees and

assigns.

3.    The term "person" means any natural person and any corporation, business entity, association, government body or agency or other business enterprise or legal entity, and means both singular and plural.

4.    The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and includes, without limitation, all papers of any kind, all graphically recorded items, and all electronically or magnetically recorded items such as video tapes, audio tapes and computer or word processor records and any other items, if anything, that can be requested pursuant to the Federal Rules of Civil Procedure.  The term "documents" includes originals, drafts and all documents that differ in any respect from another version of that same document.

5.    The term "identify" when applied to persons shall mean state current or last know business address and telephone numbers.

6.    The term "or" shall be construed either in the disjunctive or in the conjunctive whenever appropriate in order to bring within the scope of those interrogatories information that might otherwise be considered to be beyond their scope.

7.    The word "all" shall mean both "any" and "all" as appropriate in order to bring within the scope of these interrogatories information that might otherwise be beyond their scope.

8.    The term "Complaint" shall refer to the complaint in this action as filed on August 20, 2004.

9.    The phrases "Motorola Embedded Communication Computing Group" or "MECCG" shall refer to the Motorola division headquartered in Tempe, Arizona, previously known as Motorola Computer Group.

2

10.    The phrase "manufacturer representatives" shall refer JSO and any and all other companies or individuals who sought to sell or otherwise advance the products and interests of Motorola and/or MECCG to customers in North America and abroad.

11.    The phrases "manufacturer's representative agreement" or "MRAs" shall refer to those agreements by and between Motorola and its manufacturer representatives to sell or otherwise advance the products and interests of MECCG.

## INSTRUCTIONS

1.    You are instructed to provide information and identify documents in your custody, possession or control and in the custody, possession or control of your counsel. The term "document" further means any document now or at any time in the possession, custody or control of the person to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

2.    If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document requested to be produced or identified, set forth with respect to the document the date, title, identity of the author, subject mater and each and every fact or basis on which you claim your privilege, with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

3.    These interrogatories shall be deemed to be continuing, and Defendant is requested to provide any additional responsive information obtained or discovered subsequent to the date on which response is made.

3

4.    If any interrogatory is objected to on grounds of overbreadth, you are instructed to respond to the interrogatory as narrowed to conform to your objection within the thirty (30) day period allowed for a response.

5.    Unless otherwise noted, the time period for these interrogatories is January 1, 2001 through the present.

INTERROGATORIES

1.    Identify and specifically describe all grounds for your purported decision to terminate JSO's MRA.

**ANSWER:**


2.    Identify and describe any and all conclusions drawn from your "evaluation" and/or "analysis" of JSO's performance under its MRA as you described in the Declaration of Julie Blair at paragraphs 9 and 11.

**ANSWER:**



Dated: July 7, 2005                   _____

                                      Sean J. Bellew (#4072)
                                      David A. Felice (#4090)
                                      Cozen O'Connor
                                      Chase Manhattan Centre
                                      1201 North Market Street, Suite 1400
                                      Wilmington, DE 19801
                                      302-295-2000 (voice)
                                      302-295-2013 (facsimile)
                                      *Attorneys for Plaintiffs*

WILM1\30722\1 153371.000

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on July 7, 2005, true and correct copies of the

foregoing were caused to be served upon counsel of record at the following address as indicated:

**Via Hand Delivery**
William W. Bowser
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**Via Facsimile**
Randy Papetti
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, AZ 85004

 

David A. Felice (#4090)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and | ) ) ) | |
| J-SQUARED TECHNOLOGIES (OREGON) INC., an Oregon corporation, | ) ) ) ) | C.A. No. 04-960-SLR |
| Plaintiffs, | ) ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| MOTOROLA, INC., a Delaware corporation | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF J-SQUARED TECHNOLOGIES, INC.'S
## FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff J-Squared Technologies, Inc. ("Plaintiff" or "JST") requests that Defendant Motorola, Inc. ("Defendant" or "Motorola") produce or permit Plaintiff to inspect and copy the original documents and things described herein no later than thirty (30) days after service of these requests, at the law offices of Cozen O'Connor, 1201 North Market Street, Wilmington, Delaware 19801.

### DEFINITIONS

1.    The terms "you," "your" and "Defendant" refer collectively and individually, where applicable, to Defendant Motorola, Inc., its subsidiaries, unincorporated divisions, agents, employees and assigns in the above-captioned action, and to any other person or entity that is acting or has ever acted for it, or on behalf of it (including counsel), or any person or entity on whose behalf it has acted.

2.      The terms "JST" or "Plaintiff" refer to the Plaintiff in this matter J-Squared Technologies, Inc., its subsidiaries, unincorporated divisions, agents, employees and assigns.

3.      The term "person" means any natural person and any corporation, association, government body or agency or other business enterprise or legal entity, and means both singular and plural.

4.      The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and includes, without limitation, all papers of any kind, all graphically recorded items, and all electronically or magnetically recorded items such as video tapes, audio tapes and computer or word processor records and any other items, if anything, that can be requested pursuant to the Federal Rules of Civil Procedure. The term "documents" includes originals, drafts and all documents that differ in any respect from another version of that same document.

5.      The term "identify" when applied to persons shall mean state current or last known business address and telephone numbers.

6.      The term "or" shall be construed either in the disjunctive or in the conjunctive whenever appropriate in order to bring within the scope of those interrogatories information that might otherwise be considered to be beyond their scope.

7.      The word "all" shall mean both "any" and "all" as appropriate in order to bring within the scope of these interrogatories information that might otherwise be beyond their scope.

8.      The term "Complaint" shall refer to the complaint in this action as filed on August 20, 2004.

9.      The phrases "Motorola Embedded Communication Computing Group" or "MECCG" shall refer to the Motorola division headquartered in Tempe, Arizona, previously known as Motorola Computer Group.

2

10.     The phrase "manufacturer representatives" shall refer JST and any and all other companies or individuals who sought to sell or otherwise advance the products and interests of Motorola and/or MECCG to customers in North America and abroad.

11.     The phrases "manufacturer's representative agreement" or "MRAs" shall refer to those agreements by and between Motorola and its manufacturer representatives to sell or otherwise advance the products and interests of MECCG.

## INSTRUCTIONS

1.     You are instructed to provide information and identify documents in your custody, possession or control and in the custody, possession or control of your attorneys. The term "document" further means any document now or at any time in the possession, custody or control of the person to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

2.     If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document requested to be produced or identified, set forth with respect to the document the date, title, identity of the author, subject mater and each and every fact or basis on which you claim your privilege, with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

3.     These requests shall be deemed to be continuing, and Defendant is requested to provide any additional responsive information obtained or discovered subsequent to the date on which response is made.

3

4.    If any request is objected to on grounds of overbreadth, you are instructed to respond to the request as narrowed to conform to your objection within the thirty (30) day period allowed for a response.

5.    Unless otherwise noted, the time period for these interrogatories is January 1, 2001 through the present.

## REQUESTS FOR PRODUCTION

1.    Produce copies of any and all press releases regarding the initiation, continuation or termination of the MRAs with MECCG's manufacturer representatives.

2.    Produce any and all business or financial forecast for MECCG for the time period February 1, 2003 through February 28, 2005.

3.    Produce any and all communications between MECCG and its sales management department.

4.    Produce a list of all Motorola employees who worked with or for MECCG in any capacity such that they would establish, evaluate or discharge the manufacturer representatives' performance obligations under the MRAs.

5.    Produce any and all communications between MECCG and its manufacturer representatives addressing performance, failure to perform, completion or failure to complete obligations under the MRAs.

6.    Produce copies of any and all materials distributed to MECCG's manufacturer representatives at all general meetings between the parties, including but not limited to the September 2003 meeting in Boston, Massachusetts and the December 2003 meeting referenced in your Answer.

4

7.    Produce copies of any and all presentations, photographs, videotapes, motion pictures, sketches or other drawings presented at all general meetings between the parties, including but not limited to the September 2003 meeting in Boston, Massachusetts and the December 2003 meeting reference in your Answer.

8.    Produce copies of any and all presentations, photographs, videotapes, motion pictures, sketches or other drawings taken or prepared by you or on your behalf or in your possession, custody or control concerning the MECCG's MRAs.

9.    Produce copies of any and all analyses or evaluations (including any drafts thereof) of the manufacturer representatives' performance under the MRAs, whether or not the analyses or evaluation were ever completed or presented.

10.    Produce copies of all other notice or termination or non-renewal delivered to MECCG's manufacturer representatives for the time period February 1, 2003 through the present.

11.    Produce copies of any and all written or recorded statements or summaries of interviews taken of any person with respect to any claim or defense in this litigation, including but not limited to the Plaintiffs or any of Defendant's employees.

12.    Produce copies of the curriculum vitae and reports of all experts who you will call to testify at trial.

WILM1\30700\1 153371.000

13.    To the extent the preceding Requests do not address same, all documents identified or required to be identified in your responses to JST's and JSO's First Set of Interrogatories.

Dated:  July 7, 2005

                                        _____
                                        Sean J. Bellew (#4072)
                                        David A. Felice (#4090)
                                        Cozen O'Connor
                                        Chase Manhattan Centre
                                        1201 North Market Street, Suite 1400
                                        Wilmington, DE 19801
                                        302-295-2000 (voice)
                                        302-295-2013 (facsimile)
                                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on July 7, 2005, true and correct copies of the

foregoing were caused to be served upon counsel of record at the following address as indicated:

**Via Hand Delivery**
William W. Bowser
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**Via Facsimile**
Randy Papetti
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, AZ 85004

_____
David A. Felice (#4090)

# Exhibit B

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC.; and )
J-SQUARED TECHNOLOGIES )
(OREGON), INC., )
                              )
              Plaintiffs, )
                              )
vs.                     )
                              )
MOTOROLA, INC., )
                              )
              Defendant. )
                              )

C.A. No. 04-CV-960-SLR

### DEFENDANT'S RESPONSE TO PLAINTIFF J-SQUARED TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES

Defendant Motorola, Inc., hereby answers Plaintiff J-Squared Technologies Inc.'s ("JST") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.     Motorola objects to all interrogatories to the extent they are overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of admissible evidence. Motorola has attempted to answer each interrogatory based on a reasonable interpretation of the information requested and has specifically stated objections in response to particular interrogatories. But to the extent Motorola and JST subsequently differ in their interpretations of what the interrogatories requested, Motorola hereby reserves all rights to object to JST's interpretation on the grounds stated in this general objection.

2.     Motorola objects to all interrogatories to the extent they ask for information that is protected by the work product doctrine and the attorney-client privilege. If any privileged information is inadvertently produced in response to

Plaintiff's interrogatories, there shall be no waiver of Motorola's right to assert these privileges.

3.    Each of the foregoing objections is hereby incorporated in each and every one of the following responses to JST's First Set of Interrogatories, whether or not it is specifically identified.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Motorola objects to Plaintiff's definition of "documents" in Definition number 4 as overbroad, unduly burdensome, and to the extent that it asks for information that is protected by the work product doctrine and the attorney-client privilege.

### RESPONSES TO INTERROGATORIES

1.    Identify the person(s) answering these interrogatories by stating their name(s), position with Motorola (if applicable) and addresses.

**ANSWER: Motorola objects to this interrogatory because it asks for information that is protected by the work product doctrine and the attorney-client privilege. Motorola has provided a detailed description of persons it believes has discoverable information in its Rule 26 Initial Disclosure Statement.**

2.    Identify and describe all grounds for your purported decision not to renew JST's MRA.

**ANSWER: Motorola objects to this interrogatory as irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, as detailed in Motorola's letter dated February 26, 2004 from Mr. Dana Huth, the Vice President of Worldwide Sales & Market Development, to Mr. Jeff Gibson, Motorola's Manufacturing Agreement ("the MRA") with JST expired on December 4, 2003 by its express terms. The MRA specifically**

2

stated that renewal could only occur through a writing signed by both parties. (*See* MRA ¶ 7.1.) Neither Motorola nor JST signed such a writing. While no reason is required to justify Motorola's decision not to renew JST's contract, Motorola concluded it was not in its best interest to seek to renew the MRA after it expired. See also the objections and response to interrogatory number 3.

3.    Identify and describe all grounds for your decision to terminate or not renew all or substantially all of the MRAs with Motorola's manufacturer representatives in February 2004.

ANSWER: Motorola objects to this interrogatory as irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Motorola reviewed the progress of the manufacturers' representatives program and determined that it was not performing as well as anticipated. In particular, the majority of the representatives were not meeting their contractual performance requirements. Accordingly, Motorola decided that upon the expiration of the MRAs, it would not enter into new contracts or otherwise continue the program. In February 2004, Motorola notified the manufacturers' representatives that it would not renew the MRAs, and the MRAs of those representatives that were not meeting the contractual performance requirements were terminated as allowed by the MRAs. To the extent this interrogatory seeks information regarding JST, see also Motorola's response to interrogatory number 2.

4.    Identify and describe all representations as to the durational aspects of the MRAs you made to any or all manufacturer representatives at the meeting in Boston, Massachusetts in September 2003.

3

**ANSWER: Motorola objects to this request as vague and ambiguous. Subject to and without waiving these objections, Motorola is not aware of any representations as to the durational aspects of the MRAs made at the meeting in Boston, Massachusetts in September 2003.**

5.    Identify and describe all representations as to the profitability (return on investment) of the MRAs you made to any or all manufacturer representatives at the meeting in Boston, Massachusetts in September 2003.

**ANSWER: Motorola objects to this request as vague and ambiguous. Subject to and without waiving these objections, Motorola is not aware of any representations as to the profitability (return on investment) of the MRAs made at the meeting in Boston, Massachusetts in September 2003.**

6.    Identify and describe all representations you made to the (sic) any or all manufacturer representatives at the meeting in Boston, Massachusetts in September 2003 as to the integration of the manufacturer representatives into the MECCG business model through the MRAs.

**ANSWER: Motorola objects to this request as vague and ambiguous. Subject to and without waiving these objections, Motorola is not aware of any representations as to the integration of the manufacturing representatives into the MECCG business model through the MRAs made at the meeting in Boston, Massachusetts in September 2003.**

7.    Identify and describe all representations you made to any or all manufacturer representatives during the December 2003 meeting referenced at paragraph 40 of your Answer to Plaintiffs' Complaint.

**ANSWER: Motorola objects to this request as misleading, vague, and ambiguous. Subject to and without waiving these objections, paragraph 40 of Motorola's Answer and of JST's Complaint refers only to discussions between**

4

the parties.  **Accordingly, Motorola is not aware of any "meeting" as stated in this interrogatory.**

8.    Identify and describe any and all conclusions drawn from your "evaluation" and/or "analysis" of JST's performance under its MRA as you described in the Declaration of Julie Blair at paragraphs 9 and 11.

**ANSWER:  Motorola concluded that the Agreement had expired and that it was not in Motorola's best interest to renew the Agreement thereafter. See also objections and responses to interrogatory numbers 2 and 3.**

9.    Identify, quantify and substantiate the value of MECCG in the two quarters immediately preceding the termination or non-renewal of the MRAs and the two quarters immediately following the termination or non-renewal of the MRAs.

**ANSWER:  Motorola objects to this interrogatory as overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.**

10.    Identify and describe the job functions of all Motorola employees who worked with or for MECCG in any capacity such that they would establish, evaluate or discharge the manufacturer representatives' performance obligations under the MRAs.

**ANSWER:  Motorola objects to this interrogatory as overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, to the extent this interrogatory seeks information regarding JST, the following individuals may have participated in the establishment, evaluation, or discharge of JST's performance obligations under the MRA:**

5

1.    **Tom Nallen**
      **c/o Randy Papetti**
      **Lewis and Roca LLP**
      **40 North Central Avenue**
      **Phoenix, AZ 85004-4429**
      **(602) 262-5311**

Mr. Nallen is worldwide finance controller for sales and general

accounting for Motorola's Embedded Communications Computing business.

2.    **Kim Crawford**
      **c/o Randy Papetti**
      **Lewis and Roca LLP**
      **40 North Central Avenue**
      **Phoenix, AZ 85004-4429**
      **(602) 262-5311**

Mr. Crawford is the Global Account Director for Nortel for Motorola's

Embedded Communications Computing business, previously the Motorola

Computer Group.

3.    **Julie Blair**
      **c/o Randy Papetti**
      **Lewis and Roca LLP**
      **40 North Central Avenue**
      **Phoenix, AZ 85004-4429**
      **(602) 262-5311**

Ms. Blair is a General Accounting Analyst for Motorola's Embedded

Communications Computing business.

4.    **Dennis Robinson**
      **c/o Randy Papetti**
      **Lewis and Roca LLP**
      **40 North Central Avenue**
      **Phoenix, AZ 85004-4429**
      **(602) 262-5311**

Mr. Robinson was an account executive with the Motorola Computer

Group.

5.    **Steve Machernis**
      **c/o Randy Papetti**
      **Lewis and Roca LLP**
      **40 North Central Avenue**
      **Phoenix, AZ 85004-4429**
      **(602) 262-5311**

Mr. Machernis was North America Eastern Regional Sales Manager for

Motorola's Embedded Communications Computing business.

6.    **David Bensted**
      **c/o Randy Papetti**
      **Lewis and Roca LLP**
      **40 North Central Avenue**
      **Phoenix, AZ 85004-4429**
      **(602) 262-5311**

Mr. Bensted is Contract Manager for Motorola's Embedded

Communications Computing business.

7.    **Susan Hamlett**
      **c/o Randy Papetti**
      **Lewis and Roca LLP**
      **40 North Central Avenue**
      **Phoenix, AZ 85004-4429**
      **(602) 262-5311**

Ms. Hamlett was a Contract Manager for the Motorola Computer

Group.

8.    **Jeanne Kolasa**
      **c/o Randy Papetti**
      **Lewis and Roca LLP**
      **40 North Central Avenue**
      **Phoenix, AZ 85004-4429**
      **(602) 262-5311**

Ms. Kolasa handled contracts for the Motorola Computer Group.

9.    **Denis McCarthy**
      **c/o Randy Papetti**
      **Lewis and Roca LLP**
      **40 North Central Avenue**
      **Phoenix, AZ 85004-4429**
      **(602) 262-5311**

Mr. McCarthy served as Acting General Manager, Director of Finance

and VP of Sales and Marketing for the Motorola Computer Group.

7

10.    **Kaifei Chin**
       c/o Randy Papetti
       Lewis and Roca LLP
       40 North Central Avenue
       Phoenix, AZ 85004-4429
       (602) 262-5311

Mr. Chin was a field engineer for the Motorola Computer Group.

11.    **Rob Pettigrew**
       c/o Randy Papetti
       Lewis and Roca LLP
       40 North Central Avenue
       Phoenix, AZ 85004-4429
       (602) 262-5311

Mr. Pettigrew was a field applications engineer for the Motorola

Computer Group.

12.    **Ed Kaczor**
       c/o Randy Papetti
       Lewis and Roca LLP
       40 North Central Avenue
       Phoenix, AZ 85004-4429
       (602) 262-5311

Mr. Kaczor was an account executive with the Motorola Computer

Group.

13.    **Larry Terry**
       c/o Randy Papetti
       Lewis and Roca LLP
       40 North Central Avenue
       Phoenix, AZ 85004-4429
       (602) 262-5311

Mr. Terry was an account executive with the Motorola Computer

Group.

14.    **Dana Huth**
       c/o Randy Papetti
       Lewis and Roca LLP
       40 North Central Avenue
       Phoenix, AZ 85004-4429
       (602) 262-5311

Mr. Huth is Business Development Director for Motorola's Embedded

Communications Computing business.

15.    **Nina Guibor**
**c/o Randy Papetti**
**Lewis and Roca LLP**
**40 North Central Avenue**
**Phoenix, AZ 85004-4429**
**(602) 262-5311**

**Ms. Guibor was the Distribution Controller for the Motorola Computer**

Group.

16.    **Paul Holt**
**c/o Randy Papetti**
**Lewis and Roca LLP**
**40 North Central Avenue**
**Phoenix, AZ 85004-4429**
**(602) 262-5311**

**Mr. Holt was Director of North American Sales for the Motorola**

**Computer Group and the Nortel Global Account Director for MCG.**

11.    Identify all manufacturer representatives that worked with or for

MECCG in North America from 2001 until Motorola decided to terminate or not

renew the MRAs.

**ANSWER:  Motorola objects to this interrogatory as overbroad,**

**irrelevant to the subject matter of this litigation, and not reasonably**

**calculated to lead to the discovery of admissible evidence.  Subject to and**

**without waiving these objections, Motorola entered into a MRA with JST on**

**December 5, 2002.  That MRA expired by its terms one year later, on**

**December 4, 2003.  (See MRA ¶ 7.1.).**

12.    State any and all facts or information which support the allegations

contained in paragraph 93 of your Answer as they relate to the defense of

contributory negligence.

**ANSWER:  JST failed to renew its MRA in writing as required by that**

**agreement.**

13.    State any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of failure of consideration.

**ANSWER:   See response to interrogatory number 12.**

14.    State any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of the comparative fault.

**ANSWER:   See response to interrogatory number 12.**

15.    Sate any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of estoppel.

**ANSWER:   See response to interrogatory number 12.**

16.    State any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of waiver.

**ANSWER:   See response to interrogatory number 12.**

17.    State any and all facts or information which support the allegations contained in paragraph 93 of your Answer as they relate to the defense of offset.

**ANSWER:   Motorola has already paid all commission owed.  These payments offset any damages claimed by JST.**

18.    Identify by name and address each fact witness you intend to call at the time of trial and for each witness state the substance of his or her expected testimony.

**ANSWER:   Motorola has not yet selected the witnesses it intends to call at trial.  However, Motorola may call any of the persons listed in its Responses to JST's First Set of Interrogatories, any of the persons listed in its Rule 26(a) Initial Disclosure Statement, or any of the persons listed in JST's Rule 26(a) Initial Disclosure Statement, and Motorola reserves the right to identify others as they become known.**

10

19.    Identify each document or exhibit you intend to use or introduce into evidence at trial.

**ANSWER:  Motorola has not yet selected the documents or exhibits that it intends to use or introduce into evidence at trial.  However, Motorola may use any of the documents that it produced with its Rule 26(a) Initial Disclosure Statement and any documents that it produces pursuant to JST's Request for Documents, and Motorola reserves the right to identify other documents as they become known.**

20.    Identify each person whom you expect to call as an expert at trial, and as to each person set forth in detail the person's qualifications as an expert, the substance of the facts and opinions to which the person is expected to testify and all other requirements as set forth in Federal Rule of Civil Procedure 26.

**ANSWER:  Motorola does not have an expert witness in this case, but reserves the right to name one.  If Motorola obtains an expert, it will supplement this response.**

DATED:  September 14, 2005.

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> William W. Bowser (No. 2239)
>
> and
>
> LEWIS AND ROCA LLP
>
>
> Randy Papetti
> Richard A. Halloran
> Cory A. Talbot
> 40 N. Central Avenue
> Phoenix, Arizona  85004
> (602) 262-5311
>
> Attorneys for Defendant

12

## CERTIFICATE OF SERVICE

I, Cory A. Talbot, do hereby certify that on July 6, 2005, true and correct copies of Defendant's Response to Planitiff J-Squared Technologies, Inc.'s First Set of Interrogatories were caused to be served upon counsel of record at the following addresses as indicated:

Via U.S. Mail:

David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103


_____
Cory A. Talbot

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC., a )
Canadian corporation, and J-SQUARE )
TECHNOLOGIES (OREGON) INC., an )
Oregon corporation, )
                    Plaintiffs, )
        v. )    C.A. No. 04-CV-960-SLR
                       )
MOTOROLA, INC., a Delaware )
corporation. )
                   Defendant. )

## NOTICE OF SERVICE

    I, William W. Bowser, Esquire, hereby certify that on the 14th day of

September 2005 copies of **Defendant's Response to Plaintiff J-Squared Technologies,**

**Inc.'s First Set of Interrogatories** and that on the 15th day of September 2005 this

**Notice of Service** were served upon the following counsel:

                David Allan Felice (By First Class Mail)
                Cozen & O'Connor
                Chase Manhattan Centre
                1201 North Market, Suite 1400
                Wilmington, DE 19801

                Kevin F. Barry (By First Class Mail)
                Cozen & O'Connor
                1900 Market Street
                Philadelphia, PA 19103

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                /s/ William W. Bowser
                William W. Bowser, Esquire (Bar I.D. 2239)
                The Brandywine Building, 17th Floor
                1000 West Street
                Wilmington, Delaware  19801
                Telephone: (302) 571-6601
                Facsimile: (302) 576-3282
                Email: wbowser@ycst.com
                Attorneys for Defendant

## Discovery Documents
### 1:04-cv-00960-SLR J-Squared Inc., et al v. Motorola Inc.

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Bowser, William entered on 9/15/2005 at 4:15 PM EDT and filed on 9/15/2005

**Case Name:** J-Squared Inc., et al v. Motorola Inc.
**Case Number:** 1:04-cv-960
**Filer:** Motorola Inc.
**Document Number:** 31

**Docket Text:**
NOTICE OF SERVICE of Defendant's Response to Plaintiff J-Squared Technologies, Inc.'s First Set of Interrogatories re [29] Notice of Service,, by Motorola Inc.. Related document: [29] Notice of Service,, filed by J-Squared Technologies Inc.,, J-Squared Technologies (Oregon) Inc.,.(Bowser, William)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/15/2005] [FileNumber=99345-0]
[31b23b1e2e806dd4e157dffcbf5e79ccf135b12aa1ed42c036d49a0df8f7404d255bb
1e909bf496085854b9a00db9aec1f9d59f9a7bc829f64d0e89f7c2d2356]]

**1:04-cv-960 Notice will be electronically mailed to:**

William W. Bowser    wbowser@ycst.com,
ccodding@ycst.com;dcoles@ycst.com;rruggieri@ycst.com;employmentcmecf@ycst.com

David A. Felice    dfelice@cozen.com

**1:04-cv-960 Notice will be delivered by other means to:**

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC.; and )
J-SQUARED TECHNOLOGIES )
(OREGON), INC., )
                          Plaintiffs, )
                                   )     C.A. No. 04-CV-960-SLR
vs. )
                                     )
MOTOROLA, INC., )
                          Defendant. )

## DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF J-SQUARED TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES

        Defendant Motorola, Inc., hereby supplements its answers to Plaintiff J-

Squared Technologies Inc.'s ("JST") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

        1.     Motorola objects to all interrogatories to the extent they are

overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter

of this litigation, or not reasonably calculated to lead to the discovery of admissible

evidence. Motorola has attempted to answer each interrogatory based on a

reasonable interpretation of the information requested and has specifically stated

objections in response to particular interrogatories. But to the extent Motorola and

JST subsequently differ in their interpretations of what the interrogatories

requested, Motorola hereby reserves all rights to object to JST's interpretation on

the grounds stated in this general objection.

        2.     Motorola objects to all interrogatories to the extent they ask for

information that is protected by the work product doctrine and the attorney-client

privilege. If any privileged information is inadvertently produced in response to

1688596.1

Plaintiff's interrogatories, there shall be no waiver of Motorola's right to assert these privileges.

3.     Each of the foregoing objections is hereby incorporated in each and every one of the following responses to JST's First Set of Interrogatories, whether or not it is specifically identified.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Motorola objects to Plaintiff's definition of "documents" in Definition number 4 as overbroad, unduly burdensome, and to the extent that it asks for information that is protected by the work product doctrine and the attorney-client privilege.

## RESPONSES TO INTERROGATORIES

9.     Identify, quantify and substantiate the value of MECCG in the two quarters immediately preceding the termination or non-renewal of the MRAs and the two quarters immediately following the termination or non-renewal of the MRAs.

**ANSWER: Motorola objects to this interrogatory as overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving these objections, the following information is designated CONFIDENTIAL pursuant to the Stipulated Protective Order in this matter:**

|          | 2003 Q3 $M | 2003 Q4 $M | 2004 Q1 $M | 2004 Q2 $M | 2004 Q3 $M |
|----------|------------|------------|------------|------------|------------|
| **Revenue** | **81** | **86** | **89** | **89** | **118** |

2

DATED: November 22, 2005.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
William W. Bowser (No. 2239)

and

LEWIS AND ROCA LLP

Randy Papetti
Richard A. Halloran
Cory A. Talbot
40 N. Central Avenue
Phoenix, Arizona 85004
(602) 262-5311

Attorneys for Defendant

3

1688596.1

## CERTIFICATE OF SERVICE

I, Cory A. Talbot, do hereby certify that on November 22, 2005, true and correct copies of Defendant's Response to Plaintiff J-Squared Technologies, Inc.'s First Set of Interrogatories were caused to be served upon counsel of record at the following addresses as indicated:

Via U.S. Mail:

David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Cory A. Talbot

4

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC.; and )
J-SQUARED TECHNOLOGIES )
(OREGON), INC., )
                                )
              Plaintiffs, )
                                )
   vs.                             )
                                )
MOTOROLA, INC., )
                                )
              Defendant. )

C.A. No. 04-CV-960-SLR

## DEFENDANT'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF J-SQUARED TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES

Defendant Motorola, Inc., hereby supplements its answers to Plaintiff J-Squared Technologies Inc.'s ("JST") First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.    Motorola objects to all interrogatories to the extent they are overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of admissible evidence. Motorola has attempted to answer each interrogatory based on a reasonable interpretation of the information requested and has specifically stated objections in response to particular interrogatories. But to the extent Motorola and JST subsequently differ in their interpretations of what the interrogatories requested, Motorola hereby reserves all rights to object to JST's interpretation on the grounds stated in this general objection.

2.    Motorola objects to all interrogatories to the extent they ask for information that is protected by the work product doctrine and the attorney-client privilege. If any privileged information is inadvertently produced in response to

Plaintiff's interrogatories, there shall be no waiver of Motorola's right to assert these privileges.

3.     Each of the foregoing objections is hereby incorporated in each and every one of the following responses to JST's First Set of Interrogatories, whether or not it is specifically identified.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Motorola objects to Plaintiff's definition of "documents" in Definition number 4 as overbroad, unduly burdensome, and to the extent that it asks for information that is protected by the work product doctrine and the attorney-client privilege.

## RESPONSES TO INTERROGATORIES

9.     Identify, quantify and substantiate the value of MECCG in the two quarters immediately preceding the termination or non-renewal of the MRAs and the two quarters immediately following the termination or non-renewal of the MRAs.

**ANSWER:  Motorola objects to this interrogatory as overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving these objections, the following information is designated CONFIDENTIAL pursuant to the Stipulated Protective Order in this matter:**

|  | 2003 Q3 $M | 2003 Q4 $M | 2004 Q1 $M | 2004 Q2 $M | 2004 Q3 $M |
|---|---|---|---|---|---|
| **Revenue** | **81** | **86** | **89** | **89** | **118** |

2

The acquisition of Force Computers in August 2004 largely accounts for the increased revenue in 2004 Q3. *See also* MOT02038 to MOT02690 produced herewith.

DATED:  November 29, 2005.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
William W. Bowser (No. 2239)

and

LEWIS AND ROCA LLP

Randy Papetti
Richard A. Halloran
Cory A. Talbot
40 N. Central Avenue
Phoenix, Arizona  85004
(602) 262-5311

Attorneys for Defendant

3

1686170.1

## CERTIFICATE OF SERVICE

I, Cory A. Talbot, do hereby certify that on November 29, 2005, true and correct copies of Defendant's Response to Plaintiff J-Squared Technologies, Inc.'s First Set of Interrogatories were caused to be served upon counsel of record at the following addresses as indicated:

Via U.S. Mail:

David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE  19801

Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

_____
Cory A. Talbot

4

1686170.1

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC.; and )
J-SQUARED TECHNOLOGIES           )
(OREGON), INC.,                  )        C.A. No. 04-CV-960-SLR
                                 )
                    Plaintiffs,  )
                                 )
    vs.                          )
                                 )
MOTOROLA, INC.,                  )
                                 )
                    Defendant.   )
                                 )

**DEFENDANT'S RESPONSE TO PLAINTIFF J-SQUARED
TECHNOLOGIES (OREGON), INC.'S FIRST SET OF
INTERROGATORIES**

Defendant Motorola, Inc., hereby answers Plaintiff J-Squared Technologies

(Oregon), Inc.'s ("JSO") First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1.      Motorola objects to all interrogatories to the extent they are

overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter

of this litigation, or not reasonably calculated to lead to the discovery of admissible

evidence.  Motorola has attempted to answer each interrogatory based on a

reasonable interpretation of the information requested and has specifically stated

objections in response to particular interrogatories.  But to the extent Motorola and

JSO subsequently differ in their interpretations of what the interrogatories

requested, Motorola hereby reserves all rights to object to JSO's interpretation on

the grounds stated in this general objection.

2.      Motorola objects to all interrogatories to the extent they ask for

information that is protected by the work product doctrine and the attorney-client

privilege.  If any privileged information is inadvertently produced in response to

JSO's interrogatories, there shall be no waiver of Motorola's right to assert these privileges.

3.    Each of the foregoing objections is hereby incorporated in each and every one of the following responses to JSO's First Set of Interrogatories, whether or not it is specifically identified.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Motorola objects to Plaintiff's definition of "documents" in Definition number 4 as overbroad, unduly burdensome, and to the extent that it asks for information that is protected by the work product doctrine and the attorney-client privilege.

## RESPONSES TO INTERROGATORIES

1.    Identify and specifically describe all grounds for your purported decision to terminate JSO's MRA.

**ANSWER:  As detailed in Motorola's letter dated February 26, 2004 from Mr. Dana Huth, the Vice President of Worldwide Sales & Market Development, to Mr. Jeff Gibson, Motorola based its decision to terminate on JSO's failure to meet the performance standards delineated in Exhibit 4 to the Manufacturer's Representative Agreement between Motorola Computer Group and JSO (the "Agreement").  Motorola based its termination on the language of the parties' Agreement.  See also objections and response to Interrogatory number 2.**

2.    Identify and describe any and all conclusions drawn from your "evaluation" and/or "analysis" of JSO's performance under its MRA as you described in the Declaration of Julie Blair at paragraphs 9 and 11.

**ANSWER:  Motorola concluded that JSO failed to meet its quotas for uncommitted, committed, and design win accounts as set forth in the graph on page two of Exhibit 4 to the Agreement, which depicts the annual and quarterly quotas for uncommitted, committed, and design win business.  The**

annual quota for uncommitted business was 25 accounts, and the quarterly quota was either three, six, or eight accounts. By the end of the third quarter, JSO should have obtained 11 uncommitted accounts, but had obtained only nine.

The annual quota for committed business was eight accounts, and the quarterly quota was either one, two, or three. By the end of the third quarter, JSO should have obtained three committed accounts, but had obtained none.

The annual quota for design wins was three accounts, and the quarterly quota was one account. By the end of the third quarter, JSO should have obtained one design win, but failed to do so.

Also, JSO failed to meet the Territorial Development Requirement by not participating in/promoting a minimum of four Motorola-sponsored public seminars.

DATED:  September 14, 2005.

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> William W. Bowser (No. 2239)
>
> and
>
> LEWIS AND ROCA LLP
>
> Randy Papetti
> Richard A. Halloran
> Cory A. Talbot
> 40 N. Central Avenue
> Phoenix, Arizona  85004
> (602) 262-5311
>
> Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Cory A. Talbot, do hereby certify that on July 6, 2005, true and correct copies of Defendant's Response to Plaintiff J-Squared Techonolgies (Oregon), Inc.'s First Set of Interrogatories were caused to be served upon counsel of record at the following addresses as indicated:

Via U.S. Mail:

David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Cory A. Talbot

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC.; and )
J-SQUARED TECHNOLOGIES              )
(OREGON), INC.,                     )          C.A. No. 04-CV-960-SLR
                                    )
                    Plaintiffs,     )
                                    )
        vs.                         )
                                    )
MOTOROLA, INC.,                     )
                                    )
                    Defendant.      )
                                    )

### DEFENDANT'S RESPONSE TO PLAINTIFF J-SQUARED TECHNOLOGIES INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Motorola, Inc., hereby answers Plaintiff J-Squared Technologies,

Inc.'s ("JST") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.    Motorola objects to all requests for production to the extent they are

overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter

of this litigation, or not reasonably calculated to lead to the discovery of admissible

evidence. Motorola has attempted to provide documents based on a reasonable

interpretation of the information requested and has specifically stated objections to

particular requests. But to the extent Motorola and JST subsequently differ in their

interpretations of what documents were requested, Motorola hereby reserves all

rights to object to JST's interpretation on the grounds stated in this general

objection.

2.      Motorola objects to all requests for production to the extent they ask for information that is protected by the work product doctrine and the attorney-client privilege.  If any such protected documents are inadvertently produced in response to JST's requests, the production of such documents shall not constitute a waiver of Motorola's right to assert the protection of any of the above privileges and shall be immediately returned upon discovery thereof.

3.      Each of the foregoing objections is hereby incorporated in each and every one of the following responses to JST's Request for Production, whether or not it is specifically identified.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Produce copies of any and all press releases regarding the initiation continuation or termination of the MRAs with MECCG's manufacturer representatives.

**RESPONSE:  Motorola objects to this request as overbroad, irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Motorola refers plaintiff to documents relating to JST and JSO identified as MOTJ 01198-1199, MCG 008536-8537, 9796-9797, 9799-9800, 10282-10283, 10663-10664, 11078-11079, 11081-11082, 13482-13485.**

2.      Produce any and all business or financial forecast for MECCG for the time period February 1, 2003 through February 28, 2005.

**RESPONSE:  Motorola objects to this request as overbroad, unduly burdensome, ambiguous, irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.**

2

3.    Produce any and all communications between MECCG and its sales management department.

**RESPONSE:** Motorola objects to this request as overbroad, irrelevant to the subject matter of this litigation, not reasonably calculated to lead to the discovery of admissible evidence, overly burdensome and to the extent it asks for information that is protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving these objections, Motorola refers plaintiff to the numerous emails produced by Motorola.

4.    Produce a list of all Motorola employees who worked with or for MECCG in any capacity such that they would establish, evaluate or discharge the manufacturer representatives' performance obligations under the MRAs.

**RESPONSE: Motorola objects to this request as not required by the Federal Rules of Civil Procedure, which do not require parties to create documents if none exist, as here. Subject to and without waiving this objection, see Motorola's response to JST's Interrogatory number ten for a list of individuals who may have participated in Motorola's evaluation of JST's performance.**

5.    Produce any and all communications between MECCG and its manufacturer representatives addressing performance, failure to perform, completion or failure to complete obligations under the MRAs.

**RESPONSE: Motorola objects to this request as overbroad, irrelevant to the subject matter of this litigation, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it asks for information that is protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving these objections, Motorola refers plaintiff to documents relating to JST and JSO identified as MOTJ 00166-167.**

3

6.    Produce copies of any and all materials distributed to MECCG's manufacturer representatives at all general meetings between the parties, including but not limited to the September 2003 meeting in Boston, Massachusetts and the December 2003 meeting referenced in your Answer.

**RESPONSE: Motorola objects to this request as ambiguous, overbroad, and misleading. Subject to and without waiving these objections, Motorola refers plaintiff to MOTJ 01195-1197.**

7.    Produce copies of any and all presentations, photographs, videotapes, motion pictures, sketches or other drawings presented at all general meetings between the parties, including but not limited to the September 2003 meeting in Boston, Massachusetts and the December 2003 meeting referenced in your Answer.

**RESPONSE: Motorola objects to this request as ambiguous, overbroad, over burdensome and misleading. Subject to and without waiving these objections, Motorola refers plaintiff to MOTJ 01195-1197.**

8.    Produce copies of any and all presentations, photographs, videotapes, motion pictures, sketches or other drawings taken or prepared by you or on your behalf or in your possession, custody or control concerning the MECCG's MRAs.

**RESPONSE: Motorola objects to this request as overbroad, irrelevant to the subject matter of this litigation, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it asks for information that is protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving these objections, Motorola refers plaintiffs to documents relating to JST and JSO identified as MOT 01869 – 1901, MCG 009733-9746, 11273-11275, MCG009733-9746, 11273-11275 .**

4

9.    Produce copies of any and all analyses or evaluations (including any drafts thereof) of the manufacturer representatives' performance under the MRAs, whether or not the analyses or evaluation were ever completed or presented.

**RESPONSE: Motorola objects to this request as overbroad, irrelevant to the subject matter of this litigation, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it asks for information that is protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving these objections, Motorola refers plaintiff to documents relating to JST and JSO identified as MOT 00729-744, 749-759, 761-764, 773-786, 791-792, 796, 801-811, 829-830, 845-850, 852-855, 903, 993, 1159, 1230, 1305, 1481-1482, 1494, 1498, 1544, 1551, 1555-1556, 1869-1901, 2085-2090, 2097, 2117-2125, 2500, 2503 2505, 2510-2520, 2527-2548, 2551, 2558-2637, 2658-3660.**

10.    Produce copies of all other notice or termination or non-renewal delivered to MECCG's manufacturer representatives for the time period February 1, 2003 through the present.

**RESPONSE: Motorola objects to this request as overbroad, irrelevant to the subject matter of this litigation, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it asks for information that is protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving these objections, Motorola refers plaintiffs to documents relating to JST and JSO identified as MOTJ 00166 - 167.**

11.    Produce copies of any and all written or recorded statements or summaries of interviews taken of any person with respect to any claim or defense in this litigation, including but not limited to the Plaintiffs or any of Defendant's employees.

**RESPONSE: Motorola objects to this request as ambiguous and to the extent it asks for information that is protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving these objections, and after making diligent efforts, Motorola has been unable to locate any responsive documents with the exception of the Declaration of Ms. Julie Blair attached to the Opening Brief of Defendant Motorola, Inc. in Support of its Motion to Transfer this Action to the District of Arizona, or in the Alternative, Motion to Dismiss dated September 23, 2004.**

12.     Produce copies of the curriculum vitae and reports of all experts who you will call to testify at trial.

**RESPONSE: Motorola does not have an expert witness in this case, but reserves the right to name one. If Motorola obtains an expert, it will supplement this response.**

13.     To the extent the preceding Requests do not address same, all documents identified or required to be identified in your responses to JST's and JSO's First Set of Interrogatories.

**RESPONSE: Motorola will produce the documents identified in its responses to JST's and JSO's First Set of Interrogatories subject to the objections made in response to those interrogatories, which are hereby realleged and incorporated as if fully set forth herein.**

6

DATED:  September 14, 2005.

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> William W. Bowser (No. 2239)
>
> and
>
> LEWIS AND ROCA LLP
>
>
> _____
> Randy Papetti
> Richard A. Halloran
> Cory A. Talbot
> 40 N. Central Avenue
> Phoenix, Arizona  85004
> (602) 262-5311
>
> Attorneys for Defendant

7

## CERTIFICATE OF SERVICE

I, Cory A. Talbot, do hereby certify that on September 14, 2005, true and correct copies of Defendant's Response to Plaintiff J-Squared Technologies Inc.'s First Set of Requests for Production of Documents were caused to be served upon counsel of record at the following addresses as indicated:

Via U.S. Mail:

David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE  19801

Kevin F. Berry (without documents)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

_____
Cory A. Talbot

8

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC.; and  )
J-SQUARED TECHNOLOGIES            )
(OREGON), INC.,                   )          C.A. No. 04-CV-960-SLR
                                  )
                  Plaintiffs,     )
                                  )
      vs.                         )
                                  )
MOTOROLA, INC.,                   )
                                  )
                  Defendant.      )
                                  )

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF J-SQUARED TECHNOLOGIES INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Motorola, Inc., hereby answers Plaintiff J-Squared Technologies, Inc.'s ("JST") First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.      Motorola objects to all requests for production to the extent they are overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of admissible evidence. Motorola has attempted to provide documents based on a reasonable interpretation of the information requested and has specifically stated objections to particular requests. But to the extent Motorola and JST subsequently differ in their interpretations of what documents were requested, Motorola hereby reserves all rights to object to JST's interpretation on the grounds stated in this general objection.

2.    Motorola objects to all requests for production to the extent they ask for information that is protected by the work product doctrine and the attorney-client privilege. If any such protected documents are inadvertently produced in response to JST's requests, the production of such documents shall not constitute a waiver of Motorola's right to assert the protection of any of the above privileges and shall be immediately returned upon discovery thereof.

3.    Each of the foregoing objections is hereby incorporated in each and every one of the following responses to JST's Request for Production, whether or not it is specifically identified.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

11.    Produce copies of any and all written or recorded statements or summaries of interviews taken of any person with respect to any claim or defense in this litigation, including but not limited to the Plaintiffs or any of Defendant's employees.

**RESPONSE: Motorola objects to this request as ambiguous and to the extent it asks for information that is protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving these objections, and after making diligent efforts, Motorola has been unable to locate any responsive documents with the exception of the Declaration of Ms. Julie Blair attached to the Opening Brief of Defendant Motorola, Inc. in Support of its Motion to Transfer this Action to the District of Arizona, or in the Alternative, Motion to Dismiss dated September 23, 2004, and the declaration of Paul Holt dated September 16, 2004, provided herewith.**

2

DATED:  November 29, 2005.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP
        William W. Bowser (No. 2239)

        and

        LEWIS AND ROCA LLP

        Randy Papetti
        Richard A. Halloran
        Cory A. Talbot
        40 N. Central Avenue
        Phoenix, Arizona  85004
        (602) 262-5311

        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Cory A. Talbot, do hereby certify that on November 29, 2005, true and correct copies of Defendant's Supplemental Response to Plaintiff J-Squared Technologies Inc.'s First Set of Requests for Production of Documents were caused to be served upon counsel of record at the following addresses as indicated:

Via U.S. Mail:

David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE  19801

Kevin F. Berry (without documents)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Cory A. Talbot

4