# Exhibit C

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



**COZEN**
**O'CONNOR**
ATTORNEYS

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TORONTO
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

SUITE 1400    CHASE MANHATTAN CENTRE    1201 NORTH MARKET STREET    WILMINGTON, DE 19801-1147
302.295.2000    888.207.2440    302.295.2013 FAX    www.cozen.com

September 22, 2005

**VIA FACSIMILE**

**David A. Felice**
Direct Phone 302.295.2011
Direct Fax    866.776.8911
dfelice@cozen.com

Randy Papetti, Esquire
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, AZ 85004

**Re:    J-Squared Technologies, Inc., et al. v. Motorola, Inc., C.A. No. 04-960-SLR**

Dear Randy:

    I write concerning Motorola's privilege log as delivered with Motorola's initial production pursuant to Rule 26. I raise for your consideration certain documents that Plaintiffs do not believe are privileged from production. We also request clarification on certain claims of privilege for other documents.

    As a general matter, we would request that you specifically identify the point in time in which Motorola anticipated litigation in this matter and state the basis or bases for Motorola's position. As you will note, many of the dates identified in your privilege log pre-date the August 2004 filing date of the complaint in this matter by several months, as well as any other correspondence from plaintiffs regarding this matter.

    We have listed in the attached table those documents we believe do not warrant a claim of privilege and those documents that we would request further information so that we may properly ascertain whether privilege would apply. We raise these issues for your consideration without prejudice to our right to seek further or additional disclosure of these and other documents pursuant to Rule 26(b)(3) and other applicable authority.

Randy Papetti, Esquire
September 22, 2005
Page 2

_____

As always, should you have any questions or concerns about this matter, please feel free to contact me at any time.


Regards,

*David A. Felice*

David A. Felice


DAF/sjr
Enclosure

cc:    William W. Bowser, Esquire
       Sean J. Bellew, Esquire


WILM1\31058\1 153371.000

# J-SQUARED TECH., INC., *et al* v. MOTOROLA, INC.

## Contested Privilege Log

| Number | Document No. | Description | Claimed Privilege | Plaintiffs' Position | Reasoning |
|---|---|---|---|---|---|
| 1 | MOTJ00169-00170 | Email string to Steven Machernis, John Garner, Dana Huth, Kim Crawford, cc Randy Papetti, Tom Nallen from Julie Blair re letters from manufacturing reps. | Attorney/client; work product | Clarification | Whether there were any third parties who received this correspondence (Tom Nallen) and whether this correspondence was undertaken for the purposes of seeking legal advice (rather than merely reciting background facts). |
| 2 | MOTJ00171-00174 | MFG Manufacturer rep. response status | Attorney/client; work product | Clarification | This is an undated document which one cannot be aware was created in anticipation of litigation nor is there evidence that this was delivered to or requested by any attorney. |
| 3 | MOTJ00175 | Email to Dana Huth, cc Kim Crawford from Steven Machernis re MFG rep status | Work product | Produce | This document is temporally disconnected from the litigation in this matter. Therefore, there can be no finding of the requisite apprehension of pending litigation. |

| | | | |
|---|---|---|---|
| 4 | MOTJ00186 | Current action status | Work product | This document is temporally disconnected from the litigation in this matter. Therefore, there can be no finding of the requisite anticipation of pending litigation. With no author or recipient information, it is difficult to ascertain whether this could qualify as privileged work product. |
| 5 | MOTJ00190-00191 | Email string to Julie Blair, cc Kim Crawford, Nina Guibor from Dennis Robinson re MRA performance data prepared for legal counsel | Work product | This document was purportedly prepared before Motorola terminated or chose not to renew the MRAs or before Motorola claims that it decided to terminate the MRAs (as presently alleged in its answer). Accordingly, the temporal disconnection this document has to the events giving rise to this litigation precludes it from being subject to the work product privilege. |
| 6 | MOTJ00192-00195 | Performance analysis | Produce | Clarification | Without a date or further description of this document plaintiffs are unable to ascertain whether the work product privilege would apply. Therefore, further clarification is required. |

| | | | | |
|---|---|---|---|---|
| 7 | MOTJ00237-00238;<br>MOTJ00789-00790;<br>MOTJ00800;00833;<br>MOTJ00836;<br>MOTJ00859 | Draft letters to<br>manufacturer<br>representatives | Work product | Produce | Given that these draft letters to<br>manufacturer representatives were<br>produced in Motorola's normal<br>course of business and were not<br>authored in anticipation of<br>pending litigation, they should be<br>produced. This is especially true<br>given the fact that most of the<br>draft letters pre-dated Motorola's<br>termination of the MRAs. |
| 8 | MOTJ00563 | Email to Janie<br>Nevarez, cc:<br>Patricia Whitman,<br>Florence<br>Rodriguez from<br>David Bensted re:<br>MRAs | Attorney/client; work<br>product | Clarification | No party to this email appears to<br>be an attorney as identified in<br>your privilege log, nor is the date<br>of the correspondence temporarily<br>connected to any reasonable<br>anticipation of the pending<br>litigation. Accordingly, please<br>clarify your position on the<br>privileged nature of this<br>communication. |
| 9 | MOTJ00564,<br>MOTJ00993,<br>MOTJ00994-00997,<br>MOTJ001004-001007,<br>MOTJ001008,<br>MOTJ001009-001012,<br>MOTJ001307,<br>MOTJ001429-001447,<br>MOTJ001452-001473,<br>MOTJ001478-001479,<br>MOTJ001490-001492,<br>MOTJ001839-001842,<br>MOTJ01843 | Draft and/or final<br>status reports<br>regarding<br>manufacturer<br>representatives'<br>status | Work product | Produce | From the description of these<br>documents, it appears that they<br>consist of nothing more than a<br>compilation of facts in draft or<br>final format. Accordingly, these<br>documents should be produced. |

Wilm1131106011 153371.000

| | | | | |
|---|---|---|---|---|
| 10 | MOTJ00769-00770, MOTJ08880-00893, MOTJ00909-00922, MOTJ00938-00936 | Email or other documentation concerning the manufacturer representatives performance data | Work product | The majority of this information was produced prior to Motorola's termination of the MRAs and the descriptions seem to indicate that the information would be nothing more than a compilation of factual data. Accordingly, these documents should be produced. |
| 11 | MOTJ00787-00788 | Email string from David Bensted to Julie Blair regarding manufacturer rep. termination letter and legal advice | Work product | Produce | This document pre-dates Motorola's termination of the MRAs by one and a half months. Accordingly, there can be no reasonable anticipation of pending litigation. |
| 12 | MOTJ00795 | Email from Julie Blair to Nina Guibor re: left message for Kevin Parslow re: MR and legal advice from Michael Annes | Work product | Clarification | Plaintiffs request clarification as to how this document may be privileged from disclosure pursuant to the work product doctrine as it pre-dates Motorola's termination of the MRAs and only has a general description as to the transmission of purported legal advice. |
| 13 | MOTJ00862, MOTJ00865-00878, MOTJ 00898, MOTJ00966-00983 | Spreadsheet – Summary information of manufacturer representatives | Work product | Produce | Many of these documents are undated and the description conveys that they are nothing more than a compilation of factual information. Accordingly, these documents should be produced. |

4

| 14 | MOT00904-00906 | Email string from Julie Blair to David Bensted re: manufacturers' rep. agreement issues | Work product | Produce | This document pre-dates Motorola's termination of the MRAs by one and a half months. Accordingly, there can be no reasonable anticipation of pending litigation. |
|----|----------------|----------------------------------------------------------------------------------------|--------------|---------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 15 | MOT00907 | Email from Julie Blair to Nina Guibor re: MR-John Garner | Work product | Produce | This document pre-dates Motorola's termination of the MRAs by one and a half months. Accordingly, there can be no reasonable anticipation of pending litigation. |
| 16 | MOT00909-00992 | MCG Manufacturing rep. response letter | Work Product | Clarification | This undated Motorola Computer Group response letter does not contain a description that would permit plaintiffs to probably ascertain whether the work product doctrine would apply. |
| 17 | MOT00993 | Email from Stephen Machernis to Dana Huth, cc: Kim Crawford re: Mfg. rep. status | Work product | Produce unredacted copy | Motorola's description of this correspondence does not indicate that it is anything other than a status report concerning factual issues. Accordingly, this document should be produced in an unredacted format. |
| 18 | MOT00998-00999 | Email string from Julie Blair to Stephen Machernis re: letters from manufacturers' reps. | Work product | Produce | This document purports to be nothing more than an e-mail summarizing letters received from manufacturer representatives. Accordingly, this document should be produced. |

| | | | Clarification | |
|---|---|---|---|---|
| 19 | MOTJ001000 | Email from Julie Blair to Stephen Machemis re: MR today | Work product | The description of this document lacks any specificity with which plaintiffs can ascertain whether the work product doctrine would apply. |
| 20 | MOTJ001231-001252 | Email from Julie Blair to Stephen Machemis re: March commission data for all manufacturer representatives and attached commission payments | Work product | Produce | These documents purport to be nothing more than a schedule of commission payments produced in the ordinary course of business. Accordingly, this document should be produced. |
| 21 | MOTJ001298-001299 | Email from Dana Huth to Julie Blair, cc: Kim Crawford and John Griffin re: status of manufacturer reps. conference call (May 21, 2004) | Work product | Produce | These documents appear to be a summarization of factual matters that transpired during a conference call. Accordingly, this document should be produced. |
| 22 | MOTJ001314-001315 | Email from Julie Blair to Stephen Machemis re: status of manufacturer reps. conference call (June 21, 2004) | Work product | Produce | This documents appears to be a summarization of factual matters that transpired during a conference call. Accordingly, this document should be produced. |

| | | | | | |
|---|---|---|---|---|---|
| 23 | MOTJ001352-001356 | Email string from Julie Blair to Kim Crawford re: manufacturer reps. | Work product | Clarification | The description lacks an specificity with which plaintiffs can ascertain whether the work product doctrine would apply. |
| 24 | MOTJ001357-001379 | Email from Julie Blair to Kim Crawford re: updated MR spreadsheet (spreadsheet attached) | Work product | Clarification | The description lacks an specificity with which plaintiffs can ascertain whether the work product doctrine would apply. |
| 25 | MOTJ001505-001506, MOTJ001507-001509, MOTJ001510-001513, MOTJ001526-001527 | Emails re: final review of termination letters | Work product | Produce | These emails purport to comment on Motorola's final review of the termination and non-renewal letters delivered to its manufacturer representatives on or about February 26, 2004. These correspondence seem to relate to factual issues and would not be based on any reasonable apprehension of pending litigation. Accordingly, these documents should be produced. |
| 26 | MOTJ001535-001536 | Email string from Julie Blair to Stephen Machemis and Kim Crawford re: letters from manufacturer representatives | Work product | Clarification | The description lacks an specificity with which plaintiffs can ascertain whether the work product doctrine would apply. |

7

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



**COZEN
O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

SUITE 1400   CHASE MANHATTAN CENTRE   1201 NORTH MARKET STREET   WILMINGTON, DE 19801-1147
302.295.2000   868.207.2440   302.295.2013 FAX   www.cozen.com

## FACSIMILE

| | |
|---|---|
| FROM:   David A. Felice | TIMEKEEPER NO.:   3203 |
| SENDER'S PHONE:   302.295.2011 | SENDER'S FAX:   866.776.8911 |
| # OF PAGES (INCLUDING COVER):   10 | FILE NAME:   J-SQUARED TECH., INC. |
| DATE:   ~~January 21, 2005~~  Sept. 22, 2005  DAF | FILE #:   153371 |

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Randy Papetti, Esq. | | 602-734-3862 |
| William W. Bowser, Esq. | | 302-576-3282 |

MESSAGE:

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 302.295.2000 or 800.523.2900 IMMEDIATELY.

THIS TRANSMISSION IS ALSO BEING SENT VIA:

☐ Regular Mail
☐ Certified Mail
☐ Hand Delivery
☐ Overnight Mail
☐ Federal Express
☐ E-Mail

**NOTICE**
The information contained in this transmission is privileged and confidential.  It is intended for the use of the individual or entity named above.  If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited.  If the addressee has received this transmission in error, please return this transmission to us at the above address by mail.  We will reimburse the expenses.  In addition, if this communication was received in the U.S. please notify us immediately by phoning and asking for the Fax Center.

## TX   RESULT   REPORT

NAME:COZEN OCONNOR
TEL :3022952013
DATE:SEP.22'2005 17:15

| SESSION | FUNCTION | NO. | DESTINATION  STATION | DATE | TIME | PAGE | DURATION | MODE | RESULT |
|---|---|---|---|---|---|---|---|---|---|
| 4012 | TX | 01 | LewisandRocaLLP | SEP.22 | 17:12 | 010 | 00H02'11" | ECM | OK |



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

**COZEN**
**O'CONNOR**
ATTORNEYS

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

SUITE 1400    CHASE MANHATTAN CENTRE    1201 NORTH MARKET STREET    WILMINGTON, DE 19801-1147
302.295.2000    888.207.2440    302.295.2013 FAX    www.cozen.com

## FACSIMILE

| | |
|---|---|
| FROM:  David A. Felice | TIMEKEEPER NO.:  3203 |
| SENDER'S PHONE:  302.295.2011 | SENDER'S FAX:  866.776.8911 |
| # OF PAGES (INCLUDING COVER):  10 | FILE NAME:  J-SQUARED TECH., INC. |
| DATE:  September 22, 2005 | FILE #:  153371 |

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Randy Papetti, Esq. | | 602-734-3862 |
| William W. Bowser, Esq. | | 302-576-3282 |

MESSAGE:

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 302.295.2000 or 800.523.2900 IMMEDIATELY.

THIS TRANSMISSION IS ALSO BEING SENT VIA:

☐ Regular Mail
☐ Certified Mail
☐ Hand Delivery
☐ Overnight Mail
☐ Federal Express
☐ E-Mail

**NOTICE**
The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If the addressee has received this communication in error, please return this transmission to us at the above address by mail. We will reimburse... if this communication was received in the U.S. please notify us immediately by phoning and asking for the Fax Center.

┌─────────────────────────────────┐
│   TX   RESULT   REPORT          │
└─────────────────────────────────┘

NAME: COZEN OCONNOR
TEL : 3022952013
DATE: SEP.22'2005 17:21

| SESSION | FUNCTION | NO. | DESTINATION STATION | DATE | TIME | PAGE | DURATION | MODE | RESULT |
|---|---|---|---|---|---|---|---|---|---|
| 4014 | TX | 01 | #153371#000#5763282# | SEP.22 | 17:18 | 010 | 00H02'53" | ECM | OK |

# Exhibit D

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



**COZEN**

**O'CONNOR**

ATTORNEYS

A PROFESSIONAL CORPORATION

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TORONTO
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

SUITE 1400    CHASE MANHATTAN CENTRE    1201 NORTH MARKET STREET    WILMINGTON, DE 19801-1147
302.295.2000    888.207.2440    302.295.2013 FAX    www.cozen.com

October 20, 2005

**VIA FACSIMILE**

**David A. Felice**
Direct Phone 302.295.2011
Direct Fax    866.776.8911
dfelice@cozen.com

Randy Papetti, Esquire
Cory Talbot, Esquire
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, AZ 85004

**Re:    J-Squared Technologies, Inc., et al. v. Motorola, Inc., C.A. No. 04-960-SLR**

Counsel:

  We write concerning certain deficiencies present in Motorola's responses to discovery and its document production undertaken to date. When Plaintiffs have had the opportunity to fully review and assimilate Motorola's discovery responses in light of the upcoming depositions, we may request that you address additional issues. However, for the present time, Plaintiffs request that you respond to the following issues by Monday, October 24, 2005.

**Privilege Log**

  Three issues presently surround your past claims of privilege from the duty to produce responsive documents. First, you have failed to respond to our prior inquiry as to your specific claims of privilege. On September 22, 2005, a letter inquiry as to the propriety of a number of your claims of privilege was delivered to counsel. By email correspondence dated October 14, 2004, we further inquired as to whether you intended to respond to the letter. To date we have not received any written response to the issues raised in the original letter. Please address the issues raised in the September 22 letter and accompanying chart.

  Second, as your privilege log does not contain an identification of any documents prior to January 7, 2004, we are operating under the assumption that Motorola does not purport to claim any privilege from disclosure of documents that might pre-date this period. If we are incorrect in our assumption, please produce an updated privilege log.

  Finally, an issue has arisen concerning your failure to identify in your privilege log certain documents that were produced in a redacted form. This week we provided an example of this type of occurrence to Cory Talbot. Appearing at Bates No. MOT02170 and the pages that

Randy Papetti, Esquire
Cory Talbot, Esquire
October 20, 2005
Page 2

follow is an email from an unknown author with substantial redactions. The redactions do not appear on your privilege log, nor do we believe they should as the document does not appear to fall under the rubric of any identifiable privilege. This is but one example of numerous redacted documents that must be produced in a complete form. As we stated to you during our recent telephone conversations, we require the complete production of all documents that have been redacted, or withheld from production in their entirety, based on your assessment of relevancy. As this issue is easily resolved, we request that you produce the unredacted documents in advance of next week's depositions.

## Responses to Interrogatories

We detail for you in this section Motorola's deficiencies in responding to the interrogatories submitted by J-Squared Technologies, Inc. ("JST"). We request that you supplement your responses by the date noted above. We also require a signed verification for your responses to both the JST and J-Squared (Oregon), Inc. ("JSO") interrogatories.

JST interrogatory number 7 specifically requests that you identify and describe all representations made to the manufacturer representatives at the December 2003 meeting referenced in paragraph 40 of your Answer. You objected to this interrogatory on the basis that the December 2003 meeting was merely a discussion between the parties. This is not a valid basis for failing to respond. We request that you fully respond to this interrogatory.

JST interrogatory number 9 requests that you identify, quantify and substantiate the value of MECCG (defined therein) for the two quarters immediately preceding and two quarters immediately following the termination or non-renewal of the Manufacturer Representative Agreements ("MRAs"). You objected on a number of grounds, including relevance and that the request was not reasonably calculated to lead to the discovery of admissible evidence. We believe this interrogatory is narrowly tailored and addresses issues that have were always relevant given Motorola's pecuniary interest in terminating the MRAs despite prior representations. We request that you fully respond to this interrogatory.

JST interrogatory 11 requests that names of all manufacturer representatives who worked with MECCG from 2001 until the relationships were terminated or not renewed. You responded by only identifying JST and JSO. We request that you fully respond to this interrogatory.

## Responses and Production in Reply to Document Requests

In addition to the relevancy redactions noted above, the document production Motorola has undertaken to date is clearly lacking in both scope and coverage. As we noted during a recent telephone conversation, there are no documents produced that speak to the underlying decision to terminate the MRAs in their entirety. There is one email in April 2003 that states no more MRAs should be executed and then there are emails that begin in December 2003 which attempt to derive a justifiable basis for terminating all MRAs. There should be documentation between April and December 2003 that speaks to Motorola's decision to take its chosen path. Indeed, there is a curious absence of email traffic during this time, which obviously leads us to

Randy Papetti, Esquire
Cory Talbot, Esquire
October 20, 2005
Page 3

---

believe there needs to be further inquiry made as to whether all responsive documents have been produced in and around this time period.

Plaintiffs require the production of documents identified in Request 2, addressing the business or financial forecasts for MECCG for February 2003 to February 2005 for the same reasons identified in our discussion of interrogatory 9 above.

Plaintiffs require that you produce additional documentation and remove your present redactions from documents that address Request 5. The names of the other manufacturer representatives and the bases for Motorola's decision to terminate or not renew are relevant to Plaintiffs' inquiry and is clearly relevant to your purported defenses to the untimely termination of the MRAs. Should the financial information be business confidential, please disclose your bases for withholding this information in your privilege log. You are not entitled to unilaterally redact information that you believe is irrelevant.

## Conclusion

Given Motorola's failure to produce documents that address key issues in this litigation and its unwillingness to fully respond to interrogatories to date, Plaintiffs may require that Dana Huth and Julie Blair be recalled for deposition should the need arise given your anticipated supplementation of discovery responses. Should Motorola's supplemental responses and production not be forthcoming or continue to be inadequate, Plaintiffs may find it necessary to seek the Court's assistance to compel adequate responses. In the interim, if you should have any questions or concerns about this matter, please feel free to contact me at any time.

Regards,

David A. Felice

DAF/sjr

cc:    William W. Bowser, Esquire
       Kevin F. Berry, Esquire
       Sean J. Bellew, Esquire



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

**COZEN
O'CONNOR**
ATTORNEYS

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TORONTO
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

SUITE 1400     CHASE MANHATTAN CENTRE     1201 NORTH MARKET STREET     WILMINGTON, DE 19801-1147
302.295.2000     888.207.2440     302.295.2013 FAX     www.cozen.com

## FACSIMILE

| | |
|---|---|
| FROM:   David A. Felice | TIMEKEEPER NO.:   3203 |
| SENDER'S PHONE:   302.295.2011 | SENDER'S FAX:   866.776.8911 |
| # OF PAGES (INCLUDING COVER): | FILE NAME:   153371 |
| DATE:   October 20, 2005 | FILE #: |

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Randy Papetti, Cory Talbot<br>Lewis & Roca | | 602.734.3862 |
| William W. Bowser<br>Young Conaway Stargatt &<br>Taylor | | 302.576.3282 |

MESSAGE:

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 302.295.2000 or 800.523.2900 IMMEDIATELY.

THIS TRANSMISSION IS ALSO BEING SENT VIA:

☐ Regular Mail
☐ Certified Mail
☐ Hand Delivery
☐ Overnight Mail
☐ Federal Express
☐ E-Mail

NOTICE
The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If the addressee has received this communication in error, please return this transmission to us at the above address by mail. We will reimburse you for postage. In addition, if this communication was received in the U.S., please notify us immediately by phoning and asking for the Fax Center.

## TX   RESULT   REPORT

NAME: COZEN O'CONNOR
TEL : 302 295 2013
DATE: OCT.20'2005 15:35

| SESSION | FUNCTION | NO. | DESTINATION STATION | DATE | TIME | PAGE | DURATION | MODE | RESULT |
|---|---|---|---|---|---|---|---|---|---|
| 7283 | TX | 01 | LewisandRocaLLP | OCT.20 | 15:33 | 004 | 00H01'28" | ECM | OK |



PHILADELPHIA                                          NEWARK
ATLANTA                                               NEW YORK
CHARLOTTE                                             SAN DIEGO
CHERRY HILL          **COZEN**                        SAN FRANCISCO
CHICAGO                                               SEATTLE
DALLAS                                                TORONTO
DENVER           **O'CONNOR**                         TRENTON
HOUSTON                                               WASHINGTON, DC
LAS VEGAS            ATTORNEYS                        WEST CONSHOHOCKEN
LONDON                                                WICHITA
LOS ANGELES                                           WILMINGTON

A PROFESSIONAL CORPORATION

SUITE 1400    CHASE MANHATTAN CENTRE    1201 NORTH MARKET STREET    WILMINGTON, DE 19801-1147
302.295.2000    888.207.2440    302.295.2013 FAX    www.cozen.com

## FACSIMILE

FROM:  David A. Felice                        TIMEKEEPER NO.:  3203

SENDER'S PHONE:  302.295.2011                 SENDER'S FAX:  866.776.8911

# OF PAGES (INCLUDING COVER):                 FILE NAME:  153371

DATE:  October 20, 2005                       FILE #:

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Randy Papetti, Cory Talbot Lewis & Roca | | 602.734.3862 |
| William W. Bowser Young Conaway Stargatt & Taylor | | 302.576.3282 |

MESSAGE:

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 302.295.2000 or 800.523.2900 IMMEDIATELY.

THIS TRANSMISSION IS ALSO BEING SENT VIA:

☐ Regular Mail
☐ Certified Mail
☐ Hand Delivery
☐ Overnight Mail
☐ Federal Express
☐ E-Mail

NOTICE
The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If the addressee has received this communication in error, please return this transmission to us at the above address by mail. We will reimburse you for postage. In addition, if this communication was received in the U.S., please notify us immediately by phoning and asking for the Fax Center.

## TX  RESULT  REPORT

NAME:COZEN O'CONNOR
TEL :302 295 2013
DATE:OCT.20'2005 15:37

| SESSION | FUNCTION | NO. | DESTINATION STATION | DATE | TIME | PAGE | DURATION | MODE | RESULT |
|---|---|---|---|---|---|---|---|---|---|
| 7284 | TX | 01 | #153371#000#5763282# | OCT.20 | 15:36 | 004 | 00H01'43" | ECM | OK |

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



## COZEN
## O'CONNOR
### ATTORNEYS

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TORONTO
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

SUITE 1400    CHASE MANHATTAN CENTRE    1201 NORTH MARKET STREET    WILMINGTON, DE 19801-1147
302.295.2000    888.207.2440    302.295.2013 FAX    www.cozen.com

## FACSIMILE

FROM:   David A. Felice

TIMEKEEPER NO.:   3203

SENDER'S PHONE:   302.295.2011

SENDER'S FAX:   866.776.8911

# OF PAGES (INCLUDING COVER):

FILE NAME:   153371

DATE:   October 20, 2005

FILE #:

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Randy Papetti, Cory Talbot Lewis & Roca | | 602.734.3862 |
| William W. Bowser Young Conaway Stargatt & Taylor | | 302.576.3282 |

MESSAGE:

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 302.295.2000 or 800.523.2900 IMMEDIATELY.

THIS TRANSMISSION IS ALSO BEING SENT VIA:

☐ Regular Mail

☐ Certified Mail

☐ Hand Delivery

☐ Overnight Mail

☐ Federal Express

☐ E-Mail

**NOTICE**
The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If the addressee has received this communication in error, please return this transmission to us at the above address by mail. We will reimburse you for postage. In addition, if this communication was received in the U.S., please notify us immediately by phoning and asking for the Fax Center.

# Exhibit E



| Cory A. Talbot | Direct Dial: 602.262-5362 |
|---|---|
| 40 North Central Avenue | Direct Fax: 602.734-3905 |
| Suite 1900 | CTalbot@lrlaw.com |
| Phoenix, Arizona 85004-4429 | Admitted in: Arizona |

Our File Number: 23897-00071

October 21, 2005

*Via e-mail and U.S. Mail*

David A. Felice, Esq.
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, DE 19801-1147

        **Re:**    *Motorola, Inc. adv. J-Squared Tech, Inc.*
               *C.A. No. 04-960 SLR*

Dear David:

      Motorola is responding to the inquiries made in your letter of September 22, 2005.

      Motorola made a diligent effort to research privilege issues prior to withholding documents on the basis of attorney-client communications and/or work product. Motorola's MCG/ECC business unit sought legal advice while analyzing its contractual obligations with J-Squared and anticipated that J-Squared might be unhappy with the results and bring a lawsuit. This included advice from Motorola in-house lawyers Barry Medintz, who was involved very early in the analysis of the manufacturing representative program, and Michael Annes and John Garner who were involved by January of 2004. Moreover, because of the prospect of litigation, Motorola retained outside counsel, Lewis and Roca, in January 2004. In particular, Motorola sought the advice of Randy Papetti as to the prospects of litigation. Accordingly, numerous documents prepared from mid-January 2004 on were prepared because of the prospect of litigation (your October 20, 2005 letter is correct in stating we have not claimed any privilege from disclosure of documents pre-dating January 7, 2004).

      Only those documents which clearly involved the advice from those lawyers and which qualify as attorney-client communications and work product prepared in anticipation of litigation have been withheld.

      Specific responses to your inquiries are set forth in Exhibit A attached. As noted therein, we are producing some documents and will forward those by e-mail today. I trust that these affirmations will satisfy your recent inquiries. If they do not, please contact me to discuss the matter further.

                      Best regards,

                      Cory A. Talbot

1680403.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

David A. Felice, Esq.
October 21, 2005                    Page 2

CAT/slm
Attachments
cc:    William W. Bowser, Esq.
       Randy S. Papetti, Esq.

EXHIBIT A

| ID No. | Document Nos. | Explanation |
|---|---|---|
| 1 | MOTJ00169-00170 | No third parties are part of this e-mail string. Further, the document summarizes meeting with and instructions from counsel. This follows correspondence from J-Squared threatening legal action. |
| 2 | MOTJ00171-00174 | This document was prepared by counsel and used for legal analysis. |
| 3 | MOTJ00175 | This document conveys work and analysis performed at the direction of counsel. This follows correspondence from J-Squared threatening legal action. |
| 4 | MOTJ00186 | This document was prepared at counsel's direction. Again, this follows correspondence from J-Squared threatening legal action. |
| 5 | MOTJ00190-00191 | This document conveys analysis requested by counsel in anticipation of litigation. |
| 6 | MOTJ00192-00195 | This document prepared at counsel's direction in anticipation of litigation. It reflects an analysis of performance under the representative agreement and was attached to MOTJ00190-00191 at the end of January 2004. |
| 7 | MOTJ00237-00238; MOT00789-00790; MOT00800; MOT00833; MOT00836; MOT00859 | The drafts were prepared by counsel and circulated through emails including counsel Barry Medintz and Michael Annes. Accordingly, Motorola also asserts that these documents are protected by the attorney-client privilege. |
| 8 | MOTJ00563 | Request to send documents per counsel's request in anticipation of litigation. Motorola concedes that the attorney-client privilege is inapplicable. |
| 9 | MOTJ00564, MOT00993, MOT00994-00997, MOT001004-001007, MOT001008, MOT001009-001012, MOT001307, MOT001429-001447, MOT001452-001473, | MOTJ00564 is an analysis document prepared at counsel's request in anticipation of litigation.<br><br>MOT00993, MOT001008, and MOT 001843 reflect analyses undertaken at counsel's request following threatened legal action.<br><br>MOT00994-00997; MOT001004-001007; MOT001009-001012; and MOT001839-001842 were prepared by counsel |

| | MOT001478-001479, MOT001490-001492, MOT01839-001842, MOT01843 | and used for legal analysis. Accordingly, these documents are also protected by the attorney-client privilege.<br><br>MOT001307 conveys communications with counsel in anticipation of litigation.<br><br>MOT001429-001447 and MOT001452-001473 reflect analyses prepared at the direction of counsel.<br><br>MOT001478-1479, MOT001490-001492 convey and include communications with counsel in anticipation of litigation.<br><br>Upon further reflection, a small portion of MOT001478 is not privileged and accordingly, will be produced. |
|---|---|---|
| 10 | MOT00769-00770, MOT0880-00893, MOT00909-00922, MOT0938-00936 | Analysis document prepared at counsel's request in anticipation of litigation. |
| 11 | MOT00787-00788 | Conveys and includes communications with counsel in anticipation of litigation. |
| 12 | MOT00795 | Conveys communication with and analysis to and from counsel Michael Annes. |
| 13 | MOT00862, MOT00865-00878, MOT00898, MOT00966-00983 | Analysis document prepared at counsel's request in anticipation of litigation. |
| 14 | MOT00904-00906 | Conveys and includes instructions from counsel and counsel's work product in anticipation of litigation. |
| 15 | MOT00907 | Conveys and includes instructions and counsel's work product in anticipation of litigation. |
| 16 | MOT00909-00922 | Analysis document prepared at counsel's request in anticipation of litigation. |
| 17 | MOT00993 | See ID #9 |
| 18 | MOT00998-00999 | Conveys communications of counsel in anticipation of litigation regarding response to termination. Accordingly, these documents are also protected by the attorney-client privilege. As of this date, J-Squared had threatened legal action.<br><br>Upon further reflection, a small portion of MOT00998 is not |

1680508 1

| | | privileged and accordingly, will be produced. |
|---|---|---|
| 19 | MOT001000 | Upon further reflection, a small portion of MOT001000 is not privileged and accordingly, will be produced. |
| 20 | MOT001231-001252 | Upon further reflection, the email and data re J-Squared will be produced. |
| 21 | MOT001298-001299 | Conveys and includes communications and instructions of counsel in anticipation of litigation. Accordingly, these documents are also protected by the attorney-client privilege. As of this date, J-Squared had threatened legal action. |
| 22 | MOT001314-001315 | Conveys communications of counsel in anticipation of litigation regarding response to termination. Accordingly, these documents are also protected by the attorney-client privilege. As of this date, J-Squared had threatened legal action. |
| 23 | MOT001352-001356 | This document conveys communications with and analysis requested by counsel in anticipation of litigation. |
| 24 | MOT001357-001379 | This document and its attachment conveys analysis requested by counsel in anticipation of litigation. |
| 25 | MOT001505-001506, MOT001507-001509, MOT001510-001513, MOT001526-001527 | MOT001505-1506, MOT001507-1509, MOT001510-MOT001512, MOT001526, MOT001527 convey and include communications with counsel in anticipation of litigation, including strategy for drafting termination letters. Accordingly, these documents are also protected by the attorney-client privilege.<br><br>Upon further reflection, a small portion of MOT001507 is not privileged and accordingly, will be produced.<br><br>MOT001513 is a termination letter for another manufacturing representative and thus not relevant to J-Squared. |
| 26 | MOT001535-001536 | Conveys and includes communications and instructions of counsel in anticipation of litigation. Accordingly, these documents are also protected by the attorney-client privilege. As of this date, J-Squared had threatened legal action. |

1680508.1

# Exhibit F



| | |
|---|---|
| Cory A. Talbot | Direct Dial: 602.262-5362 |
| 40 North Central Avenue | Direct Fax: 602.734-3905 |
| Suite 1900 | CTalbot@lrlaw.com |
| Phoenix, Arizona 85004-4429 | Admitted in: Arizona |

Our File Number: 23897-00071

October 28, 2005

***Via Facsimile and U.S. Mail***

David A. Felice, Esq.
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, DE 19801-1147

      Re:    *Motorola, Inc. adv. J-Squared Tech, Inc.*
               C.A. No. 04-960 SLR

Dear David:

      I am writing in response to your October 20, 2005 letter regarding discovery in this case. In particular you assert that Motorola's discovery responses have been deficient and ask for additional information and documents.

### Privilege Log

      First, you request a response to your letter of September 22, 2005, regarding Motorola's privilege log. This has been provided by my letter of October 21, 2005. If you have any further questions regarding the privilege log, please contact me.

      Second, as stated in my October 21, 2005 letter, without waiving the right to do so, we have not asserted privilege for any documents pre-dating January 7, 2004.

      Third, you inquired about redacted documents not identified in the privilege log. Motorola will produce the unredacted versions of these documents shortly.

### Responses to Interrogatories

      First, you request verification of the interrogatory responses. These verifications are attached together with a Notice of Errata.

      Second, you object to Motorola's response to interrogatory number 7 as non-responsive. Motorola's answer is in fact responsive given that your question presumes incorrect facts. As was made clear in paragraph 40 of Motorola's Answer, there was no December 2003 meeting; paragraph 40 refers only to discussions between the parties. That being the case, Motorola could not have made any representations at a meeting that did not occur. Furthermore, Motorola

1681850.1



plainly states in its Answer that it never "agreed to waive its contractual rights or to somehow renew the parties' contract for another year." To the extent your interrogatory asks whether any contrary representations were made, Motorola is aware of none.

Third, you object to Motorola's response to interrogatory number 9. This issue is discussed below.

Finally, you asked Motorola to disclose the names of the manufacturer's representatives described in interrogatory number 11. While this information is irrelevant to your remaining claims, it was provided at Dana Huth's deposition.

### Responses and Production in Reply to Document Requests

First, you have repeatedly stated that there are documents missing from Motorola's production. We have made diligent inquiry and believe that we have provided you with all available documents, subject to our objections. If additional responsive documents become available, we will produce them, unless privileged or otherwise protected from production. As to the absence of certain documents between April and December 2003, your analysis seems to presume that Motorola never intended to extend the manufacturers' representative program beyond the initial one year term. One explanation, then, is that your presumption is incorrect.

Second, you object to Motorola's response to interrogatory number 9 and to Motorola's response to request for production number 2, both of which relate to MECCG's financial position. Motorola renews its objections as stated in its responses. In the interest of resolving your concerns, however, Motorola will—without waiving any objections—supplement these responses.

Finally, you have asked Motorola to remove the redactions from the documents produced in response to your request for production number 5. We disagree with your arguments. It is common for documents to be redacted to protect sensitive information that is not reasonably calculated to lead to the discovery of admissible evidence. Again, however, to avoid further arguments about the issue, Motorola will produce unredacted versions of these documents shortly. These documents are confidential and should be treated as such.

If you have any questions, please call.

Best regards,

LEWIS AND ROCA LLP

Cory A. Talbot

CAT:mlr
Attachments

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

David A. Felice, Esq.
October 28, 2005                     Page 3

cc:    William W. Bowser, Esq.
       Randy S. Papetti, Esq.

# Exhibit G



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

**COZEN**
**O'CONNOR**
ATTORNEYS

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TORONTO
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

SUITE 1400    CHASE MANHATTAN CENTRE    1201 NORTH MARKET STREET    WILMINGTON, DE 19801-1147
302.295.2000    888.207.2440    302.295.2013 FAX    www.cozen.com

November 11, 2005

David A. Felice
Direct Phone 302.295.2011
Direct Fax    866.776.8911
dfelice@cozen.com

**VIA FACSIMILE**

Randy Papetti, Esquire
Cory Talbot, Esquire
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, AZ 85004

Re:    **J-Squared Technologies, Inc., *et al.* v. Motorola, Inc., C.A. No. 04-960-SLR**

Counsel:

We write in a final effort to resolve the issues that remain in dispute as to Motorola's claims of privilege and certain discovery deficiencies raised in our letters dated September 22, 2005 and October 20, 2005. Outlined below are the outstanding issues that require your immediate attention in light of the upcoming depositions. Plaintiffs request that you respond to these issues by Tuesday, November 15, 2005. If these issues are not resolved by this date, Plaintiffs will seek an order from the Court compelling adequate responses and production.

**Privilege Log**

In a letter dated October 21, 2005, you responded to our inquiries concerning Motorola's claims of privilege. Noted below are document categories where we believe production should be undertaken or the remaining redactions removed.[1]

---

[1] Attempts to resolve the parties' outstanding issues concerning the work product privilege are undertaken without waiver of Plaintiffs' right to challenge Motorola's underlying assumption that the requisite "in anticipation of litigation" inquiry was conclusively established as of January 7, 2005. Should a motion to compel be required and a different date be established for applicability of the work product doctrine, we may seek to depose or request the production of documents from Lewis and Roca and/or Mr. Papetti.

Randy Papetti, Esquire
Cory Talbot, Esquire
November 11, 2005
Page 2

1.      Those documents you identified as having portions that are not privileged should be produced in their entirety. (See ID Nos. 9, 18, 19, 20 and 25). The grounds asserted for privilege are clearly inapplicable given an examination of the context of the document through those portions that were produced. For example, document MOT001231 is an email from Julie Blair to Steve Machernis attaching March 2004 commission information for the manufacturer representatives. You redacted portions of this email based on a claim of work product privilege. Neither Julie Blair nor Steve Machernis are attorneys, nor is the email directed to any attorney. As such, the work product privilege cannot shelter any portion of this email from production. This is but one example of the redactions you made to the documents you "produced" following a further examination of your claimed privilege. The balance of the documents suffer from the same infirmities. Accordingly, these documents should be produced in their entirety.

2.      The January 29, 2004 email to Julie Blair attaching performance analysis cannot be covered under the work product privilege. (Documents MOTJ00190-91; 192-195 (ID Nos. 5 and 6)). These documents purport to be nothing more than a recitation of historical performance figures. There is no indication from the email that it was prepared for counsel or at the request of counsel. The mere fact that counsel may have requested the information at a later date does not bring the document within the confines of the work product doctrine. Moreover, this information is critical given Motorola's purported basis for terminating the JSO Agreement. As such, these documents must be produced. Should this information not be produced, we may alternatively move to strike certain of your affirmative defenses.

        The same holds true for documents identified under ID Nos. 10 and 13. The majority of these documents are undated spreadsheet analyses. The documents carry with them no indicia of the work product privilege independent of your representations that they were created at the request of counsel. As described above, this is insufficient to invoke the work product privilege.

3.      Document MOTJ00563 (ID No. 8) should be produced because information is not sheltered from production merely because an attorney requests that an employee forward otherwise non-privileged information to another employee. Through your clarification as to the claimed privilege, you acknowledged that the attorney-client privilege is inapplicable. Instead, you now claim that the work product privilege applies because unknown counsel requested that certain documents be forwarded. As described above, this is insufficient to invoke the work product privilege.

Randy Papetti, Esquire
Cory Talbot, Esquire
November 11, 2005
Page 3

---

### Discovery Deficiencies

Outlined below are outstanding issues that must be resolved concerning Motorola's continued deficiencies in its responses to interrogatories and the production of documents undertaken to date.

1.    Responsive documents between April and December 2004 must be produced. It has become apparent that Motorola has undertaken the piecemeal production of documents. In a recent correspondence, you indicated that a substantial range of production encompassing Dennis Robinson's emails is forthcoming.   Today, we received an electronic copy of over 6,000 documents. This leads us to believe that your initial inquiry focused more on the author of the document rather than whether the documents were responsive. This is confirmed by the fact that we presently have no emails that were originally authored by Kevin Parslow, Wendy Vitorri, Paul Holt or Nina Guibor, to name a few. We encourage you to revisit your production efforts to date to make certain that all responsive documents have been produced.   Your attempted explanation that our "presumption is incorrect" as to the fact that there were no company emails from April to December 2004 concerning the manufacturing representative agreements seems a bit attenuated at best.

As such, Motorola should:   (i) produce documents responsive to Plaintiffs' discovery requests within the April to December 2004 time period and (ii) produce responsive document originating from Kevin Parslow, Wendy Vitorri, Paul Holt and Nina Guibor.

2.    Your proffered distinction between a meeting versus discussions amongst the parties as it relates to JST interrogatory number 7 is unavailing. Should you desire to oppose a motion to compel on such grounds, so be it. We restate our demand that you respond to this interrogatory.

3.    In your letter dated October 28, 2005 your indicated that Motorola would supplement its responses and production addressing JST interrogatory number 9 and request for production number 2. Please provide this information immediately.

4.    Produce Motorola's G9 Policy.

5.    Produce the balance of the email that begins at MOTJ00329.

6.    Produce David Bensted's summary information as referenced in the December 26, 2003 email appearing at MOT00732.

7.    Produce all commission reconciliation calculations for JST and JSO.

8.    Produce color copies of all slide presentations.

Randy Papetti, Esquire
Cory Talbot, Esquire
November 11, 2005
Page 4

---

**Conclusion**

As stated above, should Motorola's supplemental responses and production not be forthcoming or continue to be inadequate, Plaintiffs will seek the Court's assistance to compel adequate responses. In the interim, if you should have any questions or concerns about this matter, please feel free to contact me at any time.

Regards,

David A. Felice

David A. Felice

DAF/sjr

cc:     William W. Bowser, Esquire
        Kevin F. Berry, Esquire
        Sean J. Bellew, Esquire

# Confirmation Report — Memory Send

Page          : 001
Date & Time: Nov-11-05  03:31pm
Line 1        : 302-295-2013
Line 2        :
Machine ID : Cozen O'Connor

| | | |
|---|---|---|
| Job number | : | 124 |
| Date | : | Nov-11 03:29pm |
| To | : ☎916027343862 |  |
| Number of pages | : | 005 |
| Start time | : | Nov-11 03:29pm |
| End time | : | Nov-11 03:31pm |
| Pages sent | : | 005 |
| Status | : | OK |

Job number     : 124          *** SEND SUCCESSFUL ***

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



## COZEN
## O'CONNOR
### ATTORNEYS

A PROFESSIONAL CORPORATION

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TORONTO
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

SUITE 1400     CHASE MANHATTAN CENTRE     1201 NORTH MARKET STREET     WILMINGTON, DE 19801-1147
302.295.2000     888.207.2440     302.295.2013 FAX     www.cozen.com

### FACSIMILE

| | |
|---|---|
| FROM:   David A. Felice | TIMEKEEPER NO.:     3203 |
| SENDER'S PHONE:     302.295.2011 | SENDER'S FAX:     866.776.8911 |
| # OF PAGES (INCLUDING COVER):  5 | FILE NAME:     153371 |
| DATE:     November 11, 2005 | FILE #: |

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Randy Papetti, Cory Talbot Lewis & Roca |  | 602.734.3862 |
| William W. Bowser Young Conaway Stargatt & Taylor |  | 302.576.3282 |

MESSAGE:

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 302.295.2000 or 800.523.2900 IMMEDIATELY.
THIS TRANSMISSION IS ALSO BEING SENT VIA:

☐ Regular Mail
☐ Certified Mail
☐ Hand Delivery
☐ Overnight Mail
☐ Federal Express
☐ E-Mail

NOTICE
The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If the addressee has received this communication in error, please return this transmission to us at the above address by mail. We will reimburse you for postage. In addition, if this communication was received in the U.S., please notify us immediately by phoning and asking for the Fax Center.

# Confirmation Report - Memory Send

Page        : 001
Date & Time: Nov-11-05  03:34pm
Line 1      : 302-295-2013
Line 2      :
Machine ID : Cozen O'Connor

| | | |
|---|---|---|
| Job number | : | 125 |
| Date | : | Nov-11 03:30pm |
| To | : ☎95763282 | |
| Number of pages | : | 005 |
| Start time | : | Nov-11 03:30pm |
| End time | : | Nov-11 03:34pm |
| Pages sent | : | 005 |
| Status | : | OK |
| Job number | : 125 | |

**\*\*\* SEND SUCCESSFUL \*\*\***

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

**COZEN O'CONNOR**
**ATTORNEYS**

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TORONTO
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

SUITE 1400    CHASE MANHATTAN CENTRE    1201 NORTH MARKET STREET    WILMINGTON, DE 19801-1147
302.295.2000    888.207.2440    302.295.2013 FAX    www.cozen.com

## FACSIMILE

| | |
|---|---|
| FROM:   David A. Felice | TIMEKEEPER NO.:    3203 |
| SENDER'S PHONE:    302.295.2011 | SENDER'S FAX:    866.776.8911 |
| # OF PAGES (INCLUDING COVER): 5 | FILE NAME:    153371 |
| DATE:   November 11, 2005 | FILE #: |

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Randy Papetti, Cory Talbot Lewis & Roca | | 602.734.3862 |
| William W. Bowser Young Conaway Stargatt & Taylor | | 302.576.3282 |

MESSAGE:

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 302.295.2000 or 800.523.2900 IMMEDIATELY.
THIS TRANSMISSION IS ALSO BEING SENT VIA:

☐ Regular Mail
☐ Certified Mail
☐ Hand Delivery
☐ Overnight Mail
☐ Federal Express
☐ E-Mail

NOTICE
The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If the addressee has received this communication in error, please return this transmission to us at the above address by mail. We will reimburse you for postage. In addition, if this communication was received in the U.S., please notify us immediately by phoning and asking for the Fax Center.

# Exhibit H



LEWIS
AND
ROCA
— LLP —
LAWYERS

Cary A. Talbot
40 North Central Avenue
Phoenix, Arizona 85004-4429

Direct Dial: (602) 262-5362
Direct Fax: (602) 734-3905
CTalbot@lrlaw.com
Admitted in: Arizona

Our File Number: 23897-00071

November 17, 2005

**Via Facsimile and U.S. Mail**

David Felice, Esq.
Cozen O'Connor
1200 N. Market Centre
Chase Manhattan Centre, Suite 1400
Wilmington, DE  19801

     Re:    *J-Squared Technologies, Inc., et al. v. Motorola, Inc.*, C.A. No. 04-960-SLR:
             Your letter of November 11, 2005

Dear David:

     You raise a host of issues—some old and some new—in your letter. Hopefully the following will put your concerns to rest. I will follow your numerical format so that our responses will be clear.

     To the extent this letter does not, in your view, adequately resolve the issues you have raised, I propose that we set up a conference call either Friday November 18 or Monday November 21 to determine whether we can come to an agreement on these issues before the Thanksgiving holiday. I am generally available on the 18th and available prior to 3:00 p.m. EST on the 21st.

     **<u>Privilege Log</u>**

     1.    You ask us to produce unredacted versions of those documents with ID numbers 9, 18, 19, 20, and 25 that were previously produced with redactions. I will address these on a document-by-document basis:

          • MOT001478-79 [ID no. 9] & MOT00998-99 [ID no. 18]: The redacted portions of these documents are communications to and from attorneys John Garner and Randy Papetti. Even apart from work product then, they are subject to the attorney-client privilege and will not be produced.

          • MOT001000 [ID no. 19]: This document was produced in its entirety on October 21, 2005. For your convenience, another copy is enclosed.

          • MOT001231 [ID no. 20]: This document is enclosed. We are not waiving any privilege in providing this document.

1686869.1



David Felice, Esq.
November 17, 2005
Page 2

- MOT01507-09 [ID no. 25]: One additional section of this document will be unredacted and is enclosed. The remaining redacted portions, however, are communications to and from attorneys John Garner and Randy Papetti. Even apart from work product then, they are subject to the attorney-client privilege and will not be produced.

To the extent you were asking for anything else in this section of your letter, please advise and I will provide you with additional information.

2.    You request production of documents with ID numbers 5, 6, 10, and 13 based on your view that counsel's request for unprivileged documents does not make the requested documents privileged. Again, I will address the documents individually:

- MOTJ00190-195 [ID nos. 5 & 6]: These documents are enclosed.

- MOT00769-70 [ID no. 10]: This e-mail string contains communications to attorney Barry Medintz and a request for analysis from him. Even apart from work product then, the document is subject to the attorney-client privilege and will not be produced.

- MOT00880-93 [ID no. 10]: This spreadsheet was attached to the privileged e-mail MOT00879. That e-mail requests that various Motorola employees provide information to complete the attached spreadsheet and indicates that the spreadsheet is being prepared at the request of Motorola's legal counsel. The spreadsheet is not mere data—it constitutes an analysis undertaken at the request of counsel in anticipation of potential litigation. It is, accordingly, privileged and not subject to production.

- MOT00909-22 [ID no. 10]: This spreadsheet was attached to the privileged e-mail MOT00908. That e-mail indicates that the attached spreadsheet has been prepared for Motorola's legal counsel. The spreadsheet is not mere data—it constitutes an analysis undertaken at the request of counsel in anticipation of potential litigation. It is, accordingly, privileged and not subject to production.

- MOT00938-56 [ID no. 10]: This spreadsheet was attached to the privileged e-mail MOT00934-37. That e-mail indicates that the attached spreadsheet has been prepared for, and at the request of, Motorola's legal counsel. Moreover, the e-mail explains that the spreadsheet was revised with counsel's input. The spreadsheet is not mere data—it constitutes an analysis undertaken at the request of counsel in anticipation of potential litigation. Further, the



David Felice, Esq.
November 17, 2005
Page 3

spreadsheet incorporates the advice of counsel. It is, accordingly, privileged and not subject to production.

- MOT00862 [ID no. 13]: This document is enclosed.

- MOT00865-78 [ID no. 13]: This spreadsheet was attached to the privileged e-mail MOT00864. That e-mail requests that various Motorola employees provide information to complete the attached spreadsheet and indicates that the spreadsheet itself is being prepared at the request of Motorola's legal counsel. The spreadsheet is not mere data—it constitutes an analysis undertaken at the request of counsel in anticipation of potential litigation. It is, accordingly, privileged and not subject to production.

- MOT00898 [ID no. 13]: This document is enclosed.

- MOT00966-83 [ID no. 13]: This spreadsheet was attached to the privileged e-mail MOT00961-65. That e-mail indicates that the attached spreadsheet has been prepared for, and at the request of, Motorola's legal counsel. Moreover, the e-mail explains that the spreadsheet was revised with counsel's input. The spreadsheet is not mere data—it constitutes an analysis undertaken at the request of counsel in anticipation of potential litigation. Further, the spreadsheet incorporates the advice of counsel. It is, accordingly, privileged and not subject to production.

3.    Document MOTJ00563 is enclosed.

### Discovery Deficiencies

1.    You request that we produce documents between April 2004 and December 2004. I take it that you are referring to documents between April 2003 and December 2003. Looking at our electronic production alone, we have produced over 3,300 pages of documents that were generated during this timeframe.

Still, to address your concerns, we have revisited our efforts at production. So far, this has not resulted in the discovery of any additional documents. Should we be able to locate additional responsive documentation that is reasonably accessible, we will provide it (subject to the objections we have previously raised). Regarding the particular individuals named in your letter, here is the information we have:

- <u>Kevin Parslow</u>: Mr. Parslow left Motorola in April 2004. When he left, he retained his computer but thereafter deleted the Motorola files and no longer has the computer. Any hard documents he had regarding J-Squared



**LEWIS**
**AND**
**ROCA**
—— LLP ——
L A W Y E R S

David Felice, Esq.
November 17, 2005
Page 4

and the manufacturer's representative program were transferred to others
at his departure and provided with our initial production.

- <u>Wendy Vitorri</u>:  We have confirmed that Ms. Vitorri has no responsive
  documents.

- <u>Paul Holt</u>:  Mr. Holt left Motorola in October 2004. Prior to his departure,
  he confirmed that he had no documents regarding J-Squared or the other
  manufacturer's representatives. Mr. Holt was virtually uninvolved with
  either of the J-Squared entities after June 2003 as a result of a change in
  his job function. Also, shortly after that time (approximately one year
  prior to his departure from Motorola), Mr. Holt began using a different
  computer than he had used previously when working with J-Squared.

- <u>Nina Guibor Lockhart</u>:  Ms. Lockhart left Motorola in March 2004. Her
  data was transferred to others at her departure and was provided with our
  initial production.

2.  Our supplemental response to JST interrogatory number 7 will be provided
tomorrow.

3.  You ask that these supplemental responses be provided immediately. We will do
so by Tuesday next week (our client contact on this issue has been out of the country) and can
send the supplemental responses electronically, as well, to avoid delay.

4.  A copy of the G9 policy requested is enclosed.

5.  As you can see from the handwriting, this document was not pulled from a
computer system—it was a hard copy. We have produced the entirety of the document that was
available in the file. A complete copy of this same e-mail may also be found at MCG010490-91.

6.  The summary information has already been produced at MCG007841-45.

7.  These have been produced.

8.  Please identify the documents by document number you wish to have in color and
we will provide them if possible.

Hopefully this resolves your concerns.

If not, again, I propose that we discuss this on November 18 or 21 to determine whether
we can agree on any outstanding issues.

1686869.1



**LEWIS**
**AND**
**ROCA**
— L L P —
L A W Y E R S

David Felice, Esq.
November 17, 2005
Page 5

I look forward to hearing from you.

Best regards,

Cory A. Talbot

CAT/CAT

cc:    Kevin F. Berry
       Sean Bellew
       William Bowser

1686869.1