# EXHIBIT
# No. 18

1719101_1.DOC

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC.; and J-SQUARED TECHNOLOGIES (OREGON), INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MOTOROLA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-CV-960-SLR |

### DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF J-SQUARED TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES

Defendant Motorola, Inc., hereby supplements its answers to Plaintiff J-Squared Technologies Inc.'s ("JST") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.   Motorola objects to all interrogatories to the extent they are overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of admissible evidence. Motorola has attempted to answer each interrogatory based on a reasonable interpretation of the information requested and has specifically stated objections in response to particular interrogatories. But to the extent Motorola and JST subsequently differ in their interpretations of what the interrogatories requested, Motorola hereby reserves all rights to object to JST's interpretation on the grounds stated in this general objection.

2.   Motorola objects to all interrogatories to the extent they ask for information that is protected by the work product doctrine and the attorney-client privilege. If any privileged information is inadvertently produced in response to

1688162.1

Plaintiff's interrogatories, there shall be no waiver of Motorola's right to assert these privileges.

3. Each of the foregoing objections is hereby incorporated in each and every one of the following responses to JST's First Set of Interrogatories, whether or not it is specifically identified.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Motorola objects to Plaintiff's definition of "documents" in Definition number 4 as overbroad, unduly burdensome, and to the extent that it asks for information that is protected by the work product doctrine and the attorney-client privilege.

## RESPONSES TO INTERROGATORIES

7. Identify and describe all representations you made to any or all manufacturer representatives during the December 2003 meeting referenced at paragraph 40 of your Answer to Plaintiffs' Complaint.

**ANSWER: Motorola objects to this request as misleading, vague, and ambiguous. Subject to and without waiving these objections, paragraph 40 of Motorola's Answer and of JST's Complaint refers only to discussions between the parties. Accordingly, Motorola is not aware of any "meeting" as stated in this interrogatory. As stated in paragraph 40 of Motorola's Answer to Plaintiffs' Complaint, during these discussions, Motorola did not "agree[] to waive its contractual rights or to somehow renew the parties' contract for another year." To the extent this interrogatory asks whether any contrary representations were made, Motorola is aware of none.**

DATED: November 18, 2005.

       YOUNG CONAWAY STARGATT & TAYLOR, LLP
       William W. Bowser (No. 2239)

       and

       LEWIS AND ROCA LLP

       _____
       Randy Papetti
       Richard A. Halloran
       Cory A. Talbot
       40 N. Central Avenue
       Phoenix, Arizona 85004
       (602) 262-5311

       Attorneys for Defendant

## CERTIFICATE OF SERVICE

  I, Cory A. Talbot, do hereby certify that on November 18, 2005, true and correct copies of Defendant's Response to Planitiff J-Squared Technologies, Inc.'s First Set of Interrogatories were caused to be served upon counsel of record at the following addresses as indicated:

Via U.S. Mail:

David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

_____
Cory A. Talbot

4