OAO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

J-Squared Technologies Inc.,
J-Squared Technologies (Oregon) Inc.,

**SUBPOENA IN A CIVIL CASE**

v.

Case Number:[1]    1:04 CV-00960-SLR

Motorola, Inc.                                           District of Delaware

TO:   Custodian of Records
      GE Fanuc Automation, Inc.
      c/o CT Corporation System
      4701 Cox Road, Suite 301
      Glen Allen, Virginia 23060-6802

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
  1) All contracts between GE Fanuc Embedded Systems and J-Squared Technologies, Inc., J-Squared Technologies (Oregon), Inc., and J-Squared Technologies (North Carolina), Inc. from November 1, 2003 to the present.
  2) All documents reflecting or pertaining to any communications between GE Fanuc Embedded Systems and the J-Squared entities listed above from November 1, 2003 to June 1, 2004.
  3) Documents sufficient to show all amounts GE Fanuc Embedded Systems has paid the J-Squared entities from November 1, 2003 to present.

| PLACE | DATE AND TIME |
| --- | --- |
| c/o Randy Papetti, Lewis and Roca, 40 North Central Avenue, Phoenix, Arizona 85004 | April 11, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature]                  Attorney for Defendant, Motorola, Inc. | March 27, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Randy Papetti, Lewis and Roca, Attorney for Defendant
40 North Central Avenue, Phoenix, AZ 85004  (602) 262-5311

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

_____
[1] If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                    DATE                       SIGNATURE OF SERVER

                                         _____
                                         ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# AFFIDAVIT OF SERVICE
(SERVICE BY PRIVATE PROCESS SERVER)

**Central Virginia Process Servers, LLC.**

In the United States District Court Eastern District of Virginia

Case Number  1:04 CV 04-00960-SRL          3/28/2006

Attorney:                                  800/228-0484

I, the undersigned   **Alan Jackson**   do hearby ceryify that I am over eighteen years of age and am not a party to or otherwise interested in the subject matter in controversy, and further attest:

That on   3/29/2006  , At  10:22 AM , I served at the  **Registered Agent for, GE FANUC AUTOMATION**

At  4701 Cox Road, Suite 301, Glen Allen, Virginia  23060

The attached:   USDC SUBPOENA IN A CIVIL CASE

In the Case of       *J-SQUARED TECHNOLOGIES, INC. et al.*
                              *v. / In Re.*
                     *GE FANUC AUTOMATION, INC.*

Lawfull service was made in the following manner:

☐  Personal Service:

☑  Registered Agent     **Christopher Savas (Authorized to Accept)    CT Corporation System**

Being unable to make Personal Service, a copy was delivered in the following lawfull manner:

☐  Delivered to a person found in charge of the usual place of business or employment during hours and having given information of it's purport to:

☐  Delivered to a family member, not a temporary sojourner or guest, over the age of 16, at the usual place of abode of the named party to:

☐  Posted, Secured Affixed a True Copy of the document(s) to the front door or other such enterance as appears to be the main enterance. Deponent was unable, with Due Dilligence to find servee or a person of suitable age and discretion thereat.

☐  Served on the Secretary of the Commonwealth.

☐  NOT Served due to:

Additional Info:

In the Commonwealth of Virginia , In the County of Chesterfield, Process Server  Alan Jackson scribed and sworn before me on this  3/29/2006 My Commission Expires September, 30th 2007

*Linda Jackson*  NOTARY PUBLIC

[NOTARY SEAL: LINDA JACKSON NOTARY PUBLIC Commonwealth of Virginia, My Commission Expires Sept 30th 2007]

United States District Court Eastern District of Virginia

Process Server,  Alan Jackson

**Served by Private Process Server**
Central Virginia Process Servers, LLC.
2437 Krossridge Road
Richmond, Virginia 23236
Tel (804) 276-9393    Fax (804) 276-4456

## Service Authorization

CT Corporation System is registered agent for various corporations, limited liability companies and partnerships. The following persons are designated in the office of the corporation upon whom any process, notice or demand may be served as representatives of the Corporation.

Tinika Baylor

Rea Childs

Mary Collins

Carl Goodwyn

Lisa Poffenberger

Nanette Rider

Christopher Savas

This authorization pertains to the authority of individuals to receive process on behalf of CT Corporation System. It does not certify the receipt or acceptance of any specific process.

_/s/ Nanette L. Rider_
Nanette L. Rider
Virginia Fulfillment Center Manager
CT Corporation System
A Wolters Kluwer Company

State of Virginia
County of Henrico

This day personally appeared before me, Nanette L. Rider, whose name is signed above and who, being first duly sworn, upon her oath, states that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this 23 day of August, 2005

_/s/ Lisa O. Poffenberger_
Notary Public
Lisa O. Poffenberger

My Commission expires 5/31/08

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br><br>  Plaintiffs,<br><br> v.<br><br>MOTOROLA, INC., a Delaware corporation.<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-CV-960-SLR<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, William W. Bowser, Esquire, hereby certify that on this 10th day of April 2006, I electronically filed a true and correct copy of the foregoing **Subpoena in a Civil Case** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> David Allan Felice
> Cozen O'Connor
> Chase Manhattan Centre, 1201 North Market, Suite 1400
> Wilmington, DE 19801

I further certify that on this 10th day of March 2006, I mailed by United States Postal Service the foregoing **Subpoena in a Civil Case** to the following non-registered participant:

> Kevin F. Berry
> Cozen O'Connor
> 1900 Market Street
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
_____
William W. Bowser, Esquire (Bar I.D. 2239)
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601
Facsimile: (302) 576-3282
Email: wbowser@ycst.com