IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC., a Canadian )
corporation, and J-SQUARE TECHNOLOGIES )
(OREGON) INC., an Oregon corporation, )
                Plaintiffs, )
           v. )   C.A. No. 04-CV-960-SLR
MOTOROLA, INC., a Delaware corporation. )
             Defendant. )

# **EXHIBIT 22**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
wbowser@ycst.com
OF COUNSEL: Randy Papetti, Richard A. Halloran,
Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue, Phoenix, Arizona 85004
Attorneys for Defendant

DATED:    April 13, 2006

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC.; and )
J-SQUARED TECHNOLOGIES )
(OREGON), INC., )
                       )           C.A. No. 04-CV-960-SLR
                        )
           Plaintiffs, )
                        )
    vs. )
                        )
MOTOROLA, INC., )
                        )
           Defendant. )
                        )

**DEFENDANT'S RESPONSE TO PLAINTIFF J-SQUARED
TECHNOLOGIES (OREGON), INC.'S FIRST SET OF
INTERROGATORIES**

       Defendant Motorola, Inc., hereby answers Plaintiff J-Squared Technologies

(Oregon), Inc.'s ("JSO") First Set of Interrogatories as follows:

<u>**GENERAL OBJECTIONS**</u>

       1.      Motorola objects to all interrogatories to the extent they are

overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter

of this litigation, or not reasonably calculated to lead to the discovery of admissible

evidence. Motorola has attempted to answer each interrogatory based on a

reasonable interpretation of the information requested and has specifically stated

objections in response to particular interrogatories. But to the extent Motorola and

JSO subsequently differ in their interpretations of what the interrogatories

requested, Motorola hereby reserves all rights to object to JSO's interpretation on

the grounds stated in this general objection.

       2.      Motorola objects to all interrogatories to the extent they ask for

information that is protected by the work product doctrine and the attorney-client

privilege. If any privileged information is inadvertently produced in response to

JSO's interrogatories, there shall be no waiver of Motorola's right to assert these privileges.

3. Each of the foregoing objections is hereby incorporated in each and every one of the following responses to JSO's First Set of Interrogatories, whether or not it is specifically identified.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Motorola objects to Plaintiff's definition of "documents" in Definition number 4 as overbroad, unduly burdensome, and to the extent that it asks for information that is protected by the work product doctrine and the attorney-client privilege.

## RESPONSES TO INTERROGATORIES

1. Identify and specifically describe all grounds for your purported decision to terminate JSO's MRA.

**ANSWER: As detailed in Motorola's letter dated February 26, 2004 from Mr. Dana Huth, the Vice President of Worldwide Sales & Market Development, to Mr. Jeff Gibson, Motorola based its decision to terminate on JSO's failure to meet the performance standards delineated in Exhibit 4 to the Manufacturer's Representative Agreement between Motorola Computer Group and JSO (the "Agreement"). Motorola based its termination on the language of the parties' Agreement. See also objections and response to Interrogatory number 2.**

2. Identify and describe any and all conclusions drawn from your "evaluation" and/or "analysis" of JSO's performance under its MRA as you described in the Declaration of Julie Blair at paragraphs 9 and 11.

**ANSWER: Motorola concluded that JSO failed to meet its quotas for uncommitted, committed, and design win accounts as set forth in the graph on page two of Exhibit 4 to the Agreement, which depicts the annual and quarterly quotas for uncommitted, committed, and design win business. The**

annual quota for uncommitted business was 25 accounts, and the quarterly quota was either three, six, or eight accounts. By the end of the third quarter, JSO should have obtained 11 uncommitted accounts, but had obtained only nine.

The annual quota for committed business was eight accounts, and the quarterly quota was either one, two, or three. By the end of the third quarter, JSO should have obtained three committed accounts, but had obtained none.

The annual quota for design wins was three accounts, and the quarterly quota was one account. By the end of the third quarter, JSO should have obtained one design win, but failed to do so.

Also, JSO failed to meet the Territorial Development Requirement by not participating in/promoting a minimum of four Motorola-sponsored public seminars.

DATED:  September 14, 2005.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
William W. Bowser (No. 2239)

and

LEWIS AND ROCA LLP

Randy Papetti
Richard A. Halloran
Cory A. Talbot
40 N. Central Avenue
Phoenix, Arizona  85004
(602) 262-5311

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC., a   )
Canadian corporation, and J-SQUARE  )
TECHNOLOGIES (OREGON) INC., an   )
Oregon corporation,               )
                Plaintiffs,   )
          v.                )   C.A. No. 04-CV-960-SLR
                  )
MOTOROLA, INC., a Delaware        )
corporation.                      )
             Defendant.   )

## NOTICE OF SERVICE

      I, William W. Bowser, Esquire, hereby certify that on the 14th day of

September 2005 copies of **Defendant's Response to Plaintiff J-Squared Technologies,**

**(Oregon) Inc.'s First Set of Interrogatories** and that on the 15th day of September 2005

this **Notice of Service** were served upon the following counsel:

> David Allan Felice (By First Class Mail)
> Cozen & O'Connor
> Chase Manhattan Centre
> 1201 North Market, Suite 1400
> Wilmington, DE 19801
>
> Kevin F. Barry (By First Class Mail)
> Cozen & O'Connor
> 1900 Market Street
> Philadelphia, PA 19103

> YOUNG CONAWAY STARGATT & TAYLOR, LLP


> /s/ William W. Bowser
> William W. Bowser, Esquire (Bar I.D. 2239)
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, Delaware 19801
> Telephone: (302) 571-6601
> Facsimile: (302) 576-3282
> Email: wbowser@ycst.com
> Attorneys for Defendant

## Codding, Cathy

**From:**    ded_nefreply@ded.uscourts.gov
**Sent:**    Thursday, September 15, 2005 4:13 PM
**To:**      ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:04-cv-00960-SLR J-Squared Inc., et al v. Motorola Inc. "Notice of Service"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Bowser, William entered on 9/15/2005 at 4:12 PM EDT and filed on 9/15/2005

**Case Name:**        J-Squared Inc., et al v. Motorola Inc.
**Case Number:**      1:04-cv-960
**Filer:**            Motorola Inc.
**Document Number:** 30

**Docket Text:**
NOTICE OF SERVICE of Defendant's Response to Plaintiff J-Squared Technologies (Oregon) Inc.'s First Set of Interrogatories re [29] Notice of Service,, by Motorola Inc.. Related document: [29] Notice of Service,, filed by J-Squared Technologies Inc.,, J-Squared Technologies (Oregon) Inc.,.(Bowser, William)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/15/2005] [FileNumber=99329-0]
[84c868023d91b05b158a601bc3f4364cff108a9d62f7f61d49b43609a8f527ccd8928
5f5d021e22d8fef760ea92b4ef830ac2b867aecbd170bcae2fd608dc566]]

**1:04-cv-960 Notice will be electronically mailed to:**

William W. Bowser    wbowser@ycst.com,
ccodding@ycst.com;dcoles@ycst.com;rruggieri@ycst.com;employmentcmecf@ycst.com

David A. Felice    dfelice@cozen.com

**1:04-cv-960 Notice will be delivered by other means to:**

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC.; and )
J-SQUARED TECHNOLOGIES )
(OREGON), INC., )
                             )    C.A. No. 04-CV-960-SLR
               Plaintiffs, )
                             )
   vs.                            )
                             )
MOTOROLA, INC., )
                             )
               Defendant. )
                             )

**DEFENDANT'S RESPONSE TO PLAINTIFF J-SQUARED TECHNOLOGIES
(OREGON), INC.'S SECOND SET OF INTERROGATORIES (NOS.3-19 [sic])**

      Defendant Motorola, Inc., hereby answers Plaintiff J-Squared Technologies

(Oregon), Inc.'s ("JSO") Second Set of Interrogatories as follows:

## **GENERAL OBJECTIONS**

      1.     Motorola objects to all interrogatories to the extent they are overbroad,

vague, ambiguous, unduly burdensome, irrelevant to the subject matter of this litigation, or

not reasonably calculated to lead to the discovery of admissible evidence. Motorola has

attempted to answer each interrogatory based on a reasonable interpretation of the

information requested and has specifically stated objections in response to particular

interrogatories. But to the extent Motorola and JSO subsequently differ in their

interpretations of what the interrogatories requested, Motorola hereby reserves all rights to

object to JSO's interpretation on the grounds stated in this general objection.

      2.     Motorola objects to all interrogatories to the extent they ask for information

that is protected by the work product doctrine and the attorney-client privilege. If any

privileged information is inadvertently produced in response to Plaintiff's interrogatories, there shall be no waiver of Motorola's right to assert these privileges.

3.    Each of the foregoing objections is hereby incorporated in each and every one of the following responses to JSO's Second Set of Interrogatories, whether or not it is specifically identified.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Motorola objects to JSO's definition of "documents" in Definition number 4 as overbroad, unduly burdensome, and to the extent that it asks for information that is protected by the work product doctrine and the attorney-client privilege.

2.    Motorola objects to the "time period" noted in JSO's Instruction number 5 as overbroad, unduly burdensome, irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

3.    Identify all uncommitted accounts you believe JSO possessed as of February 26, 2004.

**ANSWER:  By February 26, 2004, the end of the third quarter based on a May 15, 2003 start date, JSO should have obtained eleven uncommitted accounts, but failed to do so.  While review of their accounts in February of 2004 revealed at most, a total of nine uncommitted accounts, two short of the required eleven, Motorola can currently only identify two uncommitted accounts:  1) VideoTele, MATRIX and 2) Boeing AWACS.  To the extent that this reponse clarifies Motorola's response to JSO's Interrogatory No. 2, Motorola hereby amends its response to Interrogatory No. 2.**

4.    Identify all committed accounts you believe JSO possessed as of February 26, 2004.

**ANSWER: By February 26, 2004, the end of the third quarter based on a May 15, 2003 start date, JSO should have obtained three committed accounts, but failed to do so, obtaining only one: Boeing AWACS. Motorola's earlier response to JSO's Interrogatory No. 2 with respect to the number of committed accounts is hereby amended.**

5.    Identify all design wins you believe JSO possessed as of February 26, 2004.

**ANSWER: By February 26, 2004, the end of the third quarter based on a May 15, 2003 start date, JSO should have obtained one design win, but failed to do so.**

6.    Identify and describe the deficiencies you perceived existed with JSO's uncommitted, committed and design-win requirements as of February 26, 2004.

**ANSWER: See responses to JSO Interrogatory Nos. 3-5 above.**

7.    Identify and describe all efforts undertaken by you to appraise [sic] JSO of your perceived deficiencies in JSO's uncommitted, committed and design-win requirements up through and including March 28, 2004.

**ANSWER: Motorola objects to this interrogatory as misleading, vague, and ambiguous. Subject to and without waiving these objections, JSO's performance standards are clearly set forth in Exhibit 4 of the parties' Agreement. Furthermore, on February 26, 2004, Motorola expressly stated that JSO failed to meet its performance standards in its notice of termination letter. Furthermore, JSO was in daily contact with Motorola regarding the accounts they were working on.**

8.    Identify and describe all efforts undertaken by you to appraise [sic] JSO of your perceived deficiencies of any type, manner and/or performance up through and including March 28, 2004.

**ANSWER: See response to JSO Interrogatory No. 7.**

9.    Identify and describe all efforts undertaken by you to allow JST to cure any and all deficiencies you perceived in its performance.

**ANSWER: Motorola objects to this Interrogatory because it seeks information about JST and JST has exceeded the permissible number of interrogatories. Federal Rule of Civil Procedure 33 and the Court's Scheduling Order limit each party to 25 interrogatories. JST has already served 25 interrogatories. Moreover, Motorola objects to this interrogatory as misleading, vague and ambiguous.**

10.    Identify and describe (including date) any communications or notices delivered to the manufacturer representatives concerning Motorola's decision on or about April 2003 to put all MRAs on hold.

**ANSWER: Motorola objects to this interrogatory as misleading, overbroad, vague, and ambiguous. Subject to and without waiving these objections, see Motorola's responses to Request for Admission No. 5.**

11.    Identify with specificity that portion of Motorola's G9 Policy (produced at Bates MOTJ01666-72) that prohibited the MRAs from being multi-year agreements.

**ANSWER: See Motorola's response to Request for Admission No. 6.**

12.    From February 2004 through the present, identify and describe the revenues generated (by month) from customers that were a component of the commission payments made under the JSO Agreement prior to its termination.

**ANSWER: Motorola objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome. Subject to and without waiving these objections, see MOTJ 02699-02705. This spreadsheet summarizes customer data, including shipment date, distributor name if applicable, end customer name and code, end city and country, distributor invoice or order number, quantity shipped, and revenue or broken price (list price minus discounts as described in paragraph 3.1 of the Agreement). These are the customers for which JSO would have earned commission payments under its Agreement prior to its termination.**

1711775.1

13.   Identify the numbers of direct sales representatives employed by MECCG (by month or quarter) from January 2002 through the present.

**ANSWER:  The annual average for direct sales representatives in the United States and Canada, including global accounts was 12 for 2002, 14 for 2003, and 18 for 2005.  The average number for the first half of 2004 was 14 and the average number during the second half of 2004, after MCG acquired Force, was 20.  Currently, MCG has 16 direct sales representatives.**

14.   Identify the individual(s) responsible for making the ultimate decision not to renew/terminate the MRAs.

**ANSWER:  With input from others, Mr. Kevin Parslow was responsible for making the ultimate decision not to renew/terminate the manufacturer representatives.  Mr. Parslow's decision was formally executed by Mr. Dana Huth, who replaced Mr. Parslow as Director of Worldwide Sales in early 2004 and who sent the termination/non-renewal letters on February 26, 2004.  (*See* Parslow Depo. beginning at 29:19).**

15.   Identify the exact date the individual(s) identified in Interrogatory No. 14 made the decision not to renew/terminate the MRAs.

**ANSWER:  As Mr. Parslow testified at his deposition, he made the decision in early 2004 and within a few weeks of February 26, 2004. (*See* Parslow Depo. beginning at 32:1).**

16.   Identify all communications or documents that discuss Motorola's consideration of continuing the manufacturer representative business model from April 2004 to present.

**ANSWER:  Motorola objects to this request as misleading, overbroad, vague, ambiguous, and unduly burdensome.  By April 2004, Motorola had notified the manufacturer representatives that their Agreements would either be terminated for**

17117751

non-performance or not renewed after expiration. Accordingly, Motorola did not intend to continue the manufacturer representative business model after April 2004.

17.    Identify all other litigation or threats of litigation resulting from your termination and/or non-renewal of the MRAs.

ANSWER:  Motorola objects to this request as overbroad, irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, as Plaintiffs' counsel is already aware, Motorola has entered into confidential settlement agreements with C&S Technical Sales, L.L.C., Engineering Solutions – West, and Electronic Manufacturers' Agent.  Moreover, as Plaintiffs' counsel is also already aware, having been retained as counsel for them, G.L. Williams, RT Technology, Inc., and West Coast Reps, Inc., have also threatened litigation.

18.    Identify all manufacturer representatives that disputed the termination and/or nonrenewal of its or their MRA(s).

ANSWER:  Motorola objects to this request as overbroad, irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, see Motorola's response to Interrogatory No. 17.

18. [sic] Describe the resolution of any and all disputes identified in response to interrogatory No. 18 and any benefit(s) whatsoever given to the manufacturer representative for resolving the dispute.

ANSWER:  Motorola objects to this request as overbroad, irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Motorola has entered into confidential settlement agreements with C&S Technical Sales, L.L.C., Engineering Solutions – West, and Electronic Manufacturers' Agent.

1711775.1

19. [sic] If you denied any of the Requests for Admission, identify and describe with specificity your bases for such denial.

**ANSWER: Motorola objects to this interrogatory as it improperly calls for responses to multiple questions regarding its Request for Admission. In so doing, JSO has reached the limit of permissible interrogatories under Federal Rule of Civil Procedure 33 and the Court's Scheduling Order. For a description of why Motorola denied certain Requests, see Motorola's responses to Requests for Admissions Nos. 1-5.**

1711775.1

DATED:  February 24, 2006.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
William W. Bowser (No. 2239)

and

LEWIS AND ROCA LLP

Randy Papetti
Richard A. Halloran
Cory A. Talbot
40 N. Central Avenue
Phoenix, Arizona  85004
(602) 262-5311

Attorneys for Defendant

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC., a  )
Canadian corporation, and J-SQUARE  )
TECHNOLOGIES (OREGON) INC., an  )
Oregon corporation,  )
                          Plaintiffs,  )
                v.  )     C.A. No. 04-CV-960-SLR
   )
MOTOROLA, INC., a Delaware  )
corporation.  )
                Defendant.  )

## NOTICE OF SERVICE

       I, William W. Bowser, Esquire, hereby certify that on February 24, 2006, copies

of **Defendant's Response to Plaintiff J-Squared Technologies (Oregon), Inc.'s Second Set of**

**Interrogatories (NOS. 3-19[sic])**were served, as indicated by the attached Certificate of Service,

upon the following counsel:

              David Allan Felice, Esquire (By First Class Mail)
              Cozen & O'Connor
              Chase Manhattan Centre
              1201 North Market, Suite 1400
              Wilmington, DE 19801

              Kevin F. Barry, Esquire (By First Class Mail)
              Cozen & O'Connor
              1900 Market Street
              Philadelphia, PA 19103

                YOUNG CONAWAY STARGATT & TAYLOR, LLP


              /s/ William W. Bowser
              William W. Bowser, Esquire (Bar I.D. 2239)
              The Brandywine Building, 17th Floor
              1000 West Street
              Wilmington, Delaware 19801
              Telephone: (302) 571-6601
              Facsimile: (302) 576-3282
              Email: wbowser@ycst.com
              Attorneys for Defendant

DATED:      February 27, 2006

CERTIFICATE OF SERVICE

I, Cory A. Talbot, do hereby certify that on February 2⁷, 2006, true and correct copies of Defendant's Response to Planitiff J-Squared Technologies, (Oregon) Inc.'s Second Set of Interrogatories were caused to be served upon counsel of record at the following addresses as indicated:

Via U.S. Mail:

David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE  19801

Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

_____
Cory A. Talbot

9

17111775 1

**Codding, Cathy**

**From:** ded_nefreply@ded.uscourts.gov
**Sent:** Monday, February 27, 2006 2:20 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:04-cv-00960-SLR J-Squared Inc., et al v. Motorola Inc. "Notice of Service"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. District Court

## District of Delaware

Notice of Electronic Filing

The following transaction was received from Bowser, William entered on 2/27/2006 at 2:20 PM EST and filed on 2/27/2006

**Case Name:**        J-Squared Inc., et al v. Motorola Inc.
**Case Number:**      1:04-cv-960
**Filer:**            Motorola Inc.
**Document Number:** 78

**Docket Text:**
NOTICE OF SERVICE of Defendant's Response to Plaintiff J-Squared Technologies (Oregon), Inc.'s Second Set of Interrogatories (Nos. 3-19 [sic]) by Motorola Inc..(Bowser, William)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=2/27/2006] [FileNumber=175035-0]
[5aa7f38cb6f1e1a472ec2c34e09dc2fd317acf04dc18373fc4850db7d06be42ade02
243ec299497cdd29b7751ab73663aa96547ac1a781b0735b16a9ec2c61fe]]

**1:04-cv-960 Notice will be electronically mailed to:**

William W. Bowser    wbowser@ycst.com, ccodding@ycst.com; dcoles@ycst.com; rruggieri@ycst.com

David A. Felice    dfelice@cozen.com

Cory A. Talbot    ctalbot@lrlaw.com

**1:04-cv-960 Notice will be delivered by other means to:**

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC.; and )
J-SQUARED TECHNOLOGIES )
(OREGON), INC., )
                                )       C.A. No. 04-CV-960-SLR
                Plaintiffs, )
                                )
   vs.                         )
                                )
MOTOROLA, INC., )
                                )
                Defendant. )
                                )

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF
J-SQUARED TECHNOLOGIES (OREGON), INC.'S
FIRST SET OF INTERROGATORIES**

      Defendant Motorola, Inc., hereby supplements its answers to Plaintiff J-

Squared Technologies (Oregon), Inc.'s ("JSO") First Set of Interrogatories as

follows:

## GENERAL OBJECTIONS

      1.    Motorola objects to all interrogatories to the extent they are

overbroad, vague, ambiguous, unduly burdensome, irrelevant to the subject matter

of this litigation, or not reasonably calculated to lead to the discovery of admissible

evidence. Motorola has attempted to answer each interrogatory based on a

reasonable interpretation of the information requested and has specifically stated

objections in response to particular interrogatories. But to the extent Motorola and

JSO subsequently differ in their interpretations of what the interrogatories

requested, Motorola hereby reserves all rights to object to JSO's interpretation on

the grounds stated in this general objection.

      2.    Motorola objects to all interrogatories to the extent they ask for

information that is protected by the work product doctrine and the attorney-client

privilege. If any privileged information is inadvertently produced in response to

JSO's interrogatories, there shall be no waiver of Motorola's right to assert these privileges.

3.    Each of the foregoing objections is hereby incorporated in each and every one of the following supplemental responses to JSO's First Set of Interrogatories, whether or not it is specifically identified.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Motorola objects to Plaintiff's definition of "documents" in Definition number 4 as overbroad, unduly burdensome, and to the extent that it asks for information that is protected by the work product doctrine and the attorney-client privilege.

## RESPONSES TO INTERROGATORIES

1.    Identify and specifically describe all grounds for your purported decision to terminate JSO's MRA.

**ANSWER: As detailed in Motorola's letter dated February 26, 2004 from Mr. Dana Huth, the Vice President of Worldwide Sales & Market Development, to Mr. Jeff Gibson, Motorola based its decision to terminate on JSO's failure to meet the performance standards delineated in Exhibit 4 to the Manufacturer's Representative Agreement between Motorola Computer Group and JSO (the "Agreement"). Motorola based its termination on the language of the parties' Agreement. See also response to Interrogatory number 2.**

2.    Identify and describe any and all conclusions drawn from your "evaluation" and/or "analysis" of JSO's performance under its MRA as you described in the Declaration of Julie Blair at paragraphs 9 and 11.

**ANSWER: Motorola concluded that JSO failed to meet its quotas for uncommitted, committed, and design win accounts as set forth in the graph on page two of Exhibit 4 to the Agreement, which depicts the quarterly quotas for uncommitted, committed, and design win business. The quarterly quota for**

uncommitted business was either three, six, or eight accounts. By the end of the third quarter, JSO should have obtained 11 uncommitted accounts, but had obtained at most, only nine accounts. See also response to JSO Interrogatory No. 3.

The quarterly quota for committed business was either one, two, or three. By the end of the third quarter, JSO should have obtained three committed accounts, but had obtained only one. See also response to JSO Interrogatory No. 4

The quarterly quota for design wins was one account. By the end of the third quarter, JSO should have obtained one design win, but failed to do so. See also response to JSO Interrogatory No. 5.

Also, JSO failed to meet the Territorial Development Requirement by not participating in/promoting a minimum of four Motorola-sponsored public seminars.


DATED:  April 3, 2006.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
William W. Bowser (No. 2239)

and

LEWIS AND ROCA LLP


Randy Papetti
Cory A. Talbot
40 N. Central Avenue
Phoenix, Arizona  85004
(602) 262-5311

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC., a )
Canadian corporation, and J-SQUARE )
TECHNOLOGIES (OREGON) INC., an )
Oregon corporation, )
                    Plaintiffs, )
           v. )   C.A. No. 04-CV-960-SLR
             )
MOTOROLA, INC., a Delaware )
corporation. )
             Defendant. )

## NOTICE OF SERVICE

I, William W. Bowser, Esquire, hereby certify that on April 3, 2006,

copies of **Defendant's Supplemental Response to Plaintiff J-Squared Technologies**

**(Oregon), Inc.'s First Set of Interrogatories and Certificate of Service** were served

upon the following counsel:

        David Allan Felice, Esquire (By Hand Delivery)
        Cozen O'Connor
        Chase Manhattan Centre
        1201 North Market, Suite 1400
        Wilmington, DE 19801

        Kevin F. Berry, Esquire (By First Class Mail)
        Cozen O'Connor
        1900 Market Street
        Philadelphia, PA 19103

          YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ William W. Bowser
        _____
        William W. Bowser, Esquire (Bar I.D. 2239)
        The Brandywine Building, 17th Floor
        1000 West Street
        Wilmington, Delaware 19801
        Telephone: (302) 571-6601
        Facsimile: (302) 576-3282
        Email: wbowser@ycst.com
        Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC., a )
Canadian corporation, and J-SQUARE )
TECHNOLOGIES (OREGON) INC., an )
Oregon corporation, )
                    Plaintiffs, )
           v. )   C.A. No. 04-CV-960-SLR
 )
MOTOROLA, INC., a Delaware )
corporation. )
               Defendant. )

## CERTIFICATE OF SERVICE

      I, William W. Bowser, Esquire, hereby certify that on April 3, 2006, I

electronically filed a true and correct copy of the foregoing **Notice of Service** with the

Clerk of the Court using CM/ECF, which will send notification that such filing is

available for viewing and downloading to the following counsel of record:

               David Allan Felice, Esquire
               Cozen O'Connor
               Chase Manhattan Centre
               1201 North Market, Suite 1400
               Wilmington, DE 19801

      I further certify that on March 31, 2006, I mailed by United States Postal

Service the foregoing **Notice of Service** to the following non-registered participant:

               Kevin F. Berry, Esquire
               Cozen O'Connor
               1900 Market Street
               Philadelphia, PA 19103

               YOUNG CONAWAY STARGATT & TAYLOR, LLP

               /s/ William W. Bowser
               William W. Bowser, Esquire (Bar I.D. 2239)
               The Brandywine Building
               1000 West Street
               Wilmington, Delaware  19801
               Telephone: (302) 571-6601
               Facsimile: (302) 576-3282
               Email: wbowser@ycst.com

**Codding, Cathy**

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, April 03, 2006 3:36 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:04-cv-00960-SLR J-Squared Inc., et al v. Motorola Inc. "Notice of Service" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Bowser, William entered on 4/3/2006 at 3:36 PM EDT and filed on 4/3/2006

| | |
|---|---|
| **Case Name:** | J-Squared Inc., et al v. Motorola Inc. |
| **Case Number:** | 1:04-cv-960 |
| **Filer:** | Motorola Inc. |
| **Document Number:** | 104 |

**Docket Text:**
NOTICE OF SERVICE of Defendant's Supplemental Response to Plaintiff J-Squared Technologies (Oregon), Inc.'s First Set of Interrogatories re [29] Notice of Service,, by Motorola Inc.. Related document: [29] Notice of Service,, filed by J-Squared Technologies Inc.,, J-Squared Technologies (Oregon) Inc.,.(Bowser, William)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/3/2006] [FileNumber=194418-0] [8bf4786f906b6f1c939c66b68b4cc6ef53f9a839d72752227b70044c806fe6b4c19d6 7346fabc44dfb631f8c8010c33c3e3ce2178bcbcb05d2759a4c71f60f94]]

**1:04-cv-960 Notice will be electronically mailed to:**

William W. Bowser    wbowser@ycst.com, ccodding@ycst.com; dcoles@ycst.com; rruggieri@ycst.com

David A. Felice    dfelice@cozen.com

Cory A. Talbot    ctalbot@lrlaw.com

**1:04-cv-960 Notice will be delivered by other means to:**

4/3/2006