# Exhibit A

# United States District Court
### Northern District of Illinois

J-SQUARED TECHNOLOGIES, INC.,
a Canadian Corporation, and
J-SQUARED TECHNOLOGIES (OREGON) INC.,
an Oregon corporation,

     v.

MOTOROLA, INC., a Delaware Corporation.

Case Number: 04-960-SLR
(pending in the United States District Court for the
District of Delaware)

## SUBPOENA IN A CIVIL CASE

**TO:**    Max Technical Sales
        2121 West Army Trail Road; Suite 112
        Addison, IL 60101

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A.**

| PLACE
Cozen O'Connor
222 South Riverside Plaza, Suite 1500
Chicago, IL 60606 | DATE AND TIME
April 13, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
Atty for TT | DATE
4/5/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joseph G. Lyons, Cozen O'Connor, 222 South Riverside Plaza, Suite 1500, Chicago, IL 60606 (312-382-3100)
Attorneys for Plaintiffs

## PROOF OF SERVICE

| SERVED | DATE | PLACE | |
|---|---|---|---|
| SERVED ON (PRINT NAME) | | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | | TITLE: |

## DECLARATION OF SERVER

I declare under penalty of perjury under the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
Date                                    Signature of Server

_____
Address of Server

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place

where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of any unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### Definitions:

A.     The terms "you" and "your" refer to Max Technical Sales, its predecessors in interest, subsidiaries, parent companies, unincorporated divisions, agents, employees and assigns.

B.     The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and include, without limitation, all papers of any kind, all graphically recorded items, and all electronically or magnetically recorded items such as video tapes, audio tapes, and computer or word processing records and any other items, if anything, that can be requested pursuant to Fed. R. Civ. P. 34.  The term "documents" includes originals, drafts and all documents that differ in any respect from another version of the same document.

C.     The term "communications" refers to all conversations, correspondence, or contact between two or more persons, whether in person, in writing, by phone, or by any other means.

D.     The term "Motorola" refers to Motorola, Inc. and any and all of its subsidiaries, divisions, employees, distributors, representatives, including, but not limited to the Motorola Computer Group.

E.     The term "Agreement" refers to the Manufacturer Representative Agreement entered into between you and Motorola on or about August 12, 2003.

### Documents to be Produced:

1.     All communications between you and Motorola concerning all negotiations leading up to the execution of the Agreement.

2.     All communications between you and Motorola concerning the expected or represented duration of the relationship created under the Agreement.

3.     All communications between you and Motorola concerning your performance under the Agreement.

4.     All communications between you and Motorola concerning your termination or non-renewal under the terms of the Agreement.

5.     All documents that refer or relate to your presenting a claim for redress against Motorola for its termination or non-renewal of the Agreement.

6.     Any settlement agreement(s), judgment(s) or other disposition(s) of any claims brought by you against Motorola.

7.     All documents that refer or relate to any settlement agreement(s), judgment(s) or other disposition(s) of any claims brought by you against Motorola.

8.    All written, recorded or transcribed statements in your possession that refer or relate to the Agreement and/or your performance thereunder.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### CASE NO. 04-960-SLR
AFFIDAVIT OF SPECIAL PROCESS SERVER

**Jason Holinka**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

( ) Summons & Complaint
( ) Citation to Discover Assets
( ) Rule to Show Cause
( **X** ) Subpoena
( **X** ) Other: **Witness & Mileage Fee: $65.00**

1.    ( ) By leaving a copy with the named party, ------- personally on -------.

2.    ( ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3.    ( **X** ) On the within party, **Max Technical Sales** by leaving a copy with **John Penn, District Manager and Authorized Person**, on **April 6, 2006**, and informed that person of the contents thereof.

4.    ( **X** ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Male**          RACE: **Caucasian**          APPROXIMATE AGE: **34**

5.    ( **X** ) That the place where and the time of day when the documents were served were as follows:

PLACE: **2121 W Army Trail Rd., #112, Addison, IL 60101**
TIME OF DAY: **2:49 PM**

6.    ( ) That he was unable to serve the within named party ------ located at ------- for the reason: -------

Signed and Sworn to before me
This 11ᵗʰ day of **April 2006.**

OFFICIAL SEAL
KELLY L DENT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/02/09

Jason Holinka
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885