IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., <br> J-SQUARED TECHNOLOGIES (OREGON) INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOTOROLA, INC., <br><br> Defendant. | C.A. No. 04-960-SLR <br><br> JURY TRIAL DEMANDED |
| G.L. WILLIAMS ASSOCIATES, INC.; <br> RT TECHNOLOGY, LLC; and <br> WEST COAST REPS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOTOROLA, INC., <br><br> Defendant. | C.A. No. 06-114-SLR <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO CONSOLIDATE**

Pursuant to Civil Rule 42, Plaintiffs J-Squared Technologies, Inc. ("JST"), J-Squared Technologies (Oregon), Inc. ("JSO"), G.L. Williams Associates, Inc. ("GLW"), RT Technology, LLC ("RTT") and West Coast Reps, Inc. ("WCR") (collectively, "Plaintiffs") move to consolidate the two above-captioned actions for all purposes, including trial. In support of their Motion, Plaintiffs state the following:

1.  Consolidation of the two actions would provide a more efficient mechanism to adjudicate the parties' disputes and would operate to conserve judicial resources as there are common questions of law and fact for all parties. As more fully set forth below, the common questions of law and fact include: (i) five disputes arising from substantially similar contracts; (ii) the contracts were negotiated by the same division of Motorola; (iii) Motorola made the same

representations to all its manufacturer's representatives concerning the proposed representative business model; (iv) Motorola terminated all its manufacturer's representatives on February 26, 2004 (on the alleged basis of either inadequate performance or non-renewal); (v) whether Motorola's false representations and deliberate omissions provide plaintiffs with extra-contractual remedies; and (vi) all Plaintiffs have substantially identical claims against Motorola with damages that are easily discernable.

2. JST and JSO initiated their complaint on August 20, 2004 (the "JST Complaint"). The JST Complaint asserts claims for: (i) breach of contract; (ii) promissory estoppel; (iii) negligent misrepresentation; and (iv) breach of duty of good faith and fair dealing.[1] The parties are in the final stages of fact and expert discovery in this action. The five (5) day jury trial is presently scheduled to begin on September 25, 2006.

3. On February 22, 2006, GLW, RTT and WCR filed a complaint (the "GLW Complaint") asserting: (i) breach of contract; (ii) promissory estoppel; (iii) negligent misrepresentation; (iv) breach of the duty of good faith and fair dealing; (v) fraud; and (vi) deceptive trade practices. On April 10, 2006, Motorola filed its motion to dismiss, or in the alternative, motion for a more definite statement based on substantially the same grounds that were denied in the JST and JSO action. Briefing is underway on this motion.

4. Under Federal Civil Rule 42, when actions involving common questions of law and fact are pending before the court, it may order all actions consolidated and may make such orders concerning proceedings therein as may tend to avoid unnecessary costs and delays. Rule 42(a) grants this Court broad powers to consolidate actions involving common questions of law or fact, if in its discretion, such consolidation would facilitate the administration of justice.

---

[1] Contemporaneous with this Motion to Consolidate, JST and JSO filed a motion to amend the JST Complaint to add a claim for fraud and deceptive trade practices. The amendment will conform this pleading to the complaint filed by GLW, RTT and WCR.

2

*Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) (citing *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)).

5.  Further, Rule 42(a) was created and intended to encourage the consolidation of actions. *Attala Hydratane Gas, Inc. v. Lowry Tims Co.*, 41 F.R.D. 164, 165 (N.D. Miss. 1966). Courts should allow consolidation as a matter of convenience and economy whenever it is reasonable under the circumstances. *Id.* "It is fundamental that the law frowns upon multiplicity of litigation, particularly under our Federal Rules of Civil Procedure, and particularly where the court may order the consolidation of all actions involving common questions of law or fact in order to avoid unnecessary costs and delay. *Johnson v. Mississippi Valley Barge Line Co.*, 34 F.R.D. 140, 142 (W.D. Pa. 1963).

6.  Consolidation will be ordered where it will save witness time and expense, avoid duplicitous filings, and eliminate the risk of inconsistent results between two proceedings. *Waste Distillation Tech., Inc.*, 775 F. Supp. at 761.

7.  The maintenance of two separate actions will waste time, energy and money. Moreover, Motorola is unable to present any evidence that simultaneous disposition of these actions will cause any inconvenience, delay or additional expense.

8.  The discovery in both actions will be essentially the same, particularly with respect to questions of Motorola's representations, omissions, contract interpretation and the legitimacy of certain business practices. As identified above, Plaintiffs' disputes arise from substantially similar contracts. These contracts were negotiated by the same division of Motorola, with many of the same Motorola employees speaking with Plaintiffs about the same contract negotiation issues. Further, Motorola made the same representations to all its manufacturer's representatives concerning the proposed representative business model, including representations concerning duration and profitability.

9.  Accordingly, in the interests of judicial economy, Plaintiffs request that the Court grant the request to consolidate these two pending actions for all purposes, including trial.

WHEREFORE, Plaintiffs respectfully request that their motion to consolidate be granted and that the above-captioned actions be consolidated for all purposes, including trial.

Dated: April 24, 2006

/s/ David A. Felice
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Attorneys for Plaintiffs*

Of Counsel:
Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

## **CERTIFICATION**

Counsel for Plaintiffs consulted with counsel for Defendant pursuant to District of Delaware Local Rule 7.1.1 and determined that Defendant was not in a position to agree to the relief requested in the preceding Motion.

_/s/ David A. Felice_
David A. Felice (#4090)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., <br> J-SQUARED TECHNOLOGIES (OREGON) <br> INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOTOROLA, INC., <br><br> Defendant. | : <br> : <br> : <br> : C.A. No. 04-960-SLR <br> : <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : <br> : <br> : |
| G.L. WILLIAMS ASSOCIATES, INC.; <br> RT TECHNOLOGY, LLC; and <br> WEST COAST REPS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOTOROLA, INC., <br><br> Defendant. | : <br> : <br> : <br> : <br> : C.A. No. 06-114-SLR <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : <br> : |

## **ORDER**

WHEREAS, the Court having considered Plaintiffs' Motion to Consolidate the above-captioned actions;

WHEREAS, the Court having determined that good cause exists for consolidation;

IT IS HEREBY ORDERED this ____ day of _____, 2006 that the above-captioned actions are consolidated for all purposes, including trial, under the Civil Action No. _____, with the caption amended accordingly.

_____<br>
United States District Judge

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on April 24, 2006, I electronically filed a notation of the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

>William W. Bowser
>Young Conaway Stargatt & Taylor
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>
>Cory Talbot
>Lewis and Roca LLP
>40 N. Central Avenue
>Phoenix, AZ 85004

>*/s/ David A. Felice*
>David A. Felice (#4090)
>Cozen O'Connor
>1201 North Market Street, Suite 1400
>Wilmington, DE 19801
>Telephone: (302) 295-2000
>Facsimile: (302) 295-2013
>Email: dfelice@cozen.com