IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., <br> J-SQUARED TECHNOLOGIES (OREGON) <br> INC., <br> <br> Plaintiffs, <br> <br> v. <br> <br> MOTOROLA, INC., <br> <br> Defendant. | : <br> : <br> : <br> : C.A. No. 04-960-SLR <br> : <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : |

## PLAINTIFFS' MOTION TO AMEND

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs J-Squared Technologies, Inc. ("JST") and J-Squared Technologies (Oregon), Inc. ("JSO") (collectively, "Plaintiffs") move to amend their complaint to conform their causes of actions and allegations to the evidence obtained through discovery. In support of their Motion, Plaintiffs state the following:[1]

1. Following months of independent investigation and litigation discovery efforts, Plaintiffs have uncovered facts evidencing that Motorola, Inc. ("Motorola") engaged in fraudulent conduct through its negotiation, performance and termination of its manufacturer's representative agreements. Moreover, the actions and intentional omissions undertaken by Motorola evidence deceptive business conduct expressly prohibited by applicable state law. As a result, Plaintiffs seek leave to amend their complaint to add claims for fraud and deceptive trade practices in order that the pleadings may conform to the evidence uncovered to date.

## FACTS

2. Plaintiffs initiated their complaint on August 20, 2004. The complaint contained five identical causes of action for: (i) breach of contract; (ii) promissory estoppel; (iii) negligent

---

[1] Pursuant to D. Del. LR 7.1.2, Plaintiffs reserve their right to submit a brief in reply to any opposition filed by Motorola.

misrepresentation; (iv) breach of implied duty of good faith and fair dealing; and (v) violation of Arizona's Consumer Fraud Act, ARIZ. REV. STAT. 44-1522. (D.I. 1).

3. Motorola filed a motion to transfer or, in the alternative, to dismiss portions of the Complaint. (D.I. 10).

4. On February 4, 2005, the Court denied Motorola's motion to transfer the action to the District of Arizona. (D.I. 17).

5. On April 13, 2005, the Court granted Motorola's motion to dismiss only as it related to Plaintiffs' claim for violation of Arizona's Consumer Fraud Act and a claim for punitive damages stemming from a breach of the implied duty of good faith and fair dealing. (D.I. 18); *J-Squared Tech., Inc. v. Motorola, Inc.*, 364 F. Supp. 449 (D. Del. 2005). In its decision, the Court specifically disclaimed (after full briefing on the issues) application of the economic loss doctrine and parol evidence rule as bases for denying the requested relief. *J-Squared Tech., Inc.*, 364 F. Supp. at 454 & n.10.

6. On June 3, 2005, the Court entered the initial scheduling order in this action. (D.I. 24). The original closing date for motions to amend was set for September 2, 2005.

7. Beginning in late 2005, the parties began to explore the possibility of resolving their disputes through private mediation. The parties agreed to mediate the instant dispute and the dispute embodied in a companion action presently styled: *G.L. Williams Assoc., Inc. v. Motorola, Inc.*, C.A. No. 06-114-SLR (D. Del.). The parties' two day mediation concluded, unsuccessfully, on February 14, 2006. Through written and oral representations at the mediation, Motorola was placed on notice that Plaintiffs would move to amend their complaint to conform their claims to the evidence and to mirror the *G.L. Williams* complaint that would be filed if the matter did not settle.

8. Through a number of stipulations between counsel, the fact and expert discovery deadlines were extended. Written fact discovery just concluded on April 3, 2006. To accommodate certain scheduling issue, the parties agreed to calendar two final depositions for the near future. Moreover, Plaintiffs' motion to compel Motorola to respond to certain discovery is fully briefed and awaiting a decision from the Court. (D.I. 76).

9. Contemporaneous with the filing of this Motion, Plaintiffs filed a motion to consolidate this action with the companion matter: *G.L. Williams Assoc., Inc. v. Motorola, Inc.*, C.A. No. 06-114-SLR (D. Del.).

10. Should consolidation of these actions not be awarded, a five (5) day jury trial is presently scheduled to begin on September 25, 2006. (D.I. 24).

## ARGUMENT

A. <u>Applicable Standard</u>

11. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading by leave of court, which leave should be given freely as justice so requires. *PE Corp. v. Affymetrix, Inc.*, 2001 WL 1180280 (D. Del. Sept. 27, 2001). "'If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Symbol Tech., Inc. v. Proxim Inc.*, 2003 WL 1905637, at *1 (D. Del. Apr. 17, 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Such amendments should relate back to the date of the original filing where the claims in the amended pleadings arose from the same conduct, transaction or occurrence set forth in the original pleading. *Yorden v. Flaste*, 374 F. Supp. 516 (D. Del. 1974). This Court permits amendment even after the deadline established in the Court's scheduling order expires. *See Symbol Tech.*, 2003 WL 1905637, at *1-3 (granting plaintiff's motion to amend approximately

eight (8) months after the amendment deadline, three (3) months following the close of discovery and five (5) months prior to trial).

B. <u>Fraud Pleading Requirements</u>

12. Plaintiffs seek to add claims for fraud and deceptive trade practices. Under applicable law[2], a claim for fraud requires: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Peery v. Hansen*, 585 P.2d 574, 577 (Ariz. App. 1978).[3] Plaintiffs' proposed fraud claim is supported by at least five recently discovered pieces of evidence suggesting fraudulent or deceptive conduct on the part of Motorola.

13. As early as November 2005, Motorola was placed on notice of the some of the evidence Plaintiffs allege serves as a basis for the fraud claims. (D.I. 51, 52) (pertinent written

---

[2] Anticipating that a choice of law issue surrounding Plaintiffs' tort claims might arise, the Court, *sua sponte*, determined that it would apply the parties' contractual choice of law of Arizona law to ensure uniform adjudication of Plaintiffs' claims. *J-Squared Tech. Inc.*, 364 F. Supp. 2d at 452 n.7 (D. Del. 2005). Plaintiffs will cite analogous case law as a guide should the Court revisit the choice of law issue. *See also* n.4, *infra*.

[3] Under Oregon law, fraud requires that: "'(1) the accused had falsely represented a material fact; (2) the accused knew that the representation was false; (3) the misrepresentation was made with the intent to induce the recipient to act or refrain from acting; (4) the recipient justifiably relied on the misrepresentation; and (5) the recipient was damaged by that reliance.'" *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1131 (Or. App. 2003) (quoting *In re Brown*, 956 P.2d 188 (1998)). Delaware law has substantially similar requirements. *See Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983) (same); *Trent Partners & Assoc., Inc. v. Digital Equip. Corp.*, 120 F. Supp. 2d 84, 108-09 (D. Mass. 1999) (same). Under Canadian law, the tort of deceit requires: "(a) the defendant made a false representation of fact to the plaintiff (b) the defendant (i) knew the representation was false; (ii) had no belief in the truth of the representation; or (iii) was reckless as to the truth of the representation (c) the defendant intended that the plaintiff should act in reliance on the representation, (d) the plaintiff did act on the representation (e) the plaintiff suffered a loss by doing so. *Amertek Inc. v. Canadian Comm. Corp.*, 5 B.L.R. (4th) 199, 31 C.C.L.T. (3d) 238, 200 O.A.C. 38, 256 D.L.R. (4th) 287, 76 O.R. (3d) 241 (2005) (attached as Exhibit 10).

discovery responses attached as Exhibit 2). Certain additional evidence supporting the claims was not discovered until deposition discovery was undertaken and an additional round of written discovery was completed. (*See* Exhibit 3).

14. Depositions of Motorola employees and Motorola's own written responses to discovery requests served to introduce additional evidence upon which a fraud claim may be premised. Specifically, Larry Terry, one of Motorola's negotiators for the JST Agreement, testified that he told Plaintiffs that Motorola intended the relationship to be "long-term relationship." (Exhibit 4 (Terry dep. at pp. 117-118, 236); *see also* Exhibit 3). Indeed, Mr. Terry represented that the manufacturer's representative business model would last at least three to four years in order to rebuild the eroded business line in Canada. (Exhibit 4).

15. Following the representations made during the negotiation process (which were confirmed during Plaintiffs' depositions), Plaintiffs asked that the language in Motorola's form agreement be changed to conform to the representations concerning duration. When presented with this request, Jeanne Kolasa – of Motorola's legal department – unequivocally stated that Motorola's internal G9 policy prohibited automatic renewal of these type of agreements. (Exhibit 5). In direct contradiction to Motorola's representations, discovery revealed that the G9 policy does not prohibit automatic renewal of the agreements. Motorola readily admitted this through its responses to Plaintiffs' requests for admission. (Exhibit 3). Ms. Kolasa's fraudulent statements during the negotiations are sufficient in their own right to state a claim for fraud.

16. Through discovery and even in papers submitted to the Court, Motorola concedes that it did not pay certain commissions owed to Plaintiffs until confronted with the discrepancies. (D.I. 95 at p.22). The failure or refusal to fully compensate Plaintiffs and other representatives provides both direct and circumstantial evidence of Motorola's attempt to defraud its business partners of commissions properly payable under the Agreements.

17. Motorola negotiated and executed the JSO Agreement even after Kevin Parslow (Director of Worldwide Sales for MCG) communicated that all manufacturer's representative agreements were to be placed on hold. (Exhibit 6). Motorola did not communicate this material fact to JSO during any part of the negotiations.

18. Finally, document discovery indicates that Motorola knew at the time of the negotiations that the point of sale figures generated in the territory covered by the JST Agreement were insufficient to drive the represented commission figures. Whereas Motorola represented commission payments to be between $5,000 and $10,000 per month, the actual monthly revenue for the months immediately preceding the execution of the JST Agreement would have generated less than $500 per month in commissions payable. (Exhibit 7). When the JST Agreement was finally singed, Motorola's chief negotiators quipped "we got a deal on this one!" (Exhibit 8).

19. Given this evidence, Plaintiffs should be permitted to amend their complaint to add a claim for fraud and/or fraud in the inducement.

C. <u>Deceptive Trade Practices Pleading Requirements</u>

20. Plaintiffs may assert a cause of action for deceptive trade practices given Motorola's conduct in negotiating and undertaking performance of the Agreements.[4] Under the laws of Delaware, Massachusetts, Oregon or Canada, Motorola's deceptive and fraudulent conduct serves as a basis for a deceptive trade practices claim.

21. A federal court sitting in diversity will apply the forum state's choice of law provisions when assessing matters of substantive law. *Burnett v. Ghassem Vakili, M.D., P.A.,*

---

[4] The Court, *sua sponte*, applied Arizona law when addressing Motorola's Motion to Dismiss. *J-Squared Tech.*, 364 F. Supp. at 452 n.7. If the Court maintains application of Arizona law to the claim for deceptive trade practices, Plaintiffs concede that this statutory claim for relief maybe futile as Arizona has not adopted any version of the Uniform Deceptive Trade Practices Act. The Arizona statute that closest resembles the Uniform Deceptive Trade Practices Act is ARIZ. REV. STAT. § 44-1211.

685 F. Supp. 430, 431 (D. Del. 1988) (citing *Samuelson v. Susen*, 576 F.2d 546, 549 (3d Cir. 1978). Delaware courts look to the Restatement (Second) of Conflict of Laws for guidance in choice of law disputes. Given an action in tort, Delaware state courts look at the following factors: (i) the place where the injury occurred; (ii) the place where the conduct causing the injury occurred; (iii) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (iv) the place where the relationship, if any, between the parties is centered. *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991) (citing Restatement (Second) of Conflicts § 145). These factors weigh in favor of recognizing the applicability of Canadian law and the laws of Oregon, Massachusetts or Delaware to this claim.

22.   The alleged injuries occurred in Ontario, Canada and Portland, Oregon. JST is a Canadian company with its principal place of business located in Kanata, Ontario, Canada. (D.I. 1 at ¶ 2). JSO is a Delaware corporation with its principal place of business located in Portland, Oregon. (D.I. 1 at ¶ 3). Motorola is a Delaware corporation with its corporate headquarters in Schaumburg, Illinois, with its computer division having offices in Tempe, Arizona. (D.I. 11 at pp. 2-3).

23.   Motorola's employees traveled to Canada to negotiate the Agreements and to meet with Plaintiffs. (Declaration of Jeffrey Gibson, D.I. 13 at Ex. A, ¶¶ 5-6). Plaintiffs' employees were never present in Arizona during the negotiations. (D.I. 13 at Ex. A, ¶ 7).

24.   The majority of the parties' performance under the Agreements took place in Canada, Oregon, Massachusetts and California. Indeed, Plaintiffs' employees Jeff Gibson, Steve Blomme and Claude Langlois all worked in Canada, as did Motorola employees Larry Terry and Paul Holt. Moreover, Motorola's business development managers, Steve Machernis and Ed Kaczor were based in Boston, Massachusetts.

WILM1\34340\1153371.000

25.     Under applicable law, the fraudulent conduct described above (*see supra*, ¶¶ 13-18) constitutes deceptive trade practices. "A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person: (1) Employs any unconscionable tactic in connection with sale, rental or other disposition of real estate, goods or services, or collection or enforcement of an obligation" O.R.S. § 646.607 (effective through Jan. 2, 2006). In Delaware, to establish a claim under the Delaware Deceptive Trade Practices Act, a party "must prove that 'a person ... in the course of a business, vocation, or occupation' engages in any one of the twelve enumerated 'deceptive trade practices' under th[e] act. For the most part, no proof of the elements of common law fraud is required under the UDTPA." *State ex rel. Brady v. Publishers Clearing House*, 787 A.2d 111, 117 (Del. Ch. 2001) (quoting 6 *Del. C.* § 2532); *see also* M.G.L.A. 93A §§ 2, 11 (making unlawful in Massachusetts the actions enumerated by the Federal Trade Commission under 15 U.S.C. § 45(a)(1)); *Trent Partners*, 120 F. Supp. 2d at 107 (recognizing that under Massachusetts law, a triable issue of fact as to a breach of the implied duty of good faith and fair dealing establishes a triable issue of fact under the deceptive trade practices act); Part VII of *Competition Act*, R.S. 1985, c. C-34 (attached as Exhibit 9).

26.     Accordingly, the Court should apply either Oregon, Massachusetts, Delaware or Canadian law and permit amendment to add a claim for deceptive trade practices.

27.     Defendants will not suffer undue prejudice by virtue of the amendment.

28.     Pursuant to District of Delaware Local Rule 15.1, Plaintiffs' proposed Amended Complaint in its final form and a redline copy of the proposed Amended Complaint indicating additions and subtractions is attached hereto as Exhibit 1.

WHEREFORE, Plaintiffs respectfully request that their motion to amend be granted and that the amended complaint be deemed filed as of the date of the Court's order.

Dated: April 24, 2006

/s/ David A. Felice
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Attorneys for Plaintiffs*

Of Counsel:
Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

## CERTIFICATION

Counsel for Plaintiffs consulted with counsel for Defendant pursuant to District of Delaware Local Rule 7.1.1 and determined that Defendant was not in a position to agree to the relief requested in the preceding Motion.

*David A. Felice*
David A. Felice (#4090)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., <br> J-SQUARED TECHNOLOGIES (OREGON) INC., | : <br> : <br> : <br> : | |
| | : | C.A. No. 04-960-SLR |
| Plaintiffs, | : <br> : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| MOTOROLA, INC., | : <br> : | |
| Defendant. | : | |

### ORDER

WHEREAS, the Court having considered Plaintiffs' Motion to Amend their Complaint; and

WHEREAS, the Court having determined that good cause exists for amendment;

IT IS HEREBY ORDERED this ____ day of _____, 2006 that the Motion is GRANTED and the Amended Complaint is deemed filed as of the date of this Order.

_____
UNITED STATES DISTRICT JUDGE

11

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on April 24, 2006, I electronically filed a notation of the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

>William W. Bowser
>Young Conaway Stargatt & Taylor
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>
>Cory Talbot
>Lewis and Roca LLP
>40 N. Central Avenue
>Phoenix, AZ 85004

>David A. Felice (#4090)
>Cozen O'Connor
>1201 North Market Street, Suite 1400
>Wilmington, DE 19801
>Telephone: (302) 295-2000
>Facsimile: (302) 295-2013
>Email: dfelice@cozen.com