IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., and J-SQUARED TECHNOLOGIES (OREGON) INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-960-SLR |
| v. | ) ) | JURY TRIAL DEMANDED |
| MOTOROLA, INC., a Delaware corporation | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and District of Delaware Local Rule 30.2, Plaintiffs J-Squared Technologies, Inc. and J-Squared Technologies (Oregon), Inc. (collectively, "Plaintiffs") move for the entry of a protective order precluding certain discovery from third-party GE Fanuc Automation, Inc. ("GE"). In support of their motion, Plaintiffs state the following:

1.      A protective order should be entered to deny or limit Motorola's discovery efforts of third-party deponent GE for three main reasons. First, Motorola's requested discovery is immaterial to any claim or defense presented in this litigation. Second, Motorola's efforts are undertaken to harass and unduly burden Plaintiffs' business partner as Motorola did not take reasonable steps to avoid imposing this burden on GE. *See* Fed. R. Civ. P. 45(c)(1). Specifically, despite several rounds of written discovery requests directed to Plaintiffs, Motorola never once requested production of documents addressing Plaintiffs' relationship with GE. Finally, certain information contained in potentially responsive documents contains trade secret and/or business proprietary information addressing the customer information of both GE and Plaintiffs. Accordingly, Plaintiffs' motion should be granted.

**Facts**

2.      On or about March 29, 2006, Motorola caused to be served upon GE's custodian of records a subpoena issued from the United States District Court for the Eastern District of Virginia. (D.I. 112) (subpoena attached as Exhibit 1). The GE subpoena requests the production of three (3) categories of documents, including: (i) all contracts between GE Fanuc Embedded Systems and J-Squared Technologies, Inc., J-Squared Technologies (Oregon), Inc., and J-Squared Technologies (North Carolina), Inc., from November 1 2003 to the present; (ii) all documents reflecting or pertaining to any communications between GE Fanuc Embedded Systems and the J-Squared entities from November 1, 2003 to June 1, 2004; and (iii) documents sufficient to show all amounts GE Fanuc Embedded Systems paid the J-Squared entities from November 1, 2003 to present. (*Id.*).

3.      The parties and GE worked together to accommodate Motorola's desire to seek information relevant to the claims and defenses asserted in this litigation. Specifically, GE will produce copies of: (i) redacted contracts; (ii) five to six emails; and (iii) a total number reflecting the amount of money GE has paid to Plaintiffs. (*See* Exhibit 2). The production will be limited to Plaintiffs (excluding J-Squared (North Carolina)) and will encompass documents existing prior to Motorola's termination of Plaintiffs' Agreements (February 26, 2004).

4.      Despite these reasonable accommodations, Motorola seeks information that is immaterial to any of the claims or defenses asserted in this litigation and that may potentially touch upon trade secret or other proprietary information belonging to either, or both, Plaintiffs and GE.

WILM1\34459\1153371.000

## Argument

5.    Plaintiffs have standing to assert this motion as their objections address claims of personal right or privilege to the documents sought. *See Oliver B. Cannon & Son v. Fidelity and Casualty Co. of New York*, 519 F. Supp. 668, 680 (D. Del. 1981); *see infra* § C.

### A.    Motorola's Requests are Immaterial

6.    Federal Rule of Civil Procedure 26 only permits discovery of matters that are relevant to the claims or defenses asserted by the party. *See* Fed. R. Civ. P. 26(b)(1). Despite the broad definition of relevancy afforded parties under Rule 26, Motorola's discovery efforts with the GE subpoena are misplaced.

7.    Motorola has alluded to the allegation that the requested information is relevant to Plaintiffs' potential breach of the non-competition clause. However, Motorola has failed to plead or otherwise assert an affirmative defense of Plaintiffs' alleged breach of the non-competition clause under the Agreements. As the requested information has no possible bearing on Motorola's defenses as asserted in this action, the Court should enter a protective order relieving GE of its obligation to respond to the subpoena. *See Hercules Powder Co. v. Roman Haas Co.*, 3 F.R.D. 302, 304 (D. Del. 1943).

### B.    Motorola's Subpoena Imposes an Undue Burden on GE

8.    Pursuant to Federal Rule of Civil Procedure 45(c)(1), Motorola has an obligation not to issue a subpoena for improper purposes or to impose an undue burden on the recipient of the subpoena. Here, Motorola did not undertake reasonable steps to avoid imposing the undue burden or expense upon GE prior to issuance of the subpoena. Specifically, Motorola failed to direct any discovery efforts towards Plaintiffs that would possibly embrace this information. Instead, Motorola unilaterally put GE to the time and expense of responding to the subpoena that may have been properly addressed in discovery efforts between the parties.

WILM1\34459\1153371.000

9.    Given these efforts, or lack thereof, Plaintiffs are to assume that the only purpose behind the subpoena is to harass or otherwise burden Plaintiffs' business partner. Given Motorola's lack of good faith efforts to resolve its discovery requests short of issuing a subpoena, GE's response efforts should be limited to that discovery to which the parties have already agreed. *See Liberty Mutual Ins. Co. v. Diamante,* 194 F.R.D. 20, 23 (D. Mass. 2000).

**C.    Motorola's Subpoena Seeks Disclosure of Confidential Information and Trade Secrets.**

10.    Motorola seeks the production of documents relating to any communications between GE and Plaintiffs from November 1, 2003 through June 1, 2004. The documents requested may, and most likely will, contain confidential and proprietary business information and protectable trade secrets. This information would include customer contact information, purchase history and other business proprietary information.

11.    Information may be deemed a trade secret if it "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure and use [and the party holding the trade secret undertakes efforts] to maintain its secrecy." 6 *Del. C.* § 2001(4)(a). Moreover, customer information is properly the subject of claims for trade secret protection. *See Total Care Physicians, P.A. v. O'Hara,* 2002 WL 31667901, at * 5 (Del. Super. Oct. 29, 2002).

12.    The potential disclosure of this information to Motorola (a competitor of GE and Plaintiffs) is presumed to be more harmful than disclosure to a non-competitor. *Coca-Cola Bottling Co. v. Coca-Cola Co.,* 107 F.R.D. 288, 293 (D. Del. 1985).

13.    Given the potential for disclosure of confidential and proprietary information, Plaintiffs request that a protective order be entered that permits GE to refrain from disclosing or be permitted to redact such information.

4

WILM1\34459\1153371.000

WHEREFORE, Plaintiffs respectfully request that a protective order be granted and that

Motorola only be permitted discovery of that information to which the parties have previously

agreed, specifically as it relates to Plaintiffs and pre-dates February 26, 2004.


Dated: April 25, 2006

_David A. Felice_

Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE  19801
Telephone:  (302) 295-2000
Facsimile:  (302) 295-2013
*Attorneys for Plaintiffs*


Of counsel:
Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2000
Facsimile:  (215) 665-2013

WILM1\34459\1153371.000

## **CERTIFICATE OF SERVICE**

I, David A. Felice, do hereby certify that on April 25, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

William W. Bowser
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Randy Papetti
Cory Talbot
Emily Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, AZ  85004

_____
David A. Felice (#4090)