# *Exhibit 2*

**From:** Cates, Emily [mailto:ECates@lrlaw.com]
**Sent:** Monday, April 24, 2006 4:48 PM
**To:** Bellew, Sean; Whittenburg, Mark (GE Indust, GE Fanuc)
**Cc:** Papetti, Randy; Talbot, Cory; Patrick, SherryAnn; Weinzweig, David
**Subject:** Conference Call Highlights

Sean

I'm writing to confirm the highlights of our conference call today with Mark Whittenburg regarding the GE Fanuc subpoena. We agreed that if Mr. Whittenburg does not hear from either of us about a mutual agreement on these issues, he will, by 5:00 EST tomorrow, produce: 1) redacted contracts; 2) 5-6 e-mails; and 3) a total number reflecting the amount of money GE has paid J-Squared, unless he receives an order instructing him not to do so. Accordingly, I agreed not to file a motion for contempt tomorrow. However, I did not agree that Motorola would refrain from seeking further information, as the subpoena is much broader than this information, and as I remember it, you indicated you would object if Motorola decided to seek further information.

I believe your position is that some of the items we have requested are irrelevant to this case and possibly contain confidential business information and that you want to review them first. I indicated that whether you believe this to be the case or not, you lack standing to object to the GE Fanuc subpoena, that the standard for relevance is very broad, and that if you are able to demonstrate that these documents contain confidential information you have a high burden of demonstrating harm to your client in disclosure of this information, especially in light of the protective order already in place in this case. Also, I indicated that your objections do not relieve Mr. Whittenburg of his obligation to comply with the subpoena.

We left things that you would contact your clients to discuss the three items described above, and if they did not agree to Mr. Whittenburg's production of those items, you would file a motion for protective order, which you said would stay Mr. Whittenburg's obligation to comply with the subpoena. I indicated that we are running out of time, noted our expert's disclosure deadline and the upcoming summary judgment deadline, and said that Motorola would likewise be forced to file a motion to compel as a result of your improper interference with the GE Fanuc subpoena.

I do hope we can resolve this issue and look forward to hearing from you soon.

Emily

Emily S. Cates
Lewis and Roca LLP
40 North Central Avenue
Phoenix, Arizona 85004-4429
Phone: 602-262-5757
Fax: 602-734-3947
ecates@lrlaw.com


----
For more information about Lewis and Roca LLP, please go to www.lewisandroca.com.

Phoenix (602) 262-5311
Tucson (520) 622-2090


4/25/2006

Las Vegas (702) 949-8200
Reno (775) 770-2600
Albuquerque (505) 764-5400

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail by return E-Mail or by telephone.

In accordance with Internal Revenue Service Circular 230, we advise you that if this email contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.