IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br><br>           Plaintiffs,<br>      v.<br>MOTOROLA, INC., a Delaware corporation.<br>           Defendant. | C.A. No. 04-CV-960-SLR |

# EXHIBIT M TO
# MOTOROLA'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

YOUNG CONAWAY STARGATT & TAYLOR, LLP
/s/ William W. Bowser
_____
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

Not Reported in F.Supp.2d                                                                                                   Page 1
Not Reported in F.Supp.2d, 2002 WL 31414138 (D.Del.)
**(Cite as: 2002 WL 31414138 (D.Del.))**

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
CASH TODAY OF TEXAS, INC., et al., Plaintiffs,
v.
Jerome N. GREENBERG, et al., Defendants.
**No. Civ.A. 02-MC-77-GMS.**

Oct. 23, 2002.

*MEMORANDUM AND ORDER*

SLEET, J.

I. INTRODUCTION

*1 This matter stems from litigation currently pending in the United States District Court for the Northern District of Texas [FN1] ("the litigation") between the plaintiffs, Cash Today of Texas, Inc. ("Cash Today"), *et al.* (collectively "the plaintiffs") and the defendants, Easy Money Holding Corporation ("Easy Money"), *et al.* (collectively "the defendants"). The litigation arises from the dissolution of a joint venture between Cash Today and Easy Money. County Bank of Rehobeth Beach, Delaware ("County Bank") is a lender with a past business relationship with one of Easy Money's affiliates and present business relationship with Cash Today. Easy Money has issued and served upon County Bank a subpoena *duces tecum* ("the subpoena") for production of certain documents. County Bank moves to quash the subpoena (D.I.1). For the following reasons, the court will deny County Bank's motion.

    FN1. Civil Case No. 401-CV-0794-A

II. BACKGROUND

The litigation pending in the district court in Texas is a civil racketeering action arising from alleged conduct following the dissolution of a joint venture between Easy Money and Cash Today. Both companies provide short-term credit to individuals through a variety of mechanisms, including what is frequently referred to as a "payday loan." The defendants and the plaintiffs typically act as "servicers" to provide such loans to consumers pursuant to agreements with lenders. County Bank is one such lender. For some period of time, County Bank maintained a servicing relationship with one of Easy Money's affiliates, Tidewater Services, until approximately March 2001, when County Bank terminated the relationship. [FN2] At some later point, [FN3] County Bank entered into a servicing relationship with Cash Today. Easy Money has issued and served upon County Bank the subpoena, which seeks the production of documents relating to transactions and communications between County Bank and Cash Today and other defendants.

    FN2. In October 2001, Easy Money instituted a suit against County Bank and others, alleging a variety of wrongs stemming from this termination. That litigation, Civil Action No. 01-Z-1959 in the United States District Court for the District of Colorado, currently is proceeding through discovery.

    FN3. The precise date seems to be contested.

III. DISCUSSION

County Bank objects to the subpoena for several reasons. It claims: (1) the requested information is not relevant to the litigation; (2) the requested information constitutes confidential information and trade secrets; (3) the subpoena requires the disclosure of statutorily-protected nonpublic personal financial data of borrowers; and (4) the subpoena is unduly burdensome. The court will address these objections in turn.

A. Relevance of the Requested Information

County Bank objects to the subpoena as requesting information that is not relevant to the litigation, pursuant to Federal Rule of Civil Procedure 26. [FN4] Rule 26 allows for discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is given very broad meaning. *Allen v. Howmedica Leibinger, Inc.,* 190 F.R.D. 518,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

521 (W.D.Tenn.1999). This is especially true because determinations of relevance for discovery purposes are made well in advance of trial. Fed. R. Civ. P. 26 advisory committee note. Those facts which, for whatever reason, are not to be considered in determining the ultimate issues may be eliminated in due course. *Hercules Powder Co. v. Rohm & Hass Co.,* 3 F.R.D. 302, 304 (D.Del.1943). Therefore, only if "it is palpable that the evidence sought can have no possible bearing upon the issues" should a court deny discovery by quashing a subpoena. *Id.* Once an objection is raised as to relevancy, the party seeking discovery bears the burden of demonstrating the relevance of the sought information to the issues in litigation. *Andritz Sprout-Bauer v. Beazer East,* 174 F.R.D. 609, 631 (E.D.Pa.1997).

> FN4. Although Rule 26 refers specifically to depositions, subpoenas are governed by the same standards. *See Syposs v. United States,* 181 F.R.D. 224, 226 (W.D.N.Y.1998) ("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."); *Mannington Mills, Inc. v. Armstrong World Indus.,* 206 F.R.D. 525, 529 (D.Del.2002) (detailing relationship between Rules 26 and 45).

*2 In the instant case, Easy Money seeks the disclosure of documents relating to transactions between County Bank and Cash Today and certain of Cash Today's business entities. County Bank contends these documents are irrelevant because its relationship with the plaintiffs began in the Fall of 2001, while the litigation between the plaintiffs and the defendants focuses on acts allegedly committed in the Spring of 2000. However, Easy Money asserts the information is nonetheless relevant to certain claims and affirmative defenses of the litigation, including Cash Today's mitigation of damages. Easy Money claims that these damages may have continued to accrue after the joint venture was severed in the Spring of 2000, well through the time when County Bank concedes it began a business relationship with the plaintiffs. Further, Easy Money alleges that Cash Today may have kept funds that were rightfully the property of the defendants; that Cash Today deposited these funds to County Bank accounts; and that County Bank may act as an alter ego of Cash Today.

Even a cursory review of these allegations, detailed in the defendants' pleadings, reveals the requisite connection between the sought information and the litigation. The subpoenaed documents may provide information regarding damages resulting from Cash Today's alleged breach of contracts, as well as the extent of the plaintiffs' mitigation of damages. Certainly, the evidence sought may have some "possible bearing upon the issues" in the pending litigation. *Hercules Powder Co.,* 3 F.R.D. at 304. The plaintiffs' objection that the information sought is not relevant is not justified.

B. Disclosure of Confidential Information and Trade Secrets

County Bank objects that the subpoena would require the disclosure of confidential information and trade secrets to its competitors. In some contexts, trade secrets are protected from discovery. "It is well established," however, "that trade secrets are not absolutely privileged from discovery in litigation." *Coca Cola Bottling Co. v. The Coca Cola Co.,* 107 F.R.D. 288, 292 (D.Del.1985). To avoid discovery of a trade secret, the party must demonstrate by competent evidence that the information sought is a trade secret and that disclosure of the secret might be harmful. *Id.* (citing *Centurion Industries, Inc. v. Warren Steurer & Associates,* 665 F.2d 323, 325 (10th Cir.1981); 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2043, at 301 (1970)). Information may be deemed a trade secret if it "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure and use [and][i]s the subject of efforts ... to maintain its secrecy." Del.Code Ann. tit. 6, § 2001(4)(a)(2001); *see also Proctor & Gamble Co. v. Nabisco Brands, Inc., et al.,* 111 F.R.D. 326 (D.Del.1986). In determining if disclosure would be harmful, the court must consider "not the injury that would be caused by public disclosure, but the injury that would result from disclosure under an appropriate protective order." *Coca Cola Bottling Co.,* 107 F.R.D. at 293. Disclosure to a competitor is presumed more harmful than disclosure to a non-competitor. *Id.*

*3 If it is established that the sought information constitutes trade secrets and that disclosure would be harmful, the burden shifts to the party seeking discovery to establish that disclosure of the trade secret is relevant and necessary to the litigation. *Id* at 292. Relevance is established, as discussed above, when the sought information is relevant, in broad terms, to the subject matter of the litigation. *Id.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Disclosure of the evidence is considered necessary when the information is required "for the movant to prepare its case for trial, which includes proving its theories and rebutting its opponent's theories." *Id* at 293. If relevancy and need have been established, the court must balance the need for the information with the harm that would be caused if disclosure is ordered. *Id.* This balance tilts in favor of disclosure. *Coca Cola Bottling Co., 107 F.R.D. at 293.* Indeed, "discovery is virtually always ordered once the movant has established that the secret information is relevant and necessary." *Id.* (citing a survey of relevant case law).

In the instant case, County Bank offers an affidavit by its vice president, David Gillan, to establish that the subpoenaed evidence constitutes confidential information and trade secrets. Mr. Gillan states:

> County Bank is one of the pioneers in [its] field, and has expended considerable resources developing and implementing its proprietary means for carrying out [its] business, and developing a qualified network of servicers. County Bank also takes measures to safeguard its proprietary information, including entering into confidentiality agreements with those loan servicers that wish to enter into business with County Bank ..... More importantly, County Bank takes significant measures to safeguard the personal and confidential financial data of its borrowers. These measures include the use of computer passwords and instructions to servicers and employees.

> Aff. of David Gillan ¶ 5, County Bank's Opening Brief, Exhibit E. It is not completely clear from this evidence, the only evidence offered by County Bank to support its position, that the documents sought contain confidential and trade secret material. For example, it has not established that its contracts with loan servicers and other "proprietary information" possess "independent economic value ... from not being generally known." Del.Code Ann. tit. 6, § 2001(4)(a)(2001). County Bank has not sustained its burden of showing that the requested information constitutes trade secrets. Nonetheless, the subpoenaed information may well be confidential in nature. Certainly, County Bank seems to treat its contracts with its loan servicers as confidential. Although the issue is not entirely clear, [FN5] the court, in any event, does not regard a finding of confidentiality as controlling, for the reasons set out below.

> FN5. For example, it appears that some of the same types of documents that County Bank now asserts are confidential were submitted in the Colorado litigation between Easy Money and County Bank, without any designation of confidentiality or trade secret protection.

Even assuming the information is confidential in nature, County Bank also must show that harm will flow from disclosure of such information. It does not meet this burden. County Bank asserts merely that "there are very real threats to the integrity of County Bank's confidential operating systems lurking within this Subpoena" and that "this information would be very useful to Easy Money." County Bank's Opening Brief at 7. Nowhere in its briefing does County Bank elaborate about these "threats" supposedly inherent in the subpoena. [FN6] County Bank claims that Easy Money is a competitor (a claim rejected by Easy Money), and the court can well imagine harms that might flow from disclosure of confidential information to a competitor. It is not the court's role to fathom arguments on County Bank's behalf, however, and "blanket and generalized" assertions of confidentiality, absent allegations regarding specific harm, are not sufficient to sustain a motion to quash. *United States v. International Business Machines Corp., 81 F.R.D. 628, 630 (S.D.N.Y.1979)* (assertions that information is "confidential and sensitive" and that disclosure would cause "severe and irreparable injury" not sufficient); *see also In re Rogatory, 144 F.R.D. 272, 276 (E.D.Pa.1992)* ("[T]he mere fact that documents discuss trade secrets does not make them per se undiscoverable...."). Indeed, the party moving to quash "must show, with specificity, that disclosure will work a clearly defined and serious injury to the moving party." *Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enterprises, Inc., 160 F.R.D. 70, 72 (E.D.Pa.1995).* County Bank simply has not done so. For these reasons, County Bank's objection that the subpoena requires the disclosure of confidential or trade secret material is insufficient to support a motion to quash.

> FN6. This is especially striking given County Bank's failure to file a reply brief.

*4 Nonetheless, the court is mindful of County Bank's concern about the disclosure of sensitive or confidential information. For this reason, the court orders the parties to extend the protective order currently in place between the parties to encompass any information gathered pursuant to the subpoena.

C. Disclosure of Non-Public Financial Information of Borrowers

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00960-SLR   Document 129-14   Filed 05/11/2006   Page 5 of 5

Not Reported in F.Supp.2d                                                                                                                Page 4
Not Reported in F.Supp.2d, 2002 WL 31414138 (D.Del.)
**(Cite as: 2002 WL 31414138 (D.Del.))**

County Bank objects to the subpoena as requiring the production of confidential personal financial information of its borrowers, in contravention of 12 C.F.R. § 332. Section 332.10 limits the disclosure by banks and other financial institutions of nonpublic personal information to nonaffiliated third parties absent a consumer "opt out" notice. 12 C.F.R. § 332.10. Section 332.15(a)(7) of the same title, however, expressly allows for disclosure of nonpublic personal information "[t]o comply with a properly authorized ... subpoena or summons." 12 C.F.R. § 332.15(a)(7)(ii). Disclosure for purposes of the instant subpoena clearly is exempted from the opt-out requirements designed to protect consumer financial information. County Bank's objection to the subpoena per 12 C.F.R. § 332 is unfounded.

D. Burden of Complying

Finally, County Bank objects to the subpoena as unduly burdensome. Federal Rule of Civil Procedure 45 directs a court to quash or modify a subpoena "if it ... subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). In determining if compliance with the subpoena would create an undue burden, the court should consider not only the potential burden to the producing party, but the necessity of the information for the party seeking production, and whether the information can be obtained from other, more convenient sources. Allen, 190 F.R.D. at 525. In this undue burden inquiry, nonparties are afforded "special protection." Exxon Shipping Co. v. United States Dept. of Interior, 34 F.3d 774, 779 (9th Cir.1994).

In the instant case, the subpoena as issued would appear to create a substantial burden on County Bank, a nonparty to the litigation. The subpoena may require the production of over 20,000 individual loan files, as well as certain other documents. The burden of locating and copying such documents would fall on County Bank's staff of five people. Were the inquiry to end here, the court may well have found an undue burden. The defendants, however, in keeping with their statutory mandate "to take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena," Fed. R. Civ. P. 45(c)(1), have proposed conditions that would dramatically lessen the burden on County Bank. For example, Easy Money has offered: (1) to accept computer disks or reports summarizing the relevant documents; and (2) to conduct an on-site, supervised inspection of the relevant documents and to copy them at its own expense. Subject to these sorts of terms, the burden of complying with the subpoena is substantially reduced such that the burden is not "undue."

*5 In this undue burden inquiry, the court also is mindful of the apparent necessity of the information and the absence of alternative sources. The subpoenaed information relates to the defenses and counterclaims of the defendants. The records of the financial transactions between County Bank and Cash Today may provide the defendants with evidence of Cash Today's failure to mitigate damages, or the damages resulting from any breach of contract on Cash Today's part. To paraphrase Judge Hand, then, unless County Bank is required to respond to the subpoena, the defendants will be unable to learn whether the plaintiffs have done them a wrong. Grasselli Chemical Co. v. National Aniline & Chemical Co., 289 F. 379, 381 (S.D.N.Y.1920). In addition, it does not appear, and the parties have not alleged, that such information can be provided by any other source. For these reasons, the court finds that whatever burden County Bank will encounter in complying with the subpoena is necessary and, as tempered by certain conditions discussed above, not undue.

III. CONCLUSION

For the aforementioned reasons, IT IS HEREBY ORDERED that:
1. County Bank's motion to quash the subpoena *duces tecum* (D .I. 1) is DENIED.
2. Counsel for County Bank and the defendants shall confer and, within 20 days of the date of this order, extend the protective order currently existing in the litigation to incorporate the information contemplated by the subpoena.

Not Reported in F.Supp.2d, 2002 WL 31414138 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:02MC00077 (Docket) (Jul. 15, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.