IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br><br>      Plaintiffs,<br>  v.<br>MOTOROLA, INC., a Delaware corporation.<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-CV-960-SLR<br>)<br>) |

# EXHIBIT O TO
# MOTOROLA'S RESPONSE TO PLAINTIFFS'
# MOTION FOR PROTECTIVE ORDER

     YOUNG CONAWAY STARGATT & TAYLOR, LLP
     /s/ William W. Bowser
     ―――――――――――――――――――
     William W. Bowser (Bar I.D. 2239)
     The Brandywine Building, 17th Floor
     1000 West Street
     Wilmington, Delaware 19801
     Telephone: (302) 571-6601; Facsimile: (302) 576-3282
     wbowser@ycst.com
     OF COUNSEL:
     Randy Papetti, Cory A. Talbot, Emily S. Cates
     Lewis and Roca LLP
     40 N. Central Avenue
     Phoenix, Arizona 85004
     Telephone: (602) 262-5311
     Attorneys for Defendant

*oregon*

Exhibit C

MANUFACTURER'S REPRESENTATIVE AGREEMENT

between

MOTOROLA COMPUTER GROUP

and

J-SQUARED TECHNOLOGIES (OREGON) INC.

## TABLE OF CONTENTS

Article I. Definitions..........................................................................................................3
Article II. Appointment and Scope.....................................................................................3
Article III. Representative's Compensation........................................................................3
Article IV. Representative Obligations...............................................................................3
Article V. Motorola Obligations.........................................................................................3
Article VI Confidentiality and Proprietary Rights..............................................................3
Article VII. Term and Termination.....................................................................................3
Article VIII. Dispute Resolution.........................................................................................3
Article IX. General Provisions............................................................................................3

LIST OF EXHIBITS

- EXHIBIT 1: REPRESENTATIVE PRODUCT LIST/COMMISION RATES
- EXHIBIT 2: TERRITORY AND HOUSE ACCOUNT LIST
- EXHIBIT 3: FOREIGN CORRUPT PRACTICES ACT CERTIFICATION
- EXHIBIT 4: PERFORMANCE STANDARDS

THIS AGREEMENT is made and effective on the date of the last signature below by and between Motorola Inc., a Delaware corporation, by and through its Computer Group having an office at 2900 South Diablo Way, Tempe Arizona, United States of America ("Motorola"), and J-Squared Technologies (Oregon) Inc., a Corporation organized under the laws of Oregon, and having an office address of 6700 Southwest 150th Avenue, Suite 307 Beaverton, Oregon 97008 ("Representative").

### Article I. Definitions

1.1   Agreement. "Agreement" means this document and any exhibit, attachment, schedule, addendum, or modification unless the context otherwise indicates.

1.2   Customer. "Customer(s)" means any purchaser of Products from Motorola for end use in the Territory.

1.3   Products. "Products" means those Motorola products and systems that are specifically identified at Exhibit 1.

1.4   Confidential Information. "Confidential Information" means all information which is disclosed in oral, written, graphic, machine recognizable, and/or sample form, and which is clearly designated, labeled or marked as confidential or its equivalent and includes all know-how, designs, drawings, specifications, catalogs, data sheets, sales and technical bulletins, service manuals, mechanical diagrams, and all other information relating to the design, manufacture, use, and service of the Products, including any other information relating to Motorola's business that may be sent to Representative during performance of this Agreement and that is not generally known in the trade.

1.5   Territory. "Territory" is limited to the area or specified accounts identified in Exhibit 2.

### Article II. Appointment and Scope

2.1   Appointment. Subject to the terms, conditions and duration of this Agreement, Motorola appoints Representative as a non-exclusive, independent manufacturer's representative of the Products for end use in the Territory at such prices and upon such terms and conditions as established by Motorola. Representative accepts this appointment and agrees to devote such time and attention to the performance of such duties as may be reasonably necessary. Representative shall not, without Motorola's written authorization, register as Motorola's representative in any country or jurisdiction other than Territory.

2.2   Territory Exclusivity. This appointment is non-exclusive. While it is not currently Motorola's intent, Motorola retains the right to appoint additional sales representatives, agents, distributors or other representative for Products in or for the Territory. Motorola may also at any time sell any Products directly, as identified in Exhibit 1 or by written notice as provided for in paragraph 3.1, or indirectly through any Motorola subsidiary or affiliate without incurring any commission or other payment obligation to Representative of any type or nature. Motorola specifically reserves the House Accounts listed in Exhibit 2 as Motorola direct accounts for which Representative will not be entitled to receive any commission, including cases where a House Account places an order through Motorola's distributors.

2.3   Distribution Outside Territory. Representative will limit its Product sales activities to Customers within the Territory and will not market Products outside the Territory.

2.4    Agents and Subrepresentatives. Representative may not appoint any agent, subrepresentative, or other person ("Sub-Agent") to promote Product sales or to otherwise perform any of Representative's obligations without Motorola's prior written approval and compliance with Motorola's policy for obtaining such approval. Motorola's approval of any such Sub-Agent shall be based upon Motorola's review of information provided by Representative. Any such approval shall not be deemed to create any obligation between Motorola and Sub-Agent. Actions of Sub-Agents shall be the sole responsibility of Representative and Representative agrees to indemnify and hold Motorola harmless against any and all acts, whether unintentional or deliberate, on the part of the Sub-Agent. Prior to furnishing any Product to a Sub-Agent, Representative shall obtain a signed agreement from such Sub-Agent consistent with the terms of this Agreement and shall, among other things, require that the Sub-Agent comply with the United States Foreign Corrupt Practices Act and Motorola's Code of Business Conduct. Sub-Agents will in no event be allowed to describe themselves or advertise themselves as Motorola authorized representatives or distributors.

2.5    Independent Contractor Status. Representative is an independent contractor who will not be considered a Motorola employee, agent or legal representative for any purpose; neither Representative nor any of its directors, officers, employees or agents will be, or will be considered, a Motorola agent or employee. Representative is not granted and will not exercise any right or authority to assume or create any obligation or responsibility on behalf of, or in the name of, Motorola. Specifically, Representative does not have authority, on Motorola's behalf, to: a) contract or make commitments; b) change prices or terms and conditions of sales; c) make warranties, oral or written, express or implied concerning Products; or d) take any action which would result in Motorola's liability for state, federal, or local taxes or any expenses of any kind.

2.6    Operations and Expenses. Representative's detailed operations under this Agreement are subject to the sole control and management of Representative. Except for training as may be provided by Motorola under Section 5.5, Representative is responsible for all its own expenses and employees and for providing, at its own expense, such office space, facilities, and training as may be required to carry out its obligations under this Agreement. Representative will incur no expense chargeable to Motorola, except as specifically authorized in advance in writing by Motorola. Any such chargeable expense shall be documented in accordance and consistent with applicable Motorola policies.

2.7    Noncompetition. Representative will not sell, offer for sale, or act as sales agent for the solicitation of orders for any products that are competitive with any of the Products as defined by Motorola; nor will Representative engage in any activity that may result in a relationship with current or future customers that creates a conflict of interest as defined by Motorola.

## Article III. Representative's Compensation

3.1    Commissions. For services detailed in this Agreement, commissions will be based upon the Net Sales Price of Product for those orders to Motorola from either Motorola's distributors or those direct Customers that are in the Territory, other than Motorola House Accounts. Eligible orders shall be limited to those received by Motorola after the effective date of this Agreement and registered through the Motorola registration system, whether prior or newly registered by Motorola's distributor for indirect orders or new orders prior or newly registered by Representative, through its Motorola contact, for direct orders. Net Sales Price is defined as the:

9.10   Headings. Headings are for convenience of reference only and are not a part of this Agreement, nor will they in any way affect interpretation hereof.

IN WITNESS WHEREOF, Motorola and Representative have caused this Agreement to be executed by their duly authorized employees.

Representative:
J Squared Technologies ( Oregon ) Inc.

_____
(Authorized Signature)
_Jeff Gibson_____
(Typed Name)
_President_____
(Title)
_March 31, 2003._____
(Date)

Motorola Inc., Motorola Computer Group

_____
(Authorized Signature)
_Kevin Preslow_____ Karson Valone
(Typed Name)
_Director WCGD-WGASales____
(Title)
_15th May 2003_____
(Date)

ADDRESS FOR FORMAL NOTICE:
J-Squared Technologies, Inc. _____
4015 Carling Ave, Suite 101 _____
Kanata, Ontario _____
K2K 2A3, Canada _____
Fax No. (613) 592-7051 _____
ATTENTION: Jeff Gibson_____

ADDRESS FOR FORMAL NOTICE:
Motorola Computer Group
2900 S. Diablo Way, DW103
Tempe, AZ 85282 USA

Fax No. (602) 437-6246
ATTENTION: Group Contracts

72 NW Rep Agmt 030328.doc                    14                    Rev. Date 27 March 2003