IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation, | ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 04-CV-960-SLR |
| MOTOROLA, INC., a Delaware corporation. | ) |
| Defendant. | ) |

# EXHIBIT R TO
# MOTOROLA'S RESPONSE TO PLAINTIFFS'
# MOTION FOR PROTECTIVE ORDER

YOUNG CONAWAY STARGATT & TAYLOR, LLP
/s/ William W. Bowser
―――――――――――――――――――――
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

## Cates, Emily

| | |
|---|---|
| **From:** | Cates, Emily |
| **Sent:** | Monday, April 24, 2006 2:07 PM |
| **To:** | 'Bellew, Sean'; 'Whittenburg, Mark (GE Indust, GE Fanuc)' |
| **Cc:** | Papetti, Randy; Talbot, Cory; Weinzweig, David; Patrick, SherryAnn |
| **Subject:** | FW: Conference Call Highlights |

Sean and Mark,

One more thing. Motorola believes that GE Fanuc is still on the hook if J-Squared files a motion for protective order. We therefore disagree with your position, Sean, that your filing of a motion for protective order will stay Mr. Whittenburg's obligation to comply.

Emily

---

**From:** Cates, Emily
**Sent:** Monday, April 24, 2006 1:48 PM
**To:** 'Bellew, Sean'; 'Whittenburg, Mark (GE Indust, GE Fanuc)'
**Cc:** Papetti, Randy; Talbot, Cory; Patrick, SherryAnn; Weinzweig, David
**Subject:** Conference Call Highlights

Sean

I'm writing to confirm the highlights of our conference call today with Mark Whittenburg regarding the GE Fanuc subpoena. We agreed that if Mr. Whittenburg does not hear from either of us about a mutual agreement on these issues, he will, by 5:00 EST tomorrow, produce: 1) redacted contracts; 2) 5-6 e-mails; and 3) a total number reflecting the amount of money GE has paid J-Squared, unless he receives an order instructing him not to do so. Accordingly, I agreed not to file a motion for contempt tomorrow. However, I did not agree that Motorola would refrain from seeking further information, as the subpoena is much broader than this information, and as I remember it, you indicated you would object if Motorola decided to seek further information.

I believe your position is that some of the items we have requested are irrelevant to this case and possibly contain confidential business information and that you want to review them first. I indicated that whether you believe this to be the case or not, you lack standing to object to the GE Fanuc subpoena, that the standard for relevance is very broad, and that if you are able to demonstrate that these documents contain confidential information you have a high burden of demonstrating harm to your client in disclosure of this information, especially in light of the protective order already in place in this case. Also, I indicated that your objections do not relieve Mr. Whittenburg of his obligation to comply with the subpoena.

We left things that you would contact your clients to discuss the three items described above, and if they did not agree to Mr. Whittenburg's production of those items, you would file a motion for protective order, which you said would stay Mr. Whittenburg's obligation to comply with the subpoena. I indicated that we are running out of time, noted our expert's disclosure deadline and the upcoming summary judgment deadline, and said that Motorola would likewise be forced to file a motion to compel as a result of your improper interference with the GE Fanuc subpoena.

I do hope we can resolve this issue and look forward to hearing from you soon.

Emily

5/8/2006

Emily S. Cates
Lewis and Roca LLP
40 North Central Avenue
Phoenix, Arizona 85004-4429
Phone: 602-262-5757
Fax: 602-734-3947
ecates@lrlaw.com

5/8/2006