IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br>                  Plaintiffs,<br>    v.<br>MOTOROLA, INC., a Delaware corporation.<br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 04-CV-960-SLR<br>)<br>) |

# EXHIBIT W TO
# MOTOROLA'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

YOUNG CONAWAY STARGATT & TAYLOR, LLP
/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 115594 (D.Del.)  
(Cite as: 2004 WL 115594 (D.Del.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
D. Delaware.  
MEDTRONIC AVE, INC., Plaintiff,  
v.  
ADVANCED CARDIOVASCULAR SYSTEMS, INC., Defendant.  
Nos. Civ. 98-0080-SLR, Civ. 98-0314-SLR, Civ. 98-0316-SLR.

Jan. 13, 2004.

Karen Jacobs Louden, Philip Henry Bangle, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Patricia Smink Rogowski, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for Plaintiff.

Frederick L. Cottrell, III, Richards, Layton & Finger, Wilmington, DE, for Defendant.

MEMORANDUM ORDER

ROBINSON, J.

*1 IT IS ORDERED that Medtronic AVE's motion for a protective order allowing redaction of limited information from manufacturing process documents (D.I.224) is denied.

1. Medtronic AVE ("Medtronic") filed suit against Advanced Cardiovascular Systems, Inc. ("ACS") on December 18, 1998 alleging patent infringement of U.S. Patent Nos. 5,292,331 and 5,674,278 (the "Boneau patents"), breach of contract, trade secret misappropriation, unfair competition, restoration of property wrongfully acquired, conversion, declaratory relief, and equitable claimss. (See D.I. 1) Specifically, Medtronic alleges that ACS infringes the Boneau patents by manufacturing, using, selling, offering for sale, and importing its Multi-Link stents in the United States. (Id. at ¶ 2) Medtronic also contends that ACS wrongfully acquired and is misusing its stent technology to develop and to patent balloon expandable stents. [FN1] In this regard, Medtronic seeks a declaratory judgment that its Micro Stent II and GFX Stent Delivery Systems do not infringe ACS's patents relating to balloon expandable stents. On March 30, 1998, ACS answered the complaint denying Medtronic's allegation and asserting a variety of affirmative defenses including the "first-to-file" rule, noninfringement, estoppel, invalidity, statute of limitations, laches, and federal preemption. (See D.I. 8) ACS amended its answer on June 15, 1998 to add an additional affirmative defense of inequitable conduct (D.I. 24 at ¶ ¶ 113, 114) and to assert invaldity counterclaims as to the Boneau patents. (D.I. 24 at ¶ ¶ 5, 6) Medtronic denied ACS's invalidity allegations on July 6, 1998 (see D.I. 26) and, on this same day, moved to strike ACS's affirmative defenses and counterclaims. (See D.I. 27) The court denied Medtronic's motion on September 30, 1999. (See D.I. 63)

FN1. AVE holds U.S. Patent Nos. 5,421,955; 5,514,154; and 5,603,721 relating to balloon expandable stents. (Id. at ¶ 3)

2. On August 2, 2000, the court issued a protective order to prevent disclosure of confidential, proprietary, or trade secret information relating to the subject matter of the litigation. (D.I.189) This order limits review of documents designated as "highly confidential" to legal counsel and independent experts only. (Id.) On July 28, 2000, pursuant to this order, ACS produced, without redaction, confidential information about its manufacturing process. (D.I. 228 at 3) Shortly thereafter in teleconference with the court on August 7, 2000, ACS requested Medtronic to provide all documents that Medtronic had previously redacted or withheld relating to: (1) Medtronic's process of manufacturing stent products accused of infringement and for stent products allegedly made in accordance with the Boneau patents; and (2) information that Medtronic redacted relating to "other" matters which Medtronic identified as privileged, or trade secret, or "possibly irrelevant." (See D.I. 194) The court indicated that redactions having to do with the manufacturing process should be disclosed. (Id. at 33, 11. 11-17) By September 2000, however, Medtronic had not provided the redacted information to ACS, thereby leading ACS to schedule a second teleconference with the court on September 6, 2000. (See D.I. 219) The court ordered Medtronic to supply the documents in unredated form notating the portions to be redacted for the court's *in*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 115594 (D.Del.)  
**(Cite as: 2004 WL 115594 (D.Del.))**

Page 2

*camera* review and to provide an explanation of the reasons for redaction to ACS. (*Id.* at 11, 11. 18-21) Medtronic responded by filing the instant motion with the court and providing a representation of the types of documents, as opposed to the actual documents as ordered.

*2 3. Federal Rule of Civil Procedure 26(c) provides various means for the federal courts to protect parties and witnesses during the discovery process. The rule requires parties to confer in good faith to resolve any dispute; and if not successful, any party may apply to the court for relief concerning the dispute. Rule 26(c)(7) provides, in pertinent part:

> For good cause shown, ... the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following ... that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.
> Fed.R.Civ.P. 26(c)(7) (2003).

Nevertheless, "[i]t is well established that trade secrets are not absolutely privileged from discovery in litigation." *Coca Cola Bottling Co. of Shreveport, Inc. v. Coca Cola Co.,* 107 F.R.D. 288, 292 (D.Del.1985). To avoid such discovery, a party must demonstrate by competent evidence that the information sought is a trade secret and that disclosure of the secret might be harmful. *Id.* (citing *Centurion Industries, Inc. v. Warren Steurer & Associates,* 665 F.2d 323, 325 (10th Cir.1981); 8 Wright & Miller, Federal Practice & Procedure: Civil § 2043 (1970)). In determining if disclosure would be harmful, the court must consider "not the injury that would be caused by public disclosure, but the injury that would result from disclosure under an appropriate protective order." *Id.* at 293. To this end, the party seeking the protective order must articulate the injury with specificity. *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir.1994) (quoting *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir.1984)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (quoting *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986)). Moreover, disclosure to a competitor is presumed more harmful than disclosure to a non-competitor. *Coca Cola Bottling Co.,* 107 F.R.D. at 293 (citing *United States v. United Fruit Co.,* 410 F.2d 553, 556 (5th Cir.); 2 R. Milgrim, Trade Secrets § 7.06[1][b] (1984)).

If it is established that the sought information constitutes trade secrets and that disclosure would be harmful, then the burden shifts to the party seeking discovery to establish that disclosure of the trade secret is relevant and necessary to the litigation. *Id.* at 292. Relevance is established when the sought information is relevant, in broad terms, to the subject matter of the litigation. *Id.* Disclosure of the evidence is considered necessary when the information is required "for the movant to prepare its case for trial, which includes proving its theories and rebutting its opponent's theories." *Id.* at 293. If relevancy and need are established, then the court must balance the need for the information with the harm that would be caused if disclosure is ordered. *Id.* This balance typically tilts in favor of disclosure. *Id.* The Supreme Court has recognized that "orders forbidding any discloure of trade secrets or confidential information are rare." Id. (quoting *Fed. Open Mkt. Comm. v. Merrill,* 443 U.S. 340, 362 n. 24, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979). Indeed, "discovery is virtually always ordered once the movant has established that the secret information is relevant and necessary." *Id.* (citing a survey of relevant case law).

*3 4. The court finds that Medtronic has not shown that it would suffer a particularized injury from disclosure of the manufacturing process information under the protective order currently in place between the parties. Medtronic instead alleges that it fears being placed at a competitive disadvantage by disclosure to its competitor ACS. While the court has previously recognized that disclosure to a competitor is likely more harmful than disclosure to a noncompetitor, disclosure to limited persons as in the instant case is not the same as disclosure to Medtronic personnel. The court, therefore, concludes that Medtronic's interests will not be in jeopardy by providing the redacted information to Medtronic's legal counsel and independent experts.

Assuming, *arguendo,* that disclosure would be harmful, the court, neverthless, finds that the manufacturing process documents are relevant and necessary to enable ACS to prepare for trial. ACS must be able to understand Medtronic's manufacturing details, especially the annealing, welding, and electropolishing steps, to access whether the products produced by these processes fall within the scope of its balloon expandable stent patents. In this regard, Medtronic's manufacturing processes directly bear upon the properties of its finished products. The court notes that Medtronic's experts, in fact, offered this very argument in litigation against Cordis to support discovery of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 3
Not Reported in F.Supp.2d, 2004 WL 115594 (D.Del.)
**(Cite as: 2004 WL 115594 (D.Del.))**

details around Cordis's manufacturing processes. (*See* D.I. 229, ex. K at ¶ 12) Medtronic cannot now ignore the protective order it agreed to abide by earlier in the litigation and from which it gleened discovery about ACS's manufacturing processes. Accordingly, the court denies Medtronic's motion for a protective order allowing redaction of limited information from manufacturing process documents.

Not Reported in F.Supp.2d, 2004 WL 115594 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 2005 WL 2867838 (Trial Motion, Memorandum and Affidavit) Medtronic's Reply Post-Trial Brief on Acs's Inequitable Conduct before the U.S. Patent and Trademark Office (Oct. 7, 2005)

• 2005 WL 2867837 (Trial Motion, Memorandum and Affidavit) ACS's Post-Trial Brief in Response to Medtronic's Allegations of Inequitable Conduct (Sep. 19, 2005)

• 2005 WL 2385616 (Trial Motion, Memorandum and Affidavit) Medtronic's Opening Post-Trial Brief on Acs's Inequitable Conduct Before the U.S. Patent and Trademark Office (Jul. 28, 2005)

• 2005 WL 2385720 (Trial Motion, Memorandum and Affidavit) Medtronic's Reply Brief in Support of its Motioin for Judgment as A Matter of Law (Jul. 18, 2005)

• 2005 WL 2385721 (Trial Motion, Memorandum and Affidavit) Medtronic's Reply Brief in Support of its Motion for New Trial Pursuant to Fed.R.Civ.P.59(a) (Jul. 18, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br>     Plaintiffs,<br>   v.<br>MOTOROLA, INC., a Delaware corporation.<br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-CV-960-SLR<br>)<br>) |

**CERTIFICATE OF SERVICE**

  I, William W. Bowser, Esquire, hereby certify that on the 11th day of May 2006, I electronically filed a true and correct copy of the foregoing **Motorola's Response to Plaintiffs' Motion for Protective Order and its accompanying Exhibits** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

    David Allan Felice
    Cozen O'Connor
    Chase Manhattan Centre, 1201 North Market, Suite 1400
    Wilmington, DE 19801

  I further certify that on this 11th day of May 2006, I mailed by United States Postal Service a copy of above-mentioned document to the following non-registered participant:

    Kevin F. Berry
    Cozen O'Connor
    1900 Market Street
    Philadelphia, PA 19103

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

    /s/ William W. Bowser
    _____
    William W. Bowser, Esquire (Bar I.D. 2239)
    1000 West Street
    Wilmington, Delaware 19801
    Telephone: (302) 571-6601
    Facsimile: (302) 576-3282
    Email: wbowser@ycst.com