IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., a | ) | |
| Canadian corporation, and J-SQUARE | ) | |
| TECHNOLOGIES (OREGON) INC., an | ) | |
| Oregon corporation, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 04-CV-960-SLR |
| MOTOROLA, INC., a Delaware corporation. | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| G.L. WILLIAMS ASSOCIATES, INC.; | ) | |
| RT TECHNOLOGY, LLC.; and WEST | ) | |
| COAST REPS, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 06-cv-00114-SLR |
| | ) | |
| MOTOROLA, INC., a Delaware corporation. | ) | |
| Defendant. | ) | |
| | ) | |

# EXHIBIT B TO
# MOTOROLA'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2002208 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
SYNGENTA SEEDS, INC., Plaintiff,
v.
MONSANTO COMPANY, DeKalb Genetics
Corp., Pioneer Hi-Bred International, Inc., Dow
Agrosciences, LLC, and Mycogen Plant Science,
Inc. and Agrigenetics, Inc., collectively d.b.a.
Mycogen Seeds, Defendants.
**No. C.A. 02-1331-SLR.**

Aug. 27, 2004.

Paul M. Lukoff, Prickett, Jones & Elliott,
Wilmington, DE, for Plaintiff.
Richard L. Horwitz, Potter, Anderson & Corroon,
LLP, for Defendants.

MEMORANDUM ORDER

ROBINSON, J.

I. INTRODUCTION

*1 On July 25, 2002, plaintiff Syngenta Seeds, Inc.,
filed a complaint alleging defendants infringed three
of its patents ("BTC I"). (D.I.1) Discovery in the
BTC I action concluded on July 14, 2004, and the
case is scheduled for a jury trial on November 29,
2004. (D.I.228)

As a result of past motions, this court has excluded
allegations regarding plaintiff's product MON863
and refused to allow discovery of pending patent
applications. (D.I.213, 81)

On April 13, 2004, plaintiff filed another complaint
against defendants ("BTC II") for infringement of
United States Patent No. 6,720,488 ("'488 patent"),
which is not at issue in the BTC I litigation. Before
the court is plaintiff's motion to consolidate BTC II

with the BTC I litigation. (D.I.205)

II. BACKGROUND

On December 9, 2003, the United States Patent and
Trademark Office ("PTO") issued a Notice of
Allowance, which allowed the '488 patent to issue
as soon as the issue fee was paid. On April 13,
2004, the PTO issued the '488 patent. The next day
plaintiff filed its BTC II complaint against
defendants alleging infringement of the '488 patent.
The action was filed with this court, Civ. No.
04-228, and marked as related to the BTC I
litigation.

Prior to filing this motion to consolidate, plaintiff
complied with Local Rul 7.1.1 and requested that
defendants consent to the consolidation. Defendants
refused and this pending motion resulted.

Plaintiff alleges that, after the issuance of the Notice
of Allowance, it notified defendants Monsanto and
DeKalb that an additional patent application was
pending and provided them with a copy of the
allowed patent claims and notice. Defendants
contest this assertion and note that the claims of the
'488 patent were not included in discovery or
depositions, including those taken after the PTO
issued the allowance notice. (D.I. 215 at 5)

The '488 patent has the following in common with
the patents at issue in BTC I:
(1) '488 was the result of a continuation patent
application of '100 patent;
(2) It relates to the expression of *Bt* genes in corn;
(3) The specifications for the '100 and '488 patents
are "virtually identical" (D.I.206);
(4) Both the '100 and '488 inventions were created
by the same inventors; and
(5) The '488 patent is terminally disclaimed over the
'100 and '185 patents.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 2

Not Reported in F.Supp.2d, 2004 WL 2002208 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

III. DISCUSSION

Federal Rule of Civil Procedure 42(a) provides this court with authority to consolidate "actions involving a common question of law or fact ... pending before the court." Whether or not to consolidate cases is at the discretion of the district court, but often courts balance considerations of efficiency, expense and fairness. *See United States v. Dentsply Int'l, Inc.,* 190 F.R.D. 140, 142-43 (D.Del.1999). Because the '488 patent involves the expression of *Bt* genes in corn, an interpretation of the patent and any infringement necessarily involves some of the same questions at issue in the BTC I action. At issue in this motion is whether, at this stage in the BTC I litigation, it is too late to consolidate the cases without adding undue delay to an already ripe BTC I case.

> FN1. Plaintiff cites the following commonalities: (1) parties; (2) products at issue; (3) underlying technology; (4) documents/exhibits; (5) legal claim (patent infringement); (6) defendants will likely assert the same defenses; (7) the patent at issue in BTC II shares similarities with the patents at issue in BTC I; and (8) the same people will be witnesses in both actions. (D.I. 206 at 4-5)

*2 Plaintiff argues that consolidating the cases will not prejudice the defendants because the November 29, 2004, trial date can be adjusted, and that consolidation is more efficient because the parties will not have to litigate the same issues twice. Defendants contest consolidation on four grounds: (1) consolidation will complicate the proceedings; (2) will lead to delay and increased costs because the new patent will require discovery on the same level as the discovery that took place in BTC I (notably the discovery went on for more than a year and a half); (3) the consolidation prejudices them because, if plaintiff had disclosed the '488 patent when the notice of allowance was issued, the defendants could have included it in their subsequent discovery; and (4) the efficiency realized through consolidation can be achieved through other means, namely staying the BTC II

action and application of claim preclusion.

The BTC I case is scheduled to go to trial this November. At this point in time, and in light of the courts already tight schedule, the trial date could not be rescheduled without undue delay. In addition, the BTC I case alone is highly complex. Adding another patent to the plaintiff's claims will only increase the case's complexity and make it that much harder for a jury to come to a resolution. For all of these reasons, the court concludes that consolidation of the two cases would be more burdensome than beneficial.

IV. CONCLUSION

Therefore, at Wilmington this 27th day of August, 2004;

IT IS ORDERED that plaintiff's motion to consolidate (D.I.205) is denied.

D.Del.,2004.
Syngenta Seeds, Inc. v. Monsanto Co.
Not Reported in F.Supp.2d, 2004 WL 2002208 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 2385483 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Defendants' Consolidated Renewed Motion for Judgment as a Matter of Law (Jul. 12, 2005)
• 2005 WL 2385625 (Trial Motion, Memorandum and Affidavit) Syngenta Seeds, Inc's Reply Memorandum in Support of its Renewed Motions for Judgment as A Matter of Law, or in the Alternative, for A New Trial (Jul. 12, 2005)
• 2005 WL 2385626 (Trial Motion, Memorandum and Affidavit) Defendants' Monsanto Company and Dekalb Genetics Corp.'s Post-Trial Reply Brief Regarding Inequitable Conduct (Jul. 12, 2005)
• 2005 WL 2385627 (Trial Motion, Memorandum and Affidavit) Defendants Monsanto Co. and Dekalb Genetics Corp.'s Proposed Rebuttal Findings of Fact and Conclusions of Law Regarding Inequitable Conduct Defenses (Jul. 12, 2005)
• 1:02cv01331 (Docket) (Jul. 25, 2002)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3

Not Reported in F.Supp.2d, 2004 WL 2002208 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**


END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation, | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 04-CV-960-SLR |
| MOTOROLA, INC., a Delaware corporation. | ) | |
| Defendant. | ) | |
| | | |
| G.L. WILLIAMS ASSOCIATES, INC.; RT TECHNOLOGY, LLC.; and WEST COAST REPS, INC., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 06-cv-00114-SLR |
| | ) | |
| MOTOROLA, INC., a Delaware corporation. | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, William W. Bowser, Esquire, hereby certify that on the 11th day of May

2006, I electronically filed a true and correct copy of the foregoing **Motorola's Response**

**to Plaintiffs' Motion to Consolidate and its accompanying Exhibits** with the Clerk of

the Court using CM/ECF, which will send notification that such filing is available for

viewing and downloading to the following counsel of record:

David Allan Felice
Cozen O'Connor
Chase Manhattan Centre, 1201 North Market, Suite 1400
Wilmington, DE 19801

I further certify that on this 11th day of May 2006, I mailed by United States Postal Service a copy of above-mentioned document to the following non-registered participant:

Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser

William W. Bowser, Esquire (Bar I.D. 2239)
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601
Facsimile: (302) 576-3282
Email: wbowser@ycst.com