IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation, <br><br>                    Plaintiffs, <br><br>            v. <br><br> MOTOROLA, INC., a Delaware corporation. <br>                    Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   C.A. No. 04-CV-960-SLR <br> ) <br> ) |

# EXHIBIT A TO
# MOTOROLA'S RESPONSE TO PLAINTIFFS'
# MOTION TO AMEND

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
---
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

Westlaw.

Slip Copy                                                                                                                                Page 1

Slip Copy, 2006 WL 1120514 (N.D.Ill.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern Division.
Michelle D. CONNELL and Hi-Tech Beds Systems, Corporation, Plaintiffs,
v.
KLN STEEL PRODUCTS COMPANY, LTD, d/b/a KLN Steel Products Company, and Clark/Blinderman/Knight, LLC, Defendants.
**No. 04 C 0194.**

April 25, 2006.

Philip A. Nicholas, Jason M. Tangeman, Anthony, Nicholas, Tangeman & Yates, LLC, Laramie, WY, James Kenneth Borcia, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, for Plaintiffs.
James J. O'HaganKevin Michael O'Hagan, Daniel B. Meyer, O'Hagan, Smith & Amundsen, L.L.C., Chicago, IL, Robert James Garrey, Jackson Walker, Dallas, TX, Thomas E. Sisson, William B. Nash, Jackson Walker, LLP, San Antonio, TX, Robert A. Auchter, Tashiba Monique Jones, Robbins Kaplan Miller & Ciresi, LLP, Washington, DC, for Defendants.

*MEMORANDUM OPINION AND ORDER*
VIRGINIA M. KENDALL, District Judge.
\*1 Michelle D. Connell and Hi-Tech Beds Systems, Corporation (together "Plaintiffs") bring claims against KLN Steel Products Company, Ltd ("KLN") and Clark/Blinderman/Knight, LLC ("Clark," and together with KLN, "Defendants") for patent infringement and for several supplemental tort claims brought under Illinois law. Defendants have moved to amend their answer both to contest jurisdiction and to add an affirmative defense of 28 U.S.C. § 1498(a) as to the patent infringement claim. The motion is granted in part and denied in part. Defendants may not amend their answer to contest jurisdiction because the parties already briefed the jurisdictional implications of § 1498(a), and the Court correctly ruled against the Defendants. Defendants may amend their answer to add § 1498(a) as an affirmative defense because Defendants have shown "good cause" to amend a pleading at this stage in the proceedings, and it is in the interests of justice to do so in the case here.

*Facts*

The following facts are drawn from Plaintiffs' complaint. Plaintiff Connell is the legal owner of Patent Number 6,611,973 B2, for a mobile space-saving storage sleeper. Complaint at ¶¶ 9, 21. Plaintiff Connell is also the sole shareholder of Plaintiff Hi-Tech Beds Systems Corporation, which markets and sells the bed structure pursuant to a licensing agreement with Plaintiff Connell. *Id.* at ¶¶ 10-11. In 1999, Plaintiffs learned that the Navy planned to develop a barracks at its Great Lakes Recruit Training Center in Illinois (the "Center"). *Id.* at 20. Plaintiffs shared their design with the Navy and with Clark, the contractor constructing the beds at the Center. *Id.* at ¶¶ 22-23.

Plaintiffs allege that KLN, having considerable influence with Navy personnel at the Center, gained access to Plaintiffs' confidential patent information through improper means and then used the information to build a bed equivalent to Plaintiffs' design. *Id.* at ¶¶ 25-33. Plaintiffs allege that they submitted a second design for a bed to Clark and to the Navy, which design KLN also accessed and copied. *Id.* at ¶¶ 35-42. Clark signed Plaintiffs to a contract for the first two new barracks at the Center, but Clark signed KLN to the remaining contracts. *Id.* at ¶¶ 36, 50. Plaintiffs allege that Defendants infringed their patent, improperly misappropriated trade secrets, engaged in unfair business practices and unfair competition, and interfered with Plaintiffs' business relationships. Plaintiffs bring the patent infringement claim pursuant to federal law, and bring the state law

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                 Page 2
Slip Copy, 2006 WL 1120514 (N.D.Ill.)
**(Cite as: Slip Copy)**

claims by supplemental jurisdiction and potentially in diversity.

*Procedural History*

On January 12, 2004, Plaintiffs filed a complaint alleging patent infringement and Illinois actions in tort. *See* Docket No. 1. On July 28, 2004, the magistrate judge entered a scheduling order in the case setting January 12, 2005 as the deadline for amendments to the pleadings. *See* July 28, 2004 Order (no docket number). Throughout 2004, the parties briefed and amended the pleadings and attempted settlement. By early 2005, the parties were in the midst of written discovery. In May 2005, Defendants moved for summary judgment on the patent infringement claim. Defendants asserted that 28 U.S.C. § 1498(a) barred this Court's subject matter jurisdiction because the Court of Federal Claims has exclusive jurisdiction over claims against government contractors. *See* Docket No. 34. The Court granted Plaintiffs' request for additional discovery on the jurisdictional implication of § 1498(a), and Plaintiffs filed their response to the motion for summary judgment at the end of September 2005. *See* Docket Nos. 48, 56, 59.

> FN1. At that time, the case was assigned to a different judge in this district. On January 23, 2006, the case transferred to the present judge as part of the Executive Order creating the judge's initial calendar.

\*2 On December 19, 2005, the Court denied Defendants' motion for summary judgment without prejudice via Minute Order, addressing solely the fact that § 1498(a) is not a jurisdictional bar when raised by a private party government contractor, but rather is an affirmative defense. *See* Docket No. 95. The Court noted that Defendants never asked for leave to file § 1498(a) as an affirmative defense, and that it could not assume that such a motion would be granted, but that Defendants could refile their motion for summary judgment at a later date in the event that leave to amend the answer was granted. On January 6, 2006, Defendants moved to amend their answer to contest jurisdiction under § 1498(a), and to add § 1498(a) as an affirmative defense.

*Motion to Amend to Dispute Jurisdiction*

As part of the Court's December 19, 2005 Minute Order denying Defendants' motion for summary judgment, the Court explained that 28 U.S.C. § 1498(a) is not a bar to subject matter jurisdiction when pled by private parties, but is instead an affirmative defense. *See* Docket No. 95. The Court supported its position with case law from the Federal Circuit. Defendants now reassert their position that this Court lacks subject matter jurisdiction by seeking to amend their answer to contest jurisdiction. Therefore, the Court takes this portion of Defendants' motion as a motion to reconsider the ruling of December 19, 2005. The motion is denied.

Defendants state that there is a "split of authority" on the issue of the Court's jurisdiction to hear a claim implicating § 1498(a) because that statute requires a patentee to seek remedy for infringement "by or for" the United States in the Court of Federal Claims. *See* 28 U.S.C. § 1498(a). Defendants note that the Seventh Circuit has not opined on the subject.

> FN2. Section 1498(a) states:
> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture. Reasonable and entire compensation shall include the owner's reasonable costs, including reasonable fees for expert witnesses and attorneys, in pursuing the action if the owner is an independent inventor, a nonprofit organization, or an entity that had no more

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                         Page 3

Slip Copy, 2006 WL 1120514 (N.D.Ill.)
**(Cite as: Slip Copy)**

than 500 employees at any time during the 5-year period preceding the use or manufacture of the patented invention by or for the United States ... For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.
28 U.S.C. § 1498(a).

The Federal Circuit has exclusive jurisdiction over appeals from patent infringement actions. *See* 28 U.S.C. § 1295(a) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from a final decision of the District Court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title ...") Because Plaintiffs have brought this action in part under 28 U.S.C. § 1338, the action falls under the Federal Circuit's exclusive appellate jurisdiction. *See* Complaint at ¶ 7. The Federal Circuit recently opined on both its exclusive jurisdiction over and the proper interpretation of § 1498(a). In *Madey v. Duke University,* 307 F.3d 1351 (Fed.Cir.2002), the Federal Circuit reversed a district court for incorrectly relying on regional circuit law to determine that it lacked subject matter jurisdiction under § 1498(a). The *Madey* court stated:
[T]he district court relied on the doctrine of jurisdictional facts when, as between private parties, § 1498(a) is not jurisdictional. The district court applied the [regional circuit's] general jurisdictional facts doctrine. **This is error because Federal Circuit law provides the applicable interpretation of § 1498(a). Section 1498(a) applies exclusively to patent law, meaning that Federal Circuit law applies.** One might counter-argue that § 1498(a) is procedural. However, to the extent that § 1498(a) is procedural, it is unique to patent law, which also indicates that Federal Circuit law applies. **Federal Circuit law, under *Crater* and *Manville,* teaches that § 1498(a) is an affirmative defense and is not jurisdictional.** *Crater,* 255 F.3d at 1364, *Manville,* 917 F.2d at 555 & n. 6.

*3 *Madey,* 307 F.3d at 1359 (emphasis added) (citations omitted); *see also Toxgon Corp. v. BNFL, Inc.,* 312 F.3d 1379 (Fed.Cir.2002) *citing Manville Sales Corp. v. Paramount Systems, Inc.,* 917 F.2d 544, 554 (Fed.Cir.1990) (affirming that § 1498 is an affirmative defense for contractors, not a jurisdictional bar). Therefore, Federal Circuit precedent guides the Court's decision in this matter, and the Court affirms the decision of December 19, 2005 that § 1498(a) will not bar this Court's jurisdiction.

While the distinction between jurisdiction and affirmative defense set forth in *Madey* and *Toxgon* may not seem material in light Defendants' representation that all allegedly infringing products were sold to the Navy, the distinction impacts the Court's ability to exercise supplemental jurisdiction over the state law claims brought by Plaintiffs. Were the Court to dismiss the patent claim for lack of subject matter jurisdiction, the Court would then have to examine whether the remaining Illinois state law claims could be brought in this Court independently via diversity jurisdiction. The Federal Circuit addressed just such a concern in *Crater Corporation v. Lucent Technologies, Inc.,* 255 F.3d 1361 (Fed.Cir.2001). In *Crater,* the district court had dismissed a patent infringement claim as lacking jurisdiction under § 1498(a), and then dismissed the supplemental state law claims as lacking diversity. *Id.* at 1363. The Federal Circuit reversed, holding that § 1498(a) was an affirmative defense rather than a jurisdictional bar. *Id.* The Federal Circuit then granted summary judgment to the defendants on the affirmative defense of § 1498(a), but reinstated and remanded the proceedings on the supplemental state law claims. *Id.* Because the district court had original jurisdiction to hear the patent infringement claim on the merits, it thereby could exercise supplemental jurisdiction over the pendant state law claims, even after the patent infringement claim had been adjudicated. *Id.* at 1363, 1369-70.

Like the court in *Crater,* this Court is exercising pendant state court jurisdiction in this matter. While it may be the case that Plaintiffs can establish

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                Page 4

Slip Copy, 2006 WL 1120514 (N.D.Ill.)
**(Cite as: Slip Copy)**

independent jurisdiction for the state law claims through diversity, the correct interpretation of § 1498(a) as an affirmative defense relieves the Court of the need to address issues of diversity. Because of these reasons, the Court affirms the ruling of December 19, 2005 and denies Defendants' motion to amend its answer to contest jurisdiction.

*Motion to Amend the Answer to Add the Affirmative Defense of 28 U.S.C. § 1498(a)*

*Standard of Review*

The parties do not agree on the proper rule of civil procedure governing Defendants' ability to amend its answer at this stage in the proceedings. Defendants move to amend their answer for the second time pursuant to Federal Rule of Civil Procedure 15(a), which permits a party to seek leave of the court to amend a pleading and advises that such leave "shall be freely given when justice so requires." Plaintiffs respond that when a court has set a date beyond which the pleadings may not be amended, as is the case in this matter, all subsequent amendments are governed by Federal Rule of Civil Procedure 16(b), under which a party must show "good cause" for delaying to amend a pleading. Plaintiffs argue that Defendants cannot meet this burden, and that the defense should be considered waived.

*4 As the magistrate judge in this matter entered an agreed scheduling order setting a deadline of January 12, 2005 for amendments to the pleadings, the Court agrees that Rule 16(b) applies to this case. *See Trustmark Ins. Co. v. General & Cologne Life Re of America,* 424 F.3d 542, 553 (7th Cir.2005); *see also Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 849 n. 1 (7th Cir.2002) (analyzing a proposed amendment pursuant to Rule 15(a) in the absence of a proper scheduling order, but advising the district courts to "faithfully follow the strictures of Rule 16(b) in future cases"). Under Rule 16(b), once a scheduling order has been entered and the deadline to amend the pleadings has passed, a party seeking to amend must first show " good cause" for the amendment. *See* Fed.R.Civ.P.

16(b); *Trustmark,* 424 F.3d at 553. Then, if "good cause" has been shown, the party must also demonstrate that the amendment complies with the requirements of Rule 15(a). *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D.Ind.1995), *citing Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992). Rule 15(a) allows the Court to permit amendments freely in the interests of justice, but a Court may exercise its discretion to deny an amendment of the party seeking the amendment has unduly delayed, or if the non-moving party will be unduly prejudiced. *Campania,* 290 F.3d at 849.

*Good Cause*

In order to be permitted to amend a pleading after the deadline set forth in a scheduling order, the party seeking the amendment must show that it had " good cause" for the delay. Fed.R.Civ.P. 16(b). This Circuit has adopted the position of the Ninth Circuit that the "good cause" standard "primarily considers the diligence of the party seeking amendment." *Trustmark,* 424 F.3d at 553, *adopting Johnson,* 975 F.2d at 609.

Although the Motion to Amend was filed long after the date set by the court, Defendants had presented the issue of the scope and impact of § 1498(a) as soon as they became aware during discovery that the impact of § 1498(a) might be that the Court did not have jurisdiction over plaintiff's claims due to the government's role in the contract. If the government had directed the infringement, Defendants were correct in bringing to the Court's attention that the proper place for adjudication of that direct infringement is the Federal Court of Claims. Where the Defendants were wrong, however, was once § 1498(a) was raised as an issue for the Court to address, they chose to raise it solely as the basis for their motion for summary judgment for lack of subject matter jurisdiction. That jurisdictional attack correctly failed and at no point while the motion was pending did Defendants seek to alternatively plead § 1498(a) as an affirmative defense. It was not until the Court ruled against the Defendants on the jurisdictional argument that they sought leave to amend their answer to add § 1498(a)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 5

Slip Copy, 2006 WL 1120514 (N.D.Ill.)
**(Cite as: Slip Copy)**

as an affirmative defense.

*5 The refusal to alternatively plead, on the one hand, could be viewed as a refusal to comply with the Court's imposed deadline for amending pleadings. On the other hand, the issue of the scope and impact of § 1498(a) was being thoroughly briefed and argued before the Court during that same period of time. Nine months after the first filing, the Court ruled that § 1498(a) can only be plead as an affirmative defense. Two weeks after that ruling (and immediately after the holiday break), the Defendants moved the Court for leave to amend their answer to add § 1498(a) as an affirmative defense in accord with that ruling.

Defendants' request would be viewed differently if the scope and impact of § 1498(a) were not being directly litigated before the Court. Had the affirmative defense been one of which all of the parties were unaware and had never been posited as a potential issue to the Court, the situation would certainly be different. Here, Defendants have demonstrated "good cause" to amend under Rule 16(b) because Defendants raised the issue of the application of § 1498(a) to the facts of this case in May 2005. Although it is difficult to see how Defendants could not have been aware of the role of § 1498(a) in their case since they were dealing with a government bidding process to supply the Navy, see Trustmark, 424 F.3d at 553 (questioning diligence of a party that claimed it had no more than a suspicion of the potential need for the amendment, when record revealed that party had suspicion about the potential claim before filing its complaint), Defendants explain the delay of the filing due to extensive briefings on the pleadings followed by delays in the commencement of discovery.

When Defendants filed their motion for summary judgment in May 2005, they placed Plaintiffs on full notice of the potentially direct application of § 1498(a). When the Court declined to rule on the merits of the summary judgment motion, but instead stated via minute order that the pleadings were deficient, Defendants promptly filed a motion for leave to amend the pleadings. While the Court disagrees with Defendants' choice to file a summary judgment motion on the issue of § 1498(a)'s jurisdictional implications only, without pleading the affirmative defense of § 1498(a) in the alternative, the Court finds that Defendants have met the "good cause" standard of Rule 16(b) by explaining the delay up until May 2005, and openly and continuously litigating the merits of § 1498(a) since May 2005.

*Prejudice to the Plaintiff under 15(a)*

Once "good cause" has been shown for a late amendment under Rule 16(b), the Court must consider the application of Rule 15(a). Under Rule 15(a), a Court will grant liberal leave to amend in the interests of justice, but may deny a motion to amend if the moving party has unduly delayed, or if the non-moving party will be prejudiced. *Campania,* 290 F.3d at 849. As discussed above, the Court believes that "good cause" has been shown for Defendants' delay in filing its motion for summary judgment until May 2005. Once the Court ruled on that motion and held that § 1498(a) should be pled as an affirmative defense, Defendants timely moved to amend the pleadings. Therefore, the Court finds that Defendants have not unduly delayed pursuant to Rule 15(a).

*6 Plaintiffs argue that they will be prejudiced by the proposed amendment, because they may need additional discovery on the issue of § 1498(a) and the trial will be delayed. On the basis of the statements of Plaintiffs' counsel at the April 19, 2006 hearing, however, the Court understands that Plaintiffs fully briefed the application of § 1498(a) to the facts of this case as part of the previously filed summary judgment motions.

Even if one or both parties missed the potential application of § 1498(a) at the outset of this case, both parties have both been on notice of this legal theory since May 2005. The Court gave Plaintiffs an additional five months of discovery on this particular issue before requiring Plaintiffs to respond to the summary judgment motion. After the Court denied the motion for summary judgment on subject matter jurisdiction in December 2005, the parties have continued fact discovery until the present, both parties being aware that the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                      Page 6
Slip Copy, 2006 WL 1120514 (N.D.Ill.)
**(Cite as: Slip Copy)**

application of § 1498(a) remained in dispute.

Because the government's direct infringement of the patent could be a complete affirmative defense to liability under § 1498, it is therefore in the interest of justice to address that claim now and potentially resolve this issue on summary judgment or at a bare minimum refine the factual issue that may be presented to a jury. For example, Defendants' arguments in the briefs on this proposed amendment imply that the Court will be able to decide easily the factual issue of the application of § 1498 due to the fact that Defendants allege that all of the beds at issue were made for the Navy. However, recent cases on the application of the affirmative defense of § 1498(a) suggest that proof of the Government's "authorization and consent" to the infringement (and hence the contractor's defense to liability) depends on more than mere proof of purchase by the Government. The Government's use of a product is with "authorization and consent" if the Government "either expressly or impliedly consent[ed] to the infringement." *Madey v.. Duke University,* 413 F.Supp. 20 601, 607 (M.D.N.C.2006); *see also Applera Corp. v. MJ Research Inc.,* 311 F.Supp.2d 293, 298 (D.Conn.2004). In order to determine consent, the *Madey* court suggested examining, among other things, the language of the contract, and also the instructions of the contracting officers, specifications and drawings impliedly sanctioning the infringement, and whether the Government had "knowledge" of the infringement. *Id.* at 609. The Court has not reviewed the prior summary judgment briefs in detail; however, the Court acknowledges at this stage that examining the claim on § 1498(a) at the summary judgment stage does not necessarily mean that no genuine issue of material fact exists regarding this issue.

*Potential Transfer to the Court of Federal Claims*

As no dispositive motions are pending at this time, it is not appropriate for the Court to now review the facts of this case with respect to 28 U.S.C. § 1498(a). Nonetheless, the Court is mindful that if the facts suggested by these pleadings prove the allegedly infringing products were made at the request of the United States, then one or both parties should seek to join the United States as a party and request a transfer of the patent infringement portion of this case to the Court of Federal Claims. A court may transfer a case at its discretion if it is "in the interests of justice." 28 U.S.C. § 1404(a). In this case, the briefings by both parties suggest there may be a serious question as to whether the United States is the proper ultimate defendant in this matter. By the terms of § 1498(a), the "owner's remedy" for infringement "by or for" the United States is in the Court of Federal Claims. Should it be likely that the alleged infringement in this case was "by or for" the United States, it is in the interests of justice both that Plaintiffs recover damages for infringement if such recovery is warranted, and that Defendants be absolved of liability if they are in fact government contractors who committed infringement on behalf of the government. Given that this case is more than two years old and discovery is about to close, it is also in the interests of justice that this case be transferred intact so as not to cause either party more expense.

*7 In light of this possibility, the Court will entertain a motion by Plaintiffs to join the United States as a party and/or transfer the case to the Court of Federal Claims under 28 U.S.C. § 1404(a), thereby preserving the work done by both parties, who are near the close of discovery in this matter, but also furthering the interests of justice by ensuring that the proper parties be liable. *See Manville Sales Corp. v. Paramount Systems, Inc.,* 197 F.2d 544, 555 n. 8 (concluding that the district court should not have dismissed a § 1498(a) claim on jurisdictional grounds, but instead "could properly have entertained a timely motion to add the government as a party and transfer the case to the Claims Court.") Should Plaintiffs decide to continue their cause of action before this Court, the Court will also consider a motion to extend discovery and reset trial if Plaintiffs can show that more discovery on the issue of the application of § 1498(a) is warranted.

*Conclusion*

For the reasons set forth above, Defendants' motion

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                             Page 7

Slip Copy, 2006 WL 1120514 (N.D.Ill.)
**(Cite as: Slip Copy)**

to amend the answer to contest jurisdiction is denied. Defendants' motion to amend the answer to add the affirmative defense of 28 U.S.C. § 1498(a) is granted. The parties are directed to appear for a status on May 1, 2006 to inform the Court as to whether further discovery is necessary, whether any dispositive motions will be filed, and whether any motion to transfer will be filed.

N.D.Ill.,2006.
Connell v. KLn Steel Products Co., Ltd.
Slip Copy, 2006 WL 1120514 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 740311 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response and Opposition to Defendants' Motion to Compel 30(b)(6) Deposition of Plaintiff Hi-Tech Bed Systems Corporation (Feb. 28, 2006)
• 2006 WL 740310 (Trial Motion, Memorandum and Affidavit) Motion to Compel 30(b)(6) Deposition of Plaintiff Hi-Tech Beds Systems Corporation (Feb. 24, 2006)
• 2006 WL 740308 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion to Strike (Feb. 2, 2006)
• 2006 WL 740309 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply in Support of Plaintiffs' Motion for Protective Order Regarding Plaintiffs' Attorneys (Feb. 2, 2006)
• 2006 WL 427405 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Plaintiffs' Motion for Protective Order (Jan. 31, 2006)
• 2006 WL 427403 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Plaintiffs' Motion to Schedule Markman Hearing, Final Discovery Cutoff Dates and a Final Trial (Jan. 10, 2006)
• 2006 WL 427404 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to KLN Steel Products, Ltd.'s Motion to Compel Responses to Interrogatories (Jan. 10, 2006)
• 2005 WL 3708783 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Support of Plaintiffs' Response to Defendants' Motion re Objection to the Disclosure of Their Confidential Information to Plaintiffs' Patent Prosecution Firm (Nov. 10, 2005)
• 2005 WL 3286256 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendants' Motion re Objection to the Disclosure of their Confidential Information to Plaintiff's Patent Prosecution Firm (Oct. 5, 2005)
• 2004 WL 2818720 (Trial Pleading) Plaintiffs' Answer to Defendants' Counterclaims (Apr. 1, 2004)
• 2004 WL 2818718 (Trial Pleading) Answer, Affirmative Defenses, and Counterclaims (Mar. 5, 2004)
• 1:04cv00194 (Docket) (Jan. 12, 2004)
• 2004 WL 2818716 (Trial Pleading) Complaint (Jan. 5, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.