IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation, <br><br> Plaintiffs, <br><br> v. <br><br> MOTOROLA, INC., a Delaware corporation. <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   C.A. No. 04-CV-960-SLR <br> ) <br> ) <br> ) |

# EXHIBIT F TO
# MOTOROLA'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant



Cory A. Talbot
40 North Central Avenue
Phoenix, Arizona 85004-4429

Direct Dial: (602) 262-5362
Direct Fax: (602) 734-3905
CTalbot@lrlaw.com
Admitted in: Arizona

Our File Number: 23897-00071

November 17, 2005

**Via Facsimile and U.S. Mail**

David Felice, Esq.
Cozen O'Connor
1200 N. Market Centre
Chase Manhattan Centre, Suite 1400
Wilmington, DE 19801

Re:   *J-Squared Technologies, Inc., et al. v. Motorola, Inc.*, C.A. No. 04-960-SLR:
      Your letter of November 11, 2005

Dear David:

You raise a host of issues—some old and some new—in your letter. Hopefully the following will put your concerns to rest. I will follow your numerical format so that our responses will be clear.

To the extent this letter does not, in your view, adequately resolve the issues you have raised, I propose that we set up a conference call either Friday November 18 or Monday November 21 to determine whether we can come to an agreement on these issues before the Thanksgiving holiday. I am generally available on the 18th and available prior to 3:00 p.m. EST on the 21st.

**Privilege Log**

1.   You ask us to produce unredacted versions of those documents with ID numbers 9, 18, 19, 20, and 25 that were previously produced with redactions. I will address these on a document-by-document basis:

   - MOT001478-79 [ID no. 9] & MOT00998-99 [ID no. 18]: The redacted portions of these documents are communications to and from attorneys John Garner and Randy Papetti. Even apart from work product then, they are subject to the attorney-client privilege and will not be produced.

   - MOT001000 [ID no. 19]: This document was produced in its entirety on October 21, 2005. For your convenience, another copy is enclosed.

   - MOT001231 [ID no. 20]: This document is enclosed. We are not waiving any privilege in providing this document.

**LEWIS AND ROCA**
—LLP—
LAWYERS

David Felice, Esq.
November 17, 2005
Page 2

- MOT01507-09 [ID no. 25]: One additional section of this document will be unredacted and is enclosed. The remaining redacted portions, however, are communications to and from attorneys John Garner and Randy Papetti. Even apart from work product then, they are subject to the attorney-client privilege and will not be produced.

To the extent you were asking for anything else in this section of your letter, please advise and I will provide you with additional information.

2. You request production of documents with ID numbers 5, 6, 10, and 13 based on your view that counsel's request for unprivileged documents does not make the requested documents privileged. Again, I will address the documents individually:

- MOTJ00190-195 [ID nos. 5 & 6]: These documents are enclosed.

- MOT00769-70 [ID no. 10]: This e-mail string contains communications to attorney Barry Medintz and a request for analysis from him. Even apart from work product then, the document is subject to the attorney-client privilege and will not be produced.

- MOT00880-93 [ID no. 10]: This spreadsheet was attached to the privileged e-mail MOT00879. That e-mail requests that various Motorola employees provide information to complete the attached spreadsheet and indicates that the spreadsheet is being prepared at the request of Motorola's legal counsel. The spreadsheet is not mere data—it constitutes an analysis undertaken at the request of counsel in anticipation of potential litigation. It is, accordingly, privileged and not subject to production.

- MOT00909-22 [ID no. 10]: This spreadsheet was attached to the privileged e-mail MOT00908. That e-mail indicates that the attached spreadsheet has been prepared for Motorola's legal counsel. The spreadsheet is not mere data—it constitutes an analysis undertaken at the request of counsel in anticipation of potential litigation. It is, accordingly, privileged and not subject to production.

- MOT00938-56 [ID no. 10]: This spreadsheet was attached to the privileged e-mail MOT00934-37. That e-mail indicates that the attached spreadsheet has been prepared for, and at the request of, Motorola's legal counsel. Moreover, the e-mail explains that the spreadsheet was revised with counsel's input. The spreadsheet is not mere data—it constitutes an analysis undertaken at the request of counsel in anticipation of potential litigation. Further, the

1686869.1



David Felice, Esq.
November 17, 2005
Page 3

spreadsheet incorporates the advice of counsel. It is, accordingly, privileged and not subject to production.

- MOT00862 [ID no. 13]: This document is enclosed.

- MOT00865-78 [ID no. 13]: This spreadsheet was attached to the privileged e-mail MOT00864. That e-mail requests that various Motorola employees provide information to complete the attached spreadsheet and indicates that the spreadsheet itself is being prepared at the request of Motorola's legal counsel. The spreadsheet is not mere data—it constitutes an analysis undertaken at the request of counsel in anticipation of potential litigation. It is, accordingly, privileged and not subject to production.

- MOT00898 [ID no. 13]: This document is enclosed.

- MOT00966-83 [ID no. 13]: This spreadsheet was attached to the privileged e-mail MOT00961-65. That e-mail indicates that the attached spreadsheet has been prepared for, and at the request of, Motorola's legal counsel. Moreover, the e-mail explains that the spreadsheet was revised with counsel's input. The spreadsheet is not mere data—it constitutes an analysis undertaken at the request of counsel in anticipation of potential litigation. Further, the spreadsheet incorporates the advice of counsel. It is, accordingly, privileged and not subject to production.

3.  Document MOTJ00563 is enclosed.

**<u>Discovery Deficiencies</u>**

1.  You request that we produce documents between April 2004 and December 2004. I take it that you are referring to documents between April 2003 and December 2003. Looking at our electronic production alone, we have produced over 3,300 pages of documents that were generated during this timeframe.

Still, to address your concerns, we have revisited our efforts at production. So far, this has not resulted in the discovery of any additional documents. Should we be able to locate additional responsive documentation that is reasonably accessible, we will provide it (subject to the objections we have previously raised). Regarding the particular individuals named in your letter, here is the information we have:

- <u>Kevin Parslow</u>: Mr. Parslow left Motorola in April 2004. When he left, he retained his computer but thereafter deleted the Motorola files and no longer has the computer. Any hard documents he had regarding J-Squared

1686869.1



and the manufacturer's representative program were transferred to others at his departure and provided with our initial production.

- <u>Wendy Vitorri</u>:  We have confirmed that Ms. Vitorri has no responsive documents.

- <u>Paul Holt</u>:  Mr. Holt left Motorola in October 2004.  Prior to his departure, he confirmed that he had no documents regarding J-Squared or the other manufacturer's representatives.  Mr. Holt was virtually uninvolved with either of the J-Squared entities after June 2003 as a result of a change in his job function.  Also, shortly after that time (approximately one year prior to his departure from Motorola), Mr. Holt began using a different computer than he had used previously when working with J-Squared.

- <u>Nina Guibor Lockhart</u>:  Ms. Lockhart left Motorola in March 2004.  Her data was transferred to others at her departure and was provided with our initial production.

2. Our supplemental response to JST interrogatory number 7 will be provided tomorrow.

3. You ask that these supplemental responses be provided immediately.  We will do so by Tuesday next week (our client contact on this issue has been out of the country) and can send the supplemental responses electronically, as well, to avoid delay.

4. A copy of the G9 policy requested is enclosed.

5. As you can see from the handwriting, this document was not pulled from a computer system—it was a hard copy.  We have produced the entirety of the document that was available in the file.  A complete copy of this same e-mail may also be found at MCG010490-91.

6. The summary information has already been produced at MCG007841-45.

7. These have been produced.

8. Please identify the documents by document number you wish to have in color and we will provide them if possible.

Hopefully this resolves your concerns.

If not, again, I propose that we discuss this on November 18 or 21 to determine whether we can agree on any outstanding issues.

1686869.1


LEWIS
AND
ROCA
—LLP—
LAWYERS

David Felice, Esq.
November 17, 2005
Page 5

I look forward to hearing from you.

Best regards,

Cory A. Talbot

CAT/CAT
cc:  Kevin F. Berry
     Sean Bellew
     William Bowser

1686869.1