IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br><br>           Plaintiffs,<br><br>   v.<br><br>MOTOROLA, INC., a Delaware corporation.<br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-CV-960-SLR<br>)<br>) |

# EXHIBIT K TO
# MOTOROLA'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

Page 1

1              Volume:    I

2              Pages:    1 - 268

3              Exhibits: 110

4    IN THE UNITED STATES DISTRICT COURT

5       FOR THE DISTRICT OF DELAWARE

6    ------------------------------------x

7    J-SQUARED TECHNOLOGIES, INC.,

8    a Canadian corporation and

9

10   J-SQUARED TECHNOLOGIES (OREGON)

11   INC., an Oregon corporation,

12              Plaintiffs,

13      v.

14   MOTOROLA, INC., a Delaware corporation,

15              Defendant.

16   ------------------------------------x

17       VIDEOTAPED DEPOSITION of KEVIN PARSLOW, a

18   witness called for examination by the

19   Plaintiffs, taken pursuant to the Applicable

20   Provisions of the Delaware Rules of Civil

21   Procedure, before Laurie K. Langer, Registered

22   Professional Reporter and Notary Public in and

23   for the Commonwealth of Massachusetts, at the

24   offices of Bingham McCutchen, LLP, 150 Federal

COPY

1  Q.  And I guess based on, I guess, that longwinded
2      answer you just provided me, you, you're
3      communicating to me that you weren't astonished
4      at all that you weren't copied on these e-mails,
5      that doesn't shock you?
6  A.  No.
7  Q.  As a matter of fact, I think it would be your
8      expectation that you would not be copied on
9      them?
10 A.  Unless I was expecting an action or I asked
11     people to confirm a date or something that
12     happened, and the only reason I would do that
13     was if I had experience of people not carrying
14     out instructions, then, no, I would not expect
15     to do it.  David Bensted was not one of my
16     employees.
17 Q.  This is -- obviously, you talked about the fact
18     that you covered a lot of different bases there
19     with Motorola and whatnot; a directive to put
20     the manufacturers reps contracts on hold, I
21     mean, that would have been a significant
22     decision on your part, would it not have been?
23 A.  I would say that's just something in the general
24     operation for business.  I mean, at this time I

Page 137

```
 1          can't recall how many rep contracts we had
 2          signed.  This is April 2003.  I don't know how
 3          many we had signed.  If you remember we talked
 4          earlier on that probably February, I can't
 5          remember now, February 2003 was about the time I
 6          started to take hold, I was probably doing some
 7          level of due diligence on where we were.  So I
 8          wouldn't think it's anything dramatic here.
 9   Q.     Okay.  Well, you had said that at least by
10          January 14, '03 you were in the director's
11          position?
12   A.     Right.
13   Q.     Because that would be consistent with this
14          previous e-mail --
15   A.     Right.
16   Q.     -- that was dated on that date?
17   A.     Okay.
18   Q.     Do you want to clarify your answer?
19   A.     Well, no, I'm not entirely sure; can you repeat
20          your question.
21   Q.     I was -- actually, your answer was that this was
22          part of, that this was consistent with your just
23          getting involved with this piece of the --
24   A.     No, I was speculating that was the case.  What I
```