IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br><br>            Plaintiffs,<br><br>    v.<br><br>MOTOROLA, INC., a Delaware corporation.<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-CV-960-SLR<br>)<br>)<br>) |

# EXHIBIT O TO
# MOTOROLA'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

*Cerode*

Exhibit A

# MANUFACTURER'S REPRESENTATIVE AGREEMENT

between

MOTOROLA COMPUTER GROUP

and

J-SQUARED TECHNOLOGIES

1

J2 Rep Agmt 25 nov.doc                    Rev. Date 13 December 2001

TABLE OF CONTENTS

Article I. Definitions...........................................................................................................3
Article II. Appointment and Scope ......................................................................................3
Article III. Representative's Compensation .........................................................................5
Article IV. Representative Obligations ................................................................................7
Article V. Motorola Obligations...........................................................................................9
Article VI Confidentiality and Proprietary Rights .............................................................10
Article VII. Term and Termination ....................................................................................11
Article VIII. Dispute Resolution .........................................................................................13
Article IX. General Provisions ...........................................................................................13

LIST OF EXHIBITS

- EXHIBIT 1: REPRESENTATIVE PRODUCT LIST/COMMISION RATES
- EXHIBIT 2: TERRITORY AND HOUSE ACCOUNT LIST

obligations hereunder, delays in transportation, and inability to obtain necessary labor, supplies, or manufacturing facilities.

9.4  Severability. Subject to the provisions of Paragraph 7.2D above, the illegality or unenforceability of any provision of this Agreement will not affect the validity and enforceability of any legal and enforceable provisions hereof.

9.5  Nonassignment. This Agreement will be binding on and inure to the benefit of the successors and assigns of the business interests of Motorola and may be assigned by Motorola only to the acquirer of substantially all of Motorola's assets in conjunction with such an acquisition. Representative will not sell, assign, delegate, or otherwise transfer any of its rights or obligations hereunder without the prior written consent of Motorola.

9.6  Language. The English language version of this Agreement will govern and control any translations of the Agreement into any other language.

9.7  Applicable Law. This Agreement will be construed, enforced, and performed in accordance with the internal laws of Arizona, U.S.A. without reference to principles of conflicts of laws and specifically excluding the UN Convention of the Sale of Goods with respect to any purchases hereunder. Use of Arizona law shall apply exclusively to this Agreement.

9.8 Non-Solicitation. During the term of this Agreement and for a period of eighteen (18) months following the expiration or termination of this Agreement, neither party or its successors and assigns will encourage or solicit any employee to leave the employ of the other without written approval; the foregoing does not prohibit mass media advertising not specifically directed towards any particular employee of the other party.

99  Waiver. Motorola's failure to require Representative's performance of the provisions herein will not operate as a waiver of Motorola's right to request strict performance of the same or like provisions, or any other provisions hereof, at a later time.

910  Headings. Headings are for convenience of reference only and are not a part of this Agreement, nor will they in any way affect interpretation hereof.

IN WITNESS WHEREOF, Motorola and Representative have caused this Agreement to be executed by their duly authorized employees.

| Representative:<br>J-Squared Technologies, Inc. | Motorola Inc., Motorola Computer Group |
|---|---|
| (Authorized Signature) | (Authorized Signature) |
| By: Jeff Gibson | Dennis McCarthy |
| (Typed Name) | (Typed Name) |
| CEO | General Manager (Acting) |
| (Title) | (Title) |
| November 28, 2002 | Dec 5th 2002 |
| (Date) | (Date) |

ADDRESS FOR FORMAL NOTICE:  
J-Squared Technologies, Inc.  
4015 Carling Ave, Suite 101  
Kanata, Ontario  
K2K 2A3, Canada  

Fax No. (613) 592-7051  
ATTENTION: Jeff Gibson

ADDRESS FOR FORMAL NOTICE:  
Motorola Computer Group  
2900S. Diablo Way, DW103  
Tempe, AZ 85282 USA  

Fax No. (602) 438-6246  
ATTENTION: Group Contracts

15

J2 Rep Agmt 25 nov.doc

Rev. Date 13 December 2001