IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MOTOROLA, INC., a Delaware corporation.<br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　C.A. No. 04-CV-960-SLR<br>)<br>)<br>) |

# EXHIBIT P TO
# MOTOROLA'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

*organ* [signature]

*Exhibit C*

MANUFACTURER'S REPRESENTATIVE AGREEMENT

between

MOTOROLA COMPUTER GROUP

and

J-SQUARED TECHNOLOGIES (OREGON) INC.

TABLE OF CONTENTS

Article I. Definitions..................................................................................................3
Article II. Appointment and Scope ..........................................................................3
Article III. Representative's Compensation ............................................................3
Article IV. Representative Obligations ...................................................................3
Article V. Motorola Obligations ...............................................................................3
Article VI Confidentiality and Proprietary Rights...................................................3
Article VII. Term and Termination...........................................................................3
Article VIII. Dispute Resolution................................................................................3
Article IX. General Provisions .................................................................................3

LIST OF EXHIBITS

- EXHIBIT 1: REPRESENTATIVE PRODUCT LIST/COMMISION RATES
- EXHIBIT 2: TERRITORY AND HOUSE ACCOUNT LIST
- EXHIBIT 3: FOREIGN CORRUPT PRACTICES ACT CERTIFICATION
- EXHIBIT 4: PERFORMANCE STANDARDS

Article IX. General Provisions

9.1   Entire Agreement. This Agreement represents the entire agreement between the parties and supersedes all prior discussions, agreements, and understandings of every kind. No modification of this Agreement will be effective unless in writing and signed by both parties. Any and all side letters or supplementary agreements not specifically added to this agreement by amendment or addendum shall be of no effect whatsoever.

9.2   Notices. All notices under this Agreement will be in English and will be in writing and given by certified mail, overnight courier, or telefax (acknowledged by answerback) addressed to the parties at the addresses immediately below their respective signatures hereto, or to such other address of which either party may advise the other in writing. Notices will be deemed given when sent.

9.3   Force Majeure. Neither party will be in default hereunder by reason of any failure or delay in the performance of any obligation under this Agreement where such failure or delay arises out of any cause beyond the reasonable control and without the fault or negligence of such party. Such causes will include, without limitation, storms, floods, other acts of nature, fires, explosions, riots, war or civil disturbance, strikes or other labor unrest, embargoes and other governmental actions or regulations that would prohibit either party from ordering or furnishing Products or from performing any other aspects of the obligations hereunder, delays in transportation, and inability to obtain necessary labor, supplies, or manufacturing facilities.

9.4   Severability. Subject to the provisions of Paragraph 7.2D above, the illegality or unenforceability of any provision of this Agreement will not affect the validity and enforceability of any legal and enforceable provisions hereof.

9.5   Nonassignment. This Agreement will be binding on and inure to the benefit of the successors and assigns of the business interests of Motorola and may be assigned by Motorola only to the acquirer of substantially all of Motorola's assets in conjunction with such an acquisition. Representative will not sell, assign, delegate, or otherwise transfer any of its rights or obligations hereunder without the prior written consent of Motorola.

9.6   Language. The English language version of this Agreement will govern and control any translations of the Agreement into any other language.

9.7   Applicable Law. This Agreement will be construed, enforced, and performed in accordance with the internal laws of Arizona, U.S.A. without reference to principles of conflicts of laws and specifically excluding the UN Convention of the Sale of Goods with respect to any purchases hereunder. Use of Arizona law shall apply exclusively to this Agreement.

9.8   Non-Solicitation. During the term of this Agreement and for a period of eighteen (18) months following the expiration or termination of this Agreement, neither party or its successors and assigns will encourage or solicit any employee to leave the employ of the other without written approval; the foregoing does not prohibit mass media advertising not specifically directed towards any particular employee of the other party.

9.9   Waiver. Motorola's failure to require Representative's performance of the provisions herein will not operate as a waiver of Motorola's right to request strict performance of the same or like provisions, or any other provisions hereof, at a later time.

9.10   Headings. Headings are for convenience of reference only and are not a part of this Agreement, nor will they in any way affect interpretation hereof.

IN WITNESS WHEREOF, Motorola and Representative have caused this Agreement to be executed by their duly authorized employees.

Representative:
J Squared Technologies ( Oregon ) Inc.

_____
(Authorized Signature)
Jeff Gibson
(Typed Name)
President
(Title)
March 31, 2003
(Date)

Motorola Inc., Motorola Computer Group

_____
(Authorized Signature)
Kevin Preslow         Karson Malone
(Typed Name)
Director W&D-WDaSpes
(Title)
15th May 2003
(Date)

ADDRESS FOR FORMAL NOTICE:
J-Squared Technologies, Inc. _____
4015 Carling Ave, Suite 101 _____
Kanata, Ontario _____
K2K 2A3, Canada _____
Fax No. (613) 592-7051 _____
ATTENTION: Jeff Gibson _____

ADDRESS FOR FORMAL NOTICE:
Motorola Computer Group
2900 S. Diablo Way, DW103
Tempe, AZ 85282 USA

Fax No. (602) 437-6246
ATTENTION: Group Contracts

J2 NW Rep Agmt 030328.doc        14        Rev. Date 27 March 2003