OAO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

J-Squared Technologies Inc.,
J-Squared Technologies (Oregon) Inc.,

**SUBPOENA IN A CIVIL CASE**

v.

Case Number:[1]   1:04 CV-00960-SLR

Motorola, Inc.

TO:   Paul W. Pocalyko, CPA
      Parente Randolph
      1880 John F. Kennedy Blvd.
      17th Floor
      Philadelphia, PA 19103

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*See* Exhibit A hereto.

| PLACE | DATE AND TIME |
|---|---|
| c/o William Bowser, The Brandywine Building, 17th Floor, 1000 West Street, Wilmington, Delaware 19801 | May 29, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* William W. Bowser   Attorney for Defendant, Motorola, Inc. | May 15, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William Bowser, Young Conaway Stargatt & Taylor, LLP, Attorney for Defendant
The Brandywine Building, 17th Floor, 1000 West Street, Wilmington, Delaware 19801

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | | |
|---|---|---|
| DATE | 5/15/06 | PLACE  1880 JF KENNEDY BLVD, 17TH FL, PHIL PA 19103 |
| SERVED  PARENTE RANDOLPH | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| LOVISHA LOVE-DIGGS | | By HAND AT 1:40 PM |
| SERVED BY (PRINT NAME) | | TITLE |
| JOHN A GARBER | | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   5/15/06
                  /DATE

SIGNATURE OF SERVER

PARCELS INC
ADDRESS OF SERVER

230 N MARKET ST, WILM DE 19801

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# **Exhibit A**

1) List all documents or records you considered relating to J-Squared Technologies, Inc.; J-Squared Technologies (Oregon), Inc.; and Motorola, Inc., including reports, studies, deposition testimony, pleadings, correspondence, and written discovery generated in this litigation. Include Bates numbers where appropriate.

2) Your entire file related to *J-Squared Technologies, Inc., et al. v. Motorola, Inc.*, C.A. No. 04-960-SLR, including all notes, reports, and draft reports generated by you or on your behalf, all correspondence between you and plaintiffs or plaintiffs' counsel, all e-mails between you and plaintiffs or plaintiffs' counsel, all fee and retention agreements related to your involvement in this matter as an expert witness, and all billing statements and/or invoices relating to work performed by you relating to this matter, whether hard copy or electronic format.

3) All literature, reports, and studies you considered in reaching your opinion regarding the plaintiffs' alleged damages in this litigation, including, but not limited to, any and all literature and studies concerning lost profits or damages.

4) Transcripts of all testimony identified in Exhibit A of your March 10, 2006, Expert Report in *J-Squared Technologies, Inc., et al. v. Motorola, Inc.*, C.A. No. 04-960-SLR.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J-SQUARED TECHNOLOGIES, INC., a Canadian corporation, and J-SQUARE TECHNOLOGIES (OREGON) INC., an Oregon corporation,<br>　　　　　　　　Plaintiffs,<br>　　v.<br>MOTOROLA, INC., a Delaware corporation.<br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 04-CV-960-SLR<br>)<br>) |

**<u>CERTIFICATE OF SERVICE</u>**

　　　　　I, William W. Bowser, Esquire, hereby certify that on the 15th day of May 2006, I electronically filed a true and correct copy of the foregoing **Subpoena In A Civil Case Directed to Paul W. Pocalyko, CPA, Parente Randloph**, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

　　　　　　　　David Allan Felice
　　　　　　　　Cozen O'Connor
　　　　　　　　Chase Manhattan Centre, 1201 North Market, Suite 1400
　　　　　　　　Wilmington, DE 19801

　　　　　I further certify that on this 15th day of May 2006, I mailed by United States Postal Service a copy of above-mentioned document to the following non-registered participant:

　　　　　　　　Kevin F. Berry
　　　　　　　　Cozen O'Connor
　　　　　　　　1900 Market Street
　　　　　　　　Philadelphia, PA 19103

　　　　　　　　YOUNG CONAWAY STARGATT & TAYLOR, LLP

　　　　　　　　/s/ William W. Bowser
　　　　　　　　―――――――――――――――――――――
　　　　　　　　William W. Bowser, Esquire (Bar I.D. 2239)
　　　　　　　　1000 West Street
　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　Telephone: (302) 571-6601
　　　　　　　　Facsimile: (302) 576-3282
　　　　　　　　Email: wbowser@ycst.com