IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., a | ) | |
| Canadian corporation, and J-SQUARE | ) | |
| TECHNOLOGIES (OREGON) INC., an | ) | |
| Oregon corporation, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 04-CV-960-SLR |
| MOTOROLA, INC., a Delaware corporation. | ) | |
| Defendant. | ) | |

# EXHIBIT H TO
# MOTOROLA'S MOTION TO STRIKE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

DATED:      May 22, 2006

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax: (613) 231-4605

Examination No. 06-0288.4          Court File No. CA 04-960-SLR

                                        (District of Delaware)

IN THE UNITED STATES DISTRICT COURT

B E T W E E N:

    J-SQUARED TECHNOLOGIES, INC., a Canadian Corporation, and

    J-SQUARED TECHNOLOGIES (OREGON) INC., an Oregon Corporation

                                              PLAINTIFFS

                    - and -

        MOTOROLA, INC. A DELAWARE CORPORATION

                                              DEFENDANT

            *********************

DEPOSITION OF JEFFREY GIBSON, pursuant to an appointment

made on consent of the parties to be reported by

Cornell•Catana Reporting Services, on March 23, 2006,

commencing at the hour of 9:14 in the forenoon.

            *********************

# COURT COPY

APPEARANCES:

Sean J. Bellow                        for the Plaintiffs

Randy Papetti and Emily S. Cates      for the Defendant

        This Examination was taken down by sound recording
            by Janice West at Ottawa, Ontario, Canada.

149

```
                         BY MR. PAPETTI:
 1
 2   768.        Q.   Have you ever seen Exhibit 140 before?
 3               A.   Yes.
 4   769.        Q.   What do you recognize it to be?
 5               A.   It is the report put together by the
 6   Forensic Accounting Service that Cozen O'Connor asked to
 7   put together on the J-Squared cases with Motorola.
 8   770.        Q.   If you go to Page 3 of that Report, there's
 9   a heading, Cases for Analysis.  Do you see that?
10               A.   Yes.
11   771.        Q.   It says, "The Analysis and Opinions included
12   in this Report are based primarily upon representations
13   provided by the Clients, schedules prepared by the
14   clients, and interviews with the client's personnel
15   familiar with the financial data information.  Do you
16   see that?
17               A.   Yes.
18   772.        Q.   Did you have discussions with the people
19   from Parente Randolph who prepared this Report?
20               A.   Yes.
21   773.        Q.   Roughly how many discussions?
22               A.   Three I think -- two or three.
23   774.        Q.   Any in person?
24               A.   No.
25   775.        Q.   All telephonic?
26               A.   Over the telephone, yes.
```

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON    K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax: (613) 231-4605

150

1   776.          Q.   Was there also e-mails exchanged between you

2        and them?

3               A.   Yes.

4   777.          Q.   It refers to interviews with the client's

5        personnel.  Are you aware of anyone else at J-Squared

6        that Parente Randolph talked to?

7               A.   No.

8   778.          Q.   Do you believe they talked to anyone else at

9        J-Squared besides you?

10              A.   No.

11  779.          Q.   On any of the phone calls you were on with

12       them, was anyone else from J-Squared with you?

13              A.   I don't believe so, no.

14  780.          Q.   It says, "Based primarily upon

15       representations provided by the client, schedules

16       prepared by the client."

17       Did you prepare some schedules for Parente Randolph to

18       consider?

19              A.   Yes, I put an Excel Spreadsheet together --

20       a couple of Excel Spreadsheets together.

21  781.          Q.   Is that Exhibit 139?

22              A.   Let me just look here.

23  782.          Q.   Do you have Exhibit 139 in front of you?

24              A.   Yes.  I'm just looking at it.

25  783.          Q.   Let me ask you -- did you ---

26              A.   Yes.  This would be what I gave them.

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                     1-800-893-6272                     Fax: (613) 231-4605

151

751.        Q.  At some point, did you -- I'm moving forward
in time a little bit.  At some point, did you come to
understand that there is a commission discrepancy
regarding the J-Squared Motorola Agreement on the
Raytheon Account?  Do you recall that?
            A.  I don't think it was -- there was no
discrepancy.

752.        Q.  Well J-Squared thought it was entitled to
additional commissions than Motorola ---
            A.  No.  J-Squared thought it was entitled to
the commissions per the contract.

753.        Q.  Correct and Motorola hadn't paid them and
there was some effort to try and figure out what the
problem was?  Do you recall that?
            A.  Yes.

754.        Q.  Do you recall that Motorola ultimately
figured the issue out and paid J-Squared?
            A.  Paid as per the contract.

755.        Q.  Paid as per the contract.  Correct.
Motorola gave as a -- well, I'll just show you.  Get
Exhibit 126 please?  You might read it.  It might
refresh your recollection about the issue even though
you're not copied on the e-mail?
            A.  Okay.

756.        Q.  Ms Blair explains that what Motorola finally

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax: (613) 231-4605

152

1   figured out was that it was the result of receiving a
2   New York Shipping Address on the activity from
3   Motorola's Distributor and she apologized for the length
4   of time it took to resolve it?
5           A.  Well, we're the ones that actually pointed
6   that out to Motorola.  That's what was happening.
7   757.        Q.  Right and Motorola investigated it and it
8   took awhile to figure out?
9           A.  Right.
10  758.        Q.  When she figured out what happened, she cut
11  J-Squared a cheque?  Correct?
12          A.  Correct.
13  759.        Q.  Are you aware of any other accounts covered
14  by the Agreement between J-Squared and Motorola that J-
15  Squared earned a commission on under the Agreement that
16  J-Squared wasn't paid for?
17          A.  Am I aware -- no.
18  760.        Q.  You can't point to any particular account
19  that you believe the commission that J-Squared was paid
20  was less than what J-Squared believes it was owed under
21  the Parties Agreement?
22          A.  No.
23  761.        Q.  Do you have any reason to believe Ms Blair
24  wasn't sincere as to what the confusion was at Motorola
25  as to why they didn't pay this commission properly?

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax:  (613) 231-4605

153

1        A.  I think it's a good thing that J-Squared

2    caught it and brought it to Motorola's attention because

3    they obviously didn't have the internal mechanisms to

4    catch it themselves.

5  762.        Q.  I understand that.  A mistake had been made,

6    whether by the Distributor or by Motorola, but she gives

7    as her reason that it has a New York Shipping Address on

8    it.  Do you have any reason to believe that she wasn't

9    sincere in what she explained to J-Squared?

10        MR. BELLEW:  Objection.                              *O*

11        THE WITNESS:  I mean, I don't know.  I mean I

12    wasn't involved.  Part of these exhibitory I've never

13    seen.  I'm not involved in some of this, so it's ---

14        BY MR. PAPETTI:

15  763.        Q.  That's fine.  You don't have any reason one

16    way or another?  Correct?

17        A.  Sorry?

18  764.        Q.  You don't have any opinion one way or

19    another as to whether she was sincere in the explanation

20    she gives?

21        A.  No.

22  765.        Q.  Did you ever find -- did you ever interact

23    with Ms Blair at all personally during the life of the

24    contract?

25        A.  I don't believe so.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., a | ) | |
| Canadian corporation, and J-SQUARE | ) | |
| TECHNOLOGIES (OREGON) INC., an | ) | |
| Oregon corporation, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 04-CV-960-SLR |
| MOTOROLA, INC., a Delaware corporation. | ) | |
| Defendant. | ) | |

# EXHIBIT I TO
# MOTOROLA'S MOTION TO STRIKE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

DATED:    May 22, 2006

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                          1-800-893-6272                          Fax: (613) 231-4605

Examination No. 06-0288.2          Court File No. CA 04-960-SLR

(District of Delaware)

## IN THE UNITED STATES DISTRICT COURT

B E T W E E N:

J-SQUARED TECHNOLOGIES, INC., a Canadian Corporation, and

J-SQUARED TECHNOLOGIES (OREGON) INC., an Oregon Corporation

PLAINTIFFS

- and -

MOTOROLA, INC. A DELAWARE CORPORATION

DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DEPOSITION OF STEVEN BLOMME, pursuant to an appointment

made on consent of the parties to be reported by

Cornell•Catana Reporting Services, on March 21, 2006,

commencing at the hour of 1:34 in the afternoon.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

APPEARANCES:

Sean J. Bellow                              for the Plaintiffs

Randy Papetti and Emily S. Cates          for the Defendant

This Examination was taken down by sound recording

by Janice West at Ottawa, Ontario, Canada.

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                                      1-800-893-6272                                      Fax: (613) 231-4605

81

1  416.         Q.  So you've known Julie for a time?

2              A.  Yes.

3  417.         Q.  In here, Julie apologizes for the length of

4       time that it's taken to resolve the commission

5       discrepancy.  Do you see that?

6              A.  Yes, I do.

7  418.         Q.  Do these commission discrepancies come up

8       from time to time where a Rep or Sales Person believes

9       they've earned a commission and there's commission not

10      paid on it?

11             A.  For sure.  For sure.

12 419.         Q.  Is that that unusual?

13             A.  Is it unusual?  It happens from time to time.

14

15 420.         Q.  And Julie gives an explanation in here about

16      what caused the confusion on Motorola's end that it was

17      as a result of receiving a New York shipping address on

18      the activity from our Distributor and she goes on to

19      apologize?  Do you see that?

20             A.  Yes.

21 421.         Q.  Do you have any reason to believe that the

22      explanation Julie Blair provided was false?

23             A.  I really know nothing about this or I can't

24      recollect anything about this matter but I wouldn't think

25      that she would make up things.

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax: (613) 231-4605

82

1  422.          Q.  You don't have any reason to believe that

2         what she says ---

3                  A.  No.

4  423.          Q.  Okay.  You can put that one aside if you

5         don't remember anything about it.  Exhibit 126?

6                  MR. BELLEW:  You mean 127.

7                  MR. PAPETTI:  Exhibit 127 please.

8                  **EXHIBIT NO. 127:**  E-mail dated March 2, 2004 from

9         John Marshall to Steve Blomme regarding MCG -

10        Exhibit 4.

11                 THE WITNESS:  Do you want me to read this note?

12                 MR. PAPETTI:  Yes.  Why don't you look at 127

13        particularly the e-mail at the bottom.

14                 THE WITNESS:  Okay, yes.

15                 BY MR. PAPETTI:

16  424.         Q.  Is what you say -- the subject of your e-mail

17        at the bottom to Mr. Mitchell is MCG Exhibit 4 PMW

18        Analysis?

19                 A.  Correct.  Yes.

20  425.         Q.  Was that Exhibit 125?

21                 A.  Yes, yes it is.

22  426.         Q.  Solves that mystery?

23                 A.  Yes.

24  427.         Q.  And you're sending that to Mr. Mitchell for

25        any comments?

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax: (613) 231-4605

91

1    476.          Q.  Where did you get then the revenue year to

2    date figures for the design wins on here?

3              A.  I probably would have looked at Point of Sale

4    Reports.

5    477.          Q.  So you've got Point of Sale Reports?

6              A.  I had access to Point of Sale Reports, yes.

7    478.          Q.  Access to where?

8              A.  Sorry?

9    479.          Q.  I mean, who had the reports that you were

10   given access to?

11             A.  They would have come from the Head Office,

12   from the Main Office -- yes, Julie Blair was copying me

13   for a while but I'm not sure she copied me every time, so

14   I would have ---

15   480.          Q.  So Julie Blair provided you on a regular

16   basis -- or a roughly regular basis the POS Reports for

17   your territory?

18             A.  Correct, correct.

19   481.          Q.  Do you have any reason to believe that J-

20   Squared (Oregon) was underpaid for any commissions it

21   earned during the time the Agreement was in effect?

22             A.  Underpaid for commissions that were due and

23   during the term of the Agreement?

24   482.          Q.  Correct?

25             A.  No, I don't think so.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC., a        )
Canadian corporation, and J-SQUARE     )
TECHNOLOGIES (OREGON) INC., an         )
Oregon corporation,                    )
                          Plaintiffs,  )
            v.                         )        C.A. No. 04-CV-960-SLR
MOTOROLA, INC., a Delaware corporation. )
                          Defendant.   )

# EXHIBIT J TO
# MOTOROLA'S MOTION TO STRIKE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

DATED:      May 22, 2006

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax: (613) 231-4605

Examination No. 06-0288.3              Court File No. CA 04-960-SLR

                                       (District of Delaware)

### IN THE UNITED STATES DISTRICT COURT

B E T W E E N:

    J-SQUARED TECHNOLOGIES, INC., a Canadian Corporation, and

    J-SQUARED TECHNOLOGIES (OREGON) INC., an Oregon Corporation

                                                        PLAINTIFFS

                        - and -


        MOTOROLA, INC. A DELAWARE CORPORATION

                                                        DEFENDANT


            *********************

    DEPOSITION OF CLAUDE LANGLOIS, pursuant to an appointment

    made on consent of the parties to be reported by

    Cornell•Catana Reporting Services, on March 22, 2006,

    commencing at the hour of 9:13 in the forenoon.

            *********************


APPEARANCES:            **COURT COPY**

Sean J. Bellow                              for the Plaintiffs

Randy Papetti and Emily S. Cates            for the Defendant


        This Examination was taken down by sound recording

        by Janice West at Ottawa, Ontario, Canada.

197

BY MR. PAPETTI:

1056.    Q.  And Ms Blair looks into it and says we have
finally determined that it was the result of receiving a
New York Shipping Address on this activity from our
Distributor and apologize for the length of time it has
taken to resolve it?  Correct?

    A.  That is correct.

1057.    Q.  Okay and then she says, one cheque for $1,843
is coming and then another cheque for 66K should be
coming in the next couple of weeks?

    A.  That is correct.

1058.    Q.  Did J-Squared receive those cheques to the
best of your knowledge?

    A.  To the best of my knowledge, it did.

1059.    Q.  Then she gives sort of an excuse about what
the problem was here -- that it was the result of
receiving a New York Shipping Address on the activity
from the Distributor?  Do you see that in the first
paragraph?

    A.  Yes.

1060.    Q.  Do you have any reason to believe that the
excuse she gives is either not accurate or not sincere?

    A.  I don't have any reason to believe that.

1061.    Q.  Are you aware of any other account that ESG -
- excuse me, not ESG -- that J-Squared Canada should have

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax:  (613) 231-4605

200

1       contract expired on December 5 according to its terms?

2       Okay?

3                MR. BELLEW:  Objection.                              *O*

4                BY MR. PAPETTI:

5  1071.          Q.  Do you have any reason to believe that's not

6       correct -- December 5, 2003?

7                MR. BELLEW:  Objection.                              *O*

8                THE WITNESS:  Contract.  I mean, we conducted

9       business as usual with Motorola up until termination.

10               BY MR. PAPETTI:

11 1072.          Q.  So what you're referring to is the fact that

12      for another two and a half months or so, J-Squared

13      continued to make sales efforts and so you think that the

14      180 days should run from the date of the Termination

15      Letter?  Is that what you're saying?

16               MR. BELLEW:  Objection.                              *O*

17               MR. PAPETTI:  Is that what you're saying?

18               THE WITNESS:  I agree with that.

19               BY MR. PAPETTI:

20 1073.          Q.  Okay, what I was asking you before was in

21      terms of any account in which you received a commission

22      on, do you have any reason to believe you were shorted

23      commissions -- you being J-Squared on any account that

24      you served?

25               MR. BELLEW:  During the time that the contract

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax: (613) 231-4605

201

1     was in effect?  Was that ---

2              MR. PAPETTI:  Yes, yes?

3              THE WITNESS:  Other than Raytheon which was

4     corrected?

5              BY MR. PAPETTI:

6   1074.     Q.  Yes, other than Raytheon?

7              A.  No.

8              MR. PAPETTI:  Unless your Counsel has questions,

9     Mr. Langlois, I don't have any further questions so thank

10    you for coming.

11             MR. BELLEW:  I have no questions.

12             MR. COURVILLE:  This concludes the Deposition of

13    Claude Langlois.  The number of tapes used was two.  The

14    original video tapes will be retained by Baseline

15    Communications Incorporated located at 77 Auriga Drive,

16    Ottawa, Ontario, Canada.  The time is now 13:37:40 --

17    going off the Record.

18             --- WHEREUPON THE DEPOSITION ADJOURNED AT THE

19    HOUR OF 1:37 IN THE AFTERNOON.

20             THIS IS TO CERTIFY THAT the foregoing is a true

21    and accurate transcription from the Record made by sound

22    recording apparatus to the best of my skill and ability.

23

24    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

25             Janice West, Court Monitor.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC., a )
Canadian corporation, and J-SQUARE )
TECHNOLOGIES (OREGON) INC., an )
Oregon corporation, )
                    Plaintiffs, )
              v. )        C.A. No. 04-CV-960-SLR
MOTOROLA, INC., a Delaware corporation. )
              Defendant. )

# EXHIBIT K TO
# MOTOROLA'S MOTION TO STRIKE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

DATED:     May 22, 2006

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax: (613) 231-4605

Examination No. 06-0288.1           Court File No. CA 04-960-SLR

                                        (District of Delaware)

### IN THE UNITED STATES DISTRICT COURT

B E T W E E N:

    J-SQUARED TECHNOLOGIES, INC., a Canadian Corporation, and

    J-SQUARED TECHNOLOGIES (OREGON) INC., an Oregon Corporation

                                               PLAINTIFFS

                        - and -


    MOTOROLA, INC. A DELAWARE CORPORATION

                                                DEFENDANT


           \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEPOSITION OF MICHAEL NYKOLUK, pursuant to an appointment

made on consent of the parties to be reported by

Cornell•Catana Reporting Services, on March 21, 2006,

commencing at the hour of 8:44 in the forenoon.

           \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEARANCES:           **COURT COPY**

Sean J. Bellow                              for the Plaintiffs

Randy Papetti and Emily S. Cates            for the Defendant


    This Examination was taken down by sound recording

      by Janice West at Ottawa, Ontario, Canada.

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax: (613) 231-4605

137

```
 1        on?

 2                A.   Yes.  There was one account and I'm not sure

 3        if it was cleaned up but there was one account -- I

 4        think it was Rathion.

 5   764.          Q.   There's an issue with Rathion and the

 6        parties had discussions about that a couple of years

 7        ago?

 8                A.   That's correct, yes.

 9   765.          Q.   Are you aware of any other discrepancy

10        between what J-Squared believes it earned under the

11        Agreement with Motorola and what J-Squared was paid?

12                A.   Yes.

13   766.          Q.   What else?

14                A.   I believe that we earned revenue in a period

15        of time from when our contract was terminated prior to

16        when the renewal should have been put in place.

17   767.          Q.   You're talking about the two and a half

18        months between December 5 when the contract expired on

19        its terms and the Termination Letter that we've been

20        calling it was received in late February?  Is that

21        correct?

22                MR. BELLEW:  Objection.                           *O*

23                MR. PAPETTI:  Is that what you're referring to?

24                MR. BELLEW:  Objection.                           *O*

25                THE WITNESS:  Yes.
```

CORNELL•CATANA REPORTING SERVICES, 800-170 Laurier Ave. W., Ottawa, ON K1P 5V5
Tel: (613) 231-4664                    1-800-893-6272                    Fax: (613) 231-4605

138

BY MR. PAPETTI:

768.     Q.  Any other discrepancies that you're aware of
between what J-Squared believes it earned and what it
was paid?

         A.  No.

769.     Q.  No other accounts that you can think of that
J-Squared believes it was entitled to be paid on?

         A.  No.

770.     Q.  The same answers with respect to J-Squared
(Oregon)?

         A.  Yes, I haven't heard of anything.

771.     Q.  I asked you some questions on whether J-
Squared had ever terminated any lines -- product lines
that -- because it didn't believe it was profitable to
continue representing those lines?  Do you remember
that?

         A.  Yes.

772.     Q.  Have any manufacturers ever terminated J-
Squared or Suppliers ever terminated J-Squared?

         A.  Yes.

773.     Q.  Who?

         A.  Zilog.  I believe that's pretty much it.

774.     Q.  So over the years when we've seen -- in some
of the documents we're looking at some Product Lines
coming and going those are generally because J-Squared

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., a | ) | |
| Canadian corporation, and J-SQUARE | ) | |
| TECHNOLOGIES (OREGON) INC., an | ) | |
| Oregon corporation, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 04-CV-960-SLR |
| MOTOROLA, INC., a Delaware corporation. | ) | |
| Defendant. | ) | |

# EXHIBIT L TO
# MOTOROLA'S MOTION TO STRIKE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

DATED:    May 22, 2006

Page 1 of 1

## Talbot, Cory

| | |
|---|---|
| **From:** | Papetti, Randy |
| **Sent:** | Wednesday, April 05, 2006 5:15 PM |
| **To:** | 'Bellew, Sean'; 'Bowser, William'; Talbot, Cory; Cates, Emily; Patrick, SherryAnn |
| **Subject:** | Expert Issues |
| **Attachments:** | 1725853_1.DOC |

Sean:  Attached is a letter regarding issues related to your clients' expert report.  Some of the issues, I suspect, will not be resolvable except via the Court (though I think we ought to talk about those issues, too), but the other issues go to clarification and documents we need to finish our expert report.  I would appreciate your cooperation in getting us that information to avoid further delay.

I'm gone tomorrow and Friday, but back on Monday.



LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

Randy Papetti
40 North Central Avenue
Phoenix, Arizona 85004-4429

Direct Dial: (602) 262-5337
Direct Fax: (602) 734-3865
rpapetti@lrlaw.com
Admitted in: Arizona

Our File Number: 23897-00071

April 5, 2006

**VIA FACSIMILE**

Sean Bellew, Esq.
Cozen O'Connor
1201 N. Market Street
Chase Manhattan Centre, Suite 1400
Wilmington, DE 19801-1147

      Re:   *Motorola adv. J-Squared*

Dear Sean:

      We have now had the chance to go through your clients' expert report, and the workpapers Mr. Gibson prepared to aid the expert, in some detail and I wanted to raise a few issues and to schedule Mr. Pocalyko's deposition.

      1.    **Issues Related to the 40% Underpayment Allegations.**  Mr. Pocalyko assumes that, when paying both JST and JSO commissions owed under the contracts, Motorola underpaid those entities by 40%. He says that "JST indicated in discussions that the historical commission data was provided to them by Motorola. JST has estimated that the amounts detailed on Exhibit C were underreported by approximately 40 percent." (Report at 5). He makes a similar allegation based on what "JSO has estimated" with respect to JSO. (*Id.* at 6).

      Two points. First, I sincerely am at a loss as to what is the basis for this 40% contention? We talked to Messrs. Gibson, Nykoluk, Langlois and Blomme and my recollection is that none of them had talked to the expert about this issue or claimed to have any personal knowledge about any underpayment of commissions owed to either JST or JSO, other than the Raytheon issue which was resolved two years ago. I realize that, under its interpretation of its agreement, West Coast Reps believes it was underpaid (how much is unclear), but that has to do with a difference of opinion regarding how to interpret WCR's specific agreement – a debate that is irrelevant to the JST and JSO contracts. In sum, the expert's report provides no basis for his 40% calculation other than "discussions" with JST or JSO management and, based on the depositions, it does not appear that JST or JSO management in fact have any idea about this issue. Please provide the evidentiary basis for the expert's calculations. As it is, we have no idea what it is we need to rebut.

      Second, as you know, this allegation of systematic underpayment by Motorola is not pled in the complaint. You have stated that it was uncovered during discovery, but, again, what has been uncovered as to JST or JSO has not been disclosed. Moreover, our position is that it is not



proper to add a new claim to a complaint via including it in an expert report and we object to its inclusion in the case on that basis. If your clients wish to include it, they need to move to amend their complaint.

2.    **The JSO Trailing Commissions Claim.** On pages 5 and 6 of Mr. Pocalyko's report, he explains his methodology for calculating 180 days of commissions after the termination of JSO's contract.

In our mediation brief in February we pointed out to you that your clients' complaint contains no claim for any breach of the 180-day trailing commission provision in the parties' agreement. In fact, the complaint alleges that termination could occur under section 7.2A if JSO failed to perform its obligations, but contested whether there were grounds for terminating the contract based on any failure to perform. Now, apparently, JSO is claiming that 7.2A is irrelevant because of a breach of other provisions that are not mentioned in the complaint and that trailing commissions are due under paragraph 7.3. Again, if JSO wishes to assert a claim that Motorola breached the Agreement by failing to pay trailing commissions due under section 7.3 of the Agreement, it needs to seek leave to add such a claim. But it is not proper simply to add the claim via an expert's report, particularly when we have brought this to JSO's attention and JSO has failed to identify this theory of breach in response to pertinent discovery requests.

3.    **How Much in Total Damages Has the Expert Calculated**?. We need clarification on one aspect of the expert's report. He repeatedly calculates categories of damages, but it is unclear what total amount of damages he has calculated. For example, his Exhibit E, which he titles as a "Summary of Damages – JST and JSO," includes amounts for four different categories of damages. But he never provides an actual total damages figure. Is it JST and JSO's position that the sum total of adding up the categories of damages is what JST and JSO is claiming? Or are some of the damage categories in Exhibit E mutually exclusive, or alternatives to other categories? Please clarify.

4.    **Documents Provided to and Communications With the Expert**. On page 3 of Mr. Pocalyko's report, he states that Exhibit B is a "listing of the documents relied upon." We are entitled to receive a list of all documents he considered, not just relied upon, in coming to his conclusions and preparing his report. *See* FED. R. CIV. P. 26(a)(2)(B) (requiring identification of "the data or other information considered by the witness in forming the opinions"); *id.* Adv. Comm. note (emphasizing the duty to disclose not only the materials relied upon by the expert but also the additional materials the expert considered). It may be that this is a non-issue and that Exhibit B contains all the documents and materials relied upon by the expert, but, given the careful language Mr. Pocalyko used, we need clarification if that is the case.

Similarly, Mr. Gibson testified that he had been having e-mail correspondence with Mr. Pocalyko regarding the case. None of that has been produced. We are entitled to such communications not only under Rule 26, but also under Defendant's Request for Production 15,



which asked for all "communications" sent to any expert JST intends to use in the case. Thus, please gather all communications between anyone at JST or JSO and your expert or his firm and get them to us.

     5.    **GE Fanuc.** In Ottawa we learned more about JST's relationship with GE Fanuc. We have subpoenaed documentation regarding, among other things, how much GE Fanuc has paid JST or its affiliates in order to argue that JST has not been harmed as much as it suggests as a result of its relationship ending with Motorola. We need this information in order to get complete our expert analysis, and I assume your client has it readily available. I would appreciate you providing the information sooner rather than later to avoid any delay in the schedule.

        *        *        *        *        *        *

     I realize your position may differ with ours on the amendment-of-pleadings issues raised in this letter. From a scheduling perspective, my short-term concern is much more on resolving the requests for clarification and additional information regarding Mr. Pocalyko's report so that we can complete our expert's report and get Mr. Pocalyko deposed. Thus, your prompt cooperation in resolving those issues would be greatly appreciated.

     In terms of scheduling, we are going to need a couple additional weeks to disclose our expert's report – until April 27. Is your side agreeable to that? I would like to take Mr. Pocalyko's deposition on April 20, 21 or 25. Please let me know whether those dates work and where you would like to schedule that deposition.

     Thanks.

                      Sincerely,

                      Randy Papetti

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

J-SQUARED TECHNOLOGIES, INC., a )
Canadian corporation, and J-SQUARE )
TECHNOLOGIES (OREGON) INC., an )
Oregon corporation, )
                        Plaintiffs, )
            v.                      )    C.A. No. 04-CV-960-SLR
MOTOROLA, INC., a Delaware corporation. )
                        Defendant.  )

# EXHIBIT M TO
# MOTOROLA'S MOTION TO STRIKE

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601; Facsimile: (302) 576-3282
wbowser@ycst.com
OF COUNSEL:
Randy Papetti, Cory A. Talbot, Emily S. Cates
Lewis and Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 262-5311
Attorneys for Defendant

DATED:      May 22, 2006