IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J-SQUARED TECHNOLOGIES, INC., | : | |
| J-SQUARED TECHNOLOGIES (OREGON) | : | |
| INC., | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 04-960-SLR |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MOTOROLA, INC., | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFFS' RESPONSE TO MOTOROLA'S MOTION TO STRIKE**

Plaintiffs J-Squared Technologies, Inc. ("JST") and J-Squared Technologies (Oregon),

Inc. ("JSO") (collectively, "Plaintiffs") submit this Response to Motorola, Inc.'s ("Motorola" or

"Defendant") Motion to Strike.  In support of this Response, Plaintiffs state as follows:

I.    **INTRODUCTION**

On March 10, 2006, Plaintiffs produced the expert report of Paul W. Pocalyko, CPA.

(See Exhibit "A," Mr. Pocalyco's report).  Mr. Pocalyko's report offers his expert opinions

concerning the damages Plaintiffs suffered as a result of Defendant's conduct.  On May 22,

2006, Defendant submitted its motion to strike certain portions of Mr. Pocalyko's report.

Specifically, Defendant argues that Plaintiffs' expert should not be permitted to opine on (1)

Plaintiffs' claim for damages resulting from Defendant's forty percent (40%) underpayment of

commissions owed to Plaintiffs; or (2) Plaintiffs' claims for damages not specifically authorized

by the Manufacturer's Representative Agreements (the "MRAs") entered into by the parties.

Both of Defendant's arguments are unconvincing and neither warrant striking of any portion of

Mr. Pocalyco's report.

As to Defendant's first contention, Plaintiffs have properly pled, by way of a Motion to Amend their Complaint, that they are seeking damages resulting from Defendant's forty percent (40%) underpayment of commissions owed to Plaintiff. Secondly, to the extent Plaintiffs are without information and/or documentation specifically outlining the exact amounts Plaintiffs were underpaid, such failure is a direct result of Defendant's improper discovery tactics. Finally, despite Defendant's best efforts to prevent Plaintiffs from gaining access to properly discoverable material, Plaintiff has support for its allegation that it is entitled to damages resulting from Defendant's failure to properly compensate Plaintiffs for their commissions under the MRAs.

Defendant's second argument similarly fails. Defendant asserts that Plaintiffs should be precluded from introducing evidence of consequential damages or damages for lost profits based upon certain liability limiting clauses contained in the MRAs. While the MRAs do include liability limiting clauses, they bar Plaintiffs from recovery of certain items of damages only as a result of Defendant's breach of contract. Plaintiffs have several causes of action against Defendant that do permit recovery for consequential damages and lost profits. Specifically, Plaintiffs' claims for promissory estoppel, negligent misrepresentation and breach of implied duty of good faith and fair dealing each entitle Plaintiffs to recover consequential damages and damages for lost profits.

## II.    PLAINTIFFS' CLAIMS FOR DAMAGES RESULTING FROM DEFENDANT'S UNDERPAYMENT OF COMMISSIONS OWED TO PLAINTIFFS ARE RECOVERABLE AND SUPPORTABLE

Defendant asserts that Plaintiff should not be allowed to introduce expert evidence or testimony concerning damages Plaintiffs suffered as a result of Defendant's underpayment of commissions owed to Plaintiffs under the MRAs for two reasons, each of which is flawed. First,

Defendant asserts that Plaintiffs failed to raise this item of damage in their Complaint, their initial disclosures, their written discovery responses or in their representatives deposition testimony, and, therefore, they are barred from seeking compensation at trial.[1]  Second, Defendant states that there is no factual support that such underpayments existed in the first instance.  Neither of these arguments are compelling.

### A.    Plaintiffs Complied With The Pleading Requirements of Rule 8

Defendant's Motion argues that the lack of allegations of entitlement to damages for underpayments of commissions in Plaintiffs' Complaint, disclosure statement, written discovery responses or deposition testimony prohibits Plaintiffs from recovery on this theory.  This argument is misplaced.  Federal Rule of Civil Procedure 8 sets forth the general rules regarding specificity of pleadings.  Under Federal Rule of Civil Procedure 8, litigants are generally required to satisfy only "notice" pleading obligations – that is, they must provide their opponent with fair notice of their claim and the grounds upon which the claim rests.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  Further, a pleader generally meets this obligation by notifying the opponent of the claim and proposed relief to such a degree that the opponent is able to formulate a response.  *Hamilton v. Allen-Bradley Co.*, 217 F.3d 1321 (11th Cir. 2000) (short and plain statement of claim showing entitlement to relief is all that is required; "detail is not the bedrock on which a proper complaint stands").

---

[1] On April 24, 2006, Plaintiffs filed a Motion to Amend their Complaint seeking to add claims for fraud and deceptive trade practices in order that the pleadings may conform to the evidence uncovered to date.  (D.I. 118).  Specifically included in that Motion, Plaintiffs assert that through discovery and in papers submitted to the Court, Defendant concedes that it did not pay certain commissions owed to Plaintiffs until confronted with discrepancies.  (D.I. 118 at 5).  Plaintiff asserts that this failure or refusal to fully compensate Plaintiffs and other representatives provides both direct and circumstantial evidence of Defendant's attempt to defraud its business partners of commissions properly payable under the MRAs.  (D.I. 95 at 22).

Plaintiffs' Complaint met the pleading standards imposed by the Federal Rules. Defendant was aware that Plaintiffs' allegations included Defendant's breach of the MRAs. Included in the MRAs was Defendant's responsibility to pay Plaintiffs commissions for their services. That allegations of underpayments were not spelled out in precise detail in the Complaint does not preclude Plaintiffs from recovery on this theory.

More importantly, at the time Plaintiffs drafted their Complaint they were unaware that Defendant had failed to properly compensate them for their representation of Defendant according to the MRAs. It was only during the course of discovery that Plaintiffs learned that they had suffered this additional component of damages. As such, it would have been impossible for Plaintiffs to have pled this in their Complaint.

As soon as Plaintiffs became suspicious that they had been improperly compensated by Defendant according to the MRAs, Plaintiffs made it clear to Defendant that they would be seeking compensation for this additional component of their damages. Plaintiffs served supplemental discovery on Defendant seeking information and documentation of this failure. Plaintiffs also immediately issued subpoenas to third parties seeking documentation of Defendant's failure to properly compensate them. Finally, Plaintiffs have been forced to move this Court to compel Defendant to answer this additional discovery.[2]

This is not a trial-by-surprise tactic as alleged by Defendant. Rather, as soon as Plaintiffs were on notice that they had suffered this type of damage they expeditiously sought to substantiate it. However, Defendant's baseless discovery objections and assertions of privilege (as more fully described below) have prohibited Plaintiffs from obtaining confirmation of their

---

[2] Plaintiffs' Motion to Compel is fully briefed and remains before the Court.

belief that they were not properly compensated for their representation of Defendant under the MRAs. As Plaintiffs have complied with the pleading and discovery procedures concerning their allegations of damages for underpayment of commissions, Mr. Pocalyco's report and testimony is properly admissible and Defendant's motion to strike should be denied.

**B.     Defendant's Dilatory Discovery Tactics Have Precluded Plaintiffs From Producing the Very Factual Support it Claims Plaintiffs Lack**

As this Court is aware, the parties to this litigation are presently awaiting a ruling on Plaintiff's motion to compel discovery responses from Defendant. Included in the dispute are certain interrogatories and requests for production of documents that are central to Plaintiffs' claims of underpayments on commissions under the MRAs. Factual information concerning the commissions owed and payable to Plaintiffs during the relevant time period are (or should be) maintained by Defendant. Defendant is refusing to provide Plaintiffs with properly discoverable information and documentation and then asking this Court to preclude a proper theory of recovery because Plaintiffs cannot obtain the very documents Defendant is refusing to produce.

Despite the numerous requests to produce this information that preceded Plaintiffs' motion to compel, Defendant has flatly refused to provide Plaintiffs with this information. As such, deciding this issue without affording Plaintiffs the right to have their motion to compel heard would be premature as, if the motion is granted Plaintiff will be able to provide additional support for the underpayments allegations.

**C.     Plaintiffs Have Factual Support For Defendant's Underpayment of Commissions**

The current record lends sufficient factual support for the allegations of underpayments, and in fact, Defendant has had to admit it underpaid JST pursuant to the MRAs. Defendant was

required to pay five percent (5%) commissions to the manufacturer's representatives on all sales (some excluded accounts) within manufacturer's representatives territories.  JST specifically became aware of an underpayment related to sales of Defendant's products in JST's territory to a company known as Raytheon.  JST confronted Defendant regarding the underpayments as to Raytheon, and Defendant admitted that it failed to pay commissions due in an amount of approximately $ 67,000.  Plaintiffs' expert will testify that Defendant's pattern and practice of shorting the manufacturer's representatives on their commissions is evidenced by both historical payment practices and, presumably, factual support wrongfully withheld by Defendant.

## III.    PLAINTIFFS ARE NOT BARRED FROM SEEKING DAMAGES OTHER THAN THOSE SPECIFIED IN THE MRAS

Defendant asserts that the only damages available to Plaintiffs in this action are those specifically authorized by the MRAs.  This is not the case.  Rather, Plaintiffs are entitled to seek any and all damages properly recoverable under each and every cause of action asserted against Defendant.

According to Arizona law, Plaintiff is entitled to consequential damages and lost profits under its non-contractual causes of action.[3]  The Arizona Supreme Court has noted that when tort damages are recoverable, a plaintiff is not limited to the economic damages within the contemplation of the parties at the time the contract was made.  *Rawlings v. Apodaca*, 726 P.2d 565, 577 (Ariz. 1986); *see also* (D.I 145 at 35).  Consequential damages, however, are also recoverable in a negligent misrepresentation claim. *See Standard Chtd. PLC v. Price Waterhouse*, 945 P.2d 317, 346-47 (Ariz. App. Ct. 1996), *RESTATEMENT (SECOND) §*

---

[3] Assuming, *arguendo*, Arizona law applies to all causes of action.  (*See* D.I. 141 at ¶¶ 10-12)

*552B(1)(b).*  Consequential damages include lost profits.  *McAlister v. Citibank (Arizona)*, 829 P.2d 1253, 1257 (Ariz. App. Ct. 1992).

Therefore, even if the liability limitation provisions of the MRAs prohibit Plaintiffs from seeking compensatory damages and lost profits under a breach of contract theory, Plaintiffs are entitled to seek compensation for these damages under their other theories of recovery.  As the liability limiting clauses do not prohibit Plaintiffs from recovering consequential damages and/or lost profits, Plaintiffs' expert report and testimony is properly admissible at trial and Defendant's motion to strike should be denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendant's Motion to Strike be denied.

Dated: June 30, 2006                          */s/ Sean J. Bellew*
                                          Sean J. Bellew (#4072)
                                          David A. Felice (#4090)
                                          Cozen O'Connor
                                          1201 North Market Street, Suite 1400
                                          Wilmington, DE 19801
                                          Telephone: (302) 295-2000
                                          Facsimile: (302) 295-2013
                                          *Attorneys for Plaintiffs*

Of Counsel:
Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

## CERTIFICATE OF SERVICE

I, Sean J. Bellew, do hereby certify that on June 30th, 2006, I electronically filed a

notation of the foregoing with the Clerk of Court using CM/ECF which will send notification of

such filing to the following counsel of record:


William W. Bowser
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Cory Talbot
Lewis and Roca, LLP
40 N. Central Avenue
Phoenix, AZ 85004


/s/ Sean J. Bellew
Sean J. Bellew (#4072)
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

PHILADELPHIA\2634990\1 153371.000